1  BRIAN L. DAVIDOFF (SBN 102654)
   BDavidoff@GreenbergGlusker.com
2  KEITH PATRICK BANNER (SBN 259502)
   KBanner@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS CLAMAN
   & MACHTINGER LLP
4  2049 Century Park East, Suite 2600
   Los Angeles, California 90067
5  Telephone: 310.553.3610
   Fax: 310.553.0687
6
   Proposed General Bankruptcy Counsel for
7  Debtor and Debtor in Possession

8

9                UNITED STATES BANKRUPTCY COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11               SAN FERNANDO VALLEY DIVISION

12

13 | In re:                          | Case No. 1:24-bk-10326-MB

14 | MARCHEY GROUP, INC.,            | Chapter 11

15 |     Debtor and Debtor in Possession. | **EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDER:**

16 |                                  | **(I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL; AND**

17 |                                  |

18 |                                  | **(II) GRANTING RELATED RELIEF**

19 |                                  | [*Declaration of Maruf Bakramov in support of first day motions, filed concurrently herewith*]

20 |                                  | Emergency Hearing
   |                                  | Date:    March 7, 2024
21 |                                  | Time:    1:30 p.m.
   |                                  | Place:   ZoomGov or Courtroom 303
22 |                                  |          21041 Burbank Boulevard
   |                                  |          Woodland Hills, CA 91367
23 |                                  | -Or by ZoomGov:

24 |                                  | Meeting URL:
   |                                  |    https://cacb.zoomgov.com/j/1618554133
25 |                                  | Meeting ID: 161 855 4133
   |                                  | Password: 863908
26 |                                  | Telephone: 1(669)254 5252 or 1(646)828 7666

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**TABLE OF CONTENTS**

**Page**

I.  JURISDICTION AND VENUE ............................................................................. 1

II.  General Background ........................................................................................... 1

III.  The Debtor's Operations ................................................................................... 2

IV.  The Lenders ....................................................................................................... 3

  A.  The Debtor's Analysis of Secured Creditors ......................................... 3

  B.  The Extent of the Security ..................................................................... 5

V.  ARGUMENT ...................................................................................................... 7

  A.  The Court Should Authorize the Debtor to Use Cash Collateral to Pay Its Operating Expenses and Maintain and Preserve the Value of the Estate ...................................................................................................... 7

  B.  The Proposed Budget is Reasonable and Feasible ..................................... 11

  C.  Interim Relief is Appropriate ................................................................... 12

  D.  Statements Pursuant to Local Bankruptcy Rule 4001-2(b) ................. 13

  E.  The Orders Should Be Effective Immediately ...................................... 14

VI.  NOTICE ........................................................................................................... 15

VII.  RESERVATION OF RIGHTS ......................................................................... 15

VIII.  CONCLUSION ................................................................................................ 16

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF AUTHORITIES

| | Page |
|---|---:|

**CASES**

*Chrysler Credit Corp. v. Ruggiere (In re George Ruggiere Chrysler-Plymouth, Inc.)*,
   727 F.2d 1017 (11th Cir. 1984)................................................................. 11

*Fleetwood Services, LLC v. Ram Capital Funding, LLC*,
   2022 WL 1997207 (June 6, 2022) ............................................................. 5

*Gen. Elec. Mortgage Corp. v. S. Vill. Inc. (In re S. Vill., Inc.)*,
   25 B.R. 987 (Bankr. D. Utah 1982) ........................................................... 9

*In re Ctr. Wholesale, Inc.*,
   759 F.2d 1440 (9th Cir. 1985)................................................................... 12

*In re Dynaco Corp.*,
   162 B.R. 389 (Bankr. D. N.H. 1983) ........................................................ 11

*In re First S. Sav. Ass'n*,
   820 F.2d 700 (5th Cir. 1987) ................................................................... 10

*In re Markos Gurnee Partnership*,
   252 B.R. 712 (Bankr. N.D. Ill. 1997) ...................................................... 10

*In re McCombs Properties VI, Ltd.*,
   88 B.R. 261 (Bankr. C.D. Cal. 1988) ...................................................... 10

*In re Mellor*,
   734 F.2d 1396 (9th Cir. 1984)................................................................. 10

*In re Oak Glen R-Vee*,
   8 B.R. 213 (Bankr. C.D. Cal. 1981) ........................................................ 8

*In re Shoot The Moon, LLC*,
   635 B.R. 797 (2021).................................................................................. 5

*In re Tucson Indus. Partners*,
   129 B.R. 614 (B.A.P. 9th Cir. 1991) ........................................................ 8

*Matter of Plaza Family P'ship*,
   95 B.R. 166 (E.D. Cal. 1989) .................................................................. 8

*Matter of Sullivan Ford Sales*,
   2 B.R. 350 (Bankr. D. Me. 1980) ............................................................ 12

*Stein v. United States Farmers Home Administration (In re Stein)*,
   19 B.R. 458 (Bankr. E.D. Pa. 1982)......................................................... 11

*United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assoc. Ltd.*,
   484 U.S. 365, 108 S.Ct. 626 (1988) .................................................... 9, 10

**STATUTES**

11 U.S.C. § 361 ................................................................................................ 9

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

| | |
|---|---|
| 11 U.S,C. § 105 | 1 |
| 11 U.S.C. § 361 | 1, 9 |
| 11 U.S.C. § 363 | 1, 8, 9, 14 |
| 11 U.S.C. § 506 | 14 |
| 11 U.S.C. § 544 | 14 |
| 11 U.S.C. § 545 | 14 |
| 11 U.S.C. § 547 | 14 |
| 11 U.S.C. § 548 | 14 |
| 11 U.S.C. § 549 | 14 |
| 11 U.S.C. § 552 | 7 |
| 11 U.S.C. § 1107 | 1 |
| 11 U.S.C. § 1108 | 1 |
| 28 U.S.C. § 157 | 1 |
| 28 U.S.C. § 1334 | 1 |
| 28 U.S.C. § 1408 | 1 |
| 28 U.S.C. § 1409 | 1 |

**OTHER AUTHORITIES**

| | |
|---|---|
| Fed. R. Bankr. P. 1007 | 15 |
| Fed. R. Bankr. P. 2002 | 15 |
| Fed. R. Bankr. P. 4001 | 1 |
| Fed. R. Bankr. P. 4001 | 13 |
| Fed. R. Bankr. P. 6003 | 14 |
| Fed. R. Bankr. P. 6003 | 14 |
| Fed. R. Bankr. P. 6004(h) | 14 |
| Local Bankruptcy Rule 4001-2 | 13 |
| Local Bankruptcy Rule 9075-1 | 15 |
| O'Toole, *Adequate Protection and Post-Petition Interest in Chapter 11 Proceedings*, 56 Am. Bankr. L.J. 251, 263 (1982) | 9 |

1
2
3

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES**

**BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, ALL PARTIES-IN-**

**INTEREST HEREIN, AND THEIR RESPECTIVE COUNSEL**:

4
5
6
7
8
9
10
11

      Debtor and Debtor in Possession Marchey Group, Inc. (the "Company" or the "Debtor")
hereby submits this motion (the "Motion") and hereby moves for entry of interim and final
orders, substantially in the forms attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u> (respectively, the
"Interim Order" and the "Final Order"), pursuant to sections 105(a), 361 and 363 of title 11 of the
United States Code (the "Bankruptcy Code") and rule 4001 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules"), authorizing the Debtor to use cash collateral in accordance
with the terms of the Debtor's budget attached hereto as <u>Exhibit C</u> (the "Budget"); and (ii)
granting certain related relief.

12
13
14
15

      This Motion is based upon these moving papers, the concurrently filed *Declaration of
Maruf Bakhramov in Support of First Day Motions*, (the "First Day Declaration") the records and
pleadings in this case, the arguments and representations of counsel, and any oral or documentary
evidence presented at or prior to the time of the hearing.

16

**I.**      **JURISDICTION AND VENUE**

17
18
19
20
21
22
23

      The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This
is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The venue of the case is proper pursuant
to 28 U.S.C. §§ 1408 and 1409.  The Debtor consents to the entry of a final judgment or order
with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot
enter a final order or judgment consistent with Article III of the United States Constitution.  The
statutory predicates for the relief requested herein are sections 105(a), 361 and 363 of the
Bankruptcy Code.  Such relief is warranted under Bankruptcy Rule 4001.

24

**II.**      **GENERAL BACKGROUND**

25
26
27

      On March 1, 2024 (the "Petition Date"), the Debtor commenced a voluntary case under
subchapter V of chapter 11 of the Bankruptcy Code.  The Debtor is authorized to operate its
business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

The Debtor is a "reseller" small business whereby consumers order appliance parts through online portals such as Amazon and EBay, and the Company upon receipt of the order, purchases the ordered part from business-to-business distributors and, upon delivery of the product to the Debtor's warehouse, ships the product directly to the consumer.  The Company was built on the foundational belief in democratizing access to appliance parts for the everyday consumers and "DIY" enthusiasts.

The Debtor's business operations, corporate and capital structures, events leading to the chapter 11 filing, and restructuring efforts are described in greater detail in the *Declaration of Maruf Bakhramov in Support of First Day Motions*, (the "First Day Declaration"), which is fully incorporated into this Motion by this reference.

### III.    THE DEBTOR'S OPERATIONS

As detailed in the First Day Declaration, customers of the Debtor are able to identify parts that the Debtor lists for sale through its online seller's portal hosted by Amazon or eBay (a "Seller's Portal") by viewing online the inventory of the Debtor's vendors.  The Debtor utilizes technology and its long-standing relationship with its vendors to link directly with the inventory of its vendors, so that consumers know, in real time, which parts are available for purchase.

The moment a consumer orders a particular appliance part through one of the Debtor's Seller's Portal, the Debtor immediately orders that part from the applicable vendor, which is invoiced and delivered to the Debtor.  The Debtor, in turn, promptly ships the ordered part to the consumer from its warehouse. Once a sale is fully processed by Amazon or eBay, the net proceeds (less applicable fees, charges and loan repayments) are made available to the Debtor through the applicable Seller's Portal and are deposited into the Debtor's bank accounts.  For Amazon, this process can take three (3) to four (4) weeks, as funds are not made available through the Seller's Portal until the return period for a particular item expires.  The Debtor then pays the vendor when funds are available for the invoiced parts within the 30-day payment terms of each invoice.

The Debtor generally does not keep an ongoing inventory of appliance parts other than a limited amount of aftermarket inventory still with the Debtor's after the Debtor's venture into that

space (discussed below), and parts ordered from Critical Vendors that are briefly in the Company's warehouse before being shipped to consumers.

Since the Debtor was founded in 2015, the above-described "reseller" model proved quite successful. Since 2015, the Debtor experienced a year-on-year increase in revenue from $2,072,224 in 2015 to $9,676,450 in 2023.

As the Debtor's business expanded, it ventured into the aftermarket product space, whereby the Debtor began to purchase and hold its own inventory of aftermarket appliance parts for sale. Unfortunately, a significant amount of capital was needed to maintain the Debtor's expansion into the aftermarket product space, and the Debtor experienced a myriad of issues with the overseas manufacturers of such products, including quality control, which affected the Debtor's ability to realize reliable revenue from such products. With the aftermarket product venture consuming much needed cash, the Debtor turned to a series of loans for liquidity, including various "merchant cash advance loans" to support the business.

Although the Debtor has since decided to abandon the aftermarket product space, the exorbitant payments attributable to these loans put a strain on the Debtor's liquidity. Indeed, as of the Petition Date, the Debtor's monthly commitments on such loans totaled nearly $250,000, not including credit card payments and other operational expenses, with many of the lenders automatically withdrawing funds from the Debtor's bank account on a weekly basis. This left the Debtor with insufficient cash to support operations.

The Debtor now seeks to build a chapter 11 plan based solely on the "reseller" business model that has proven to be a profitable and reliable business model for the Debtor since 2015.

IV.    **THE LENDERS**

A.    **The Debtor's Analysis of Secured Creditors**

Of the various loans obtained by the Debtor pre-petition, the Debtor has identified loans with the five lenders set forth in Table 1 below (collectively the "Lenders") backed by a perfected security interest. The Lenders appear to consist of either traditional "all asset" secured loans or loans backed or by the Debtor's receivables as merchant cash advance loans ("MCA Loans"). This analysis is based on the Debtor's and its professionals' review of the applicable loan

1   agreements and further review of Uniform Commercial Code ("UCC") filings maintained by the

2   California Secretary of State.  Because many of the UCC filings do not specifically identify

3   which creditor filed the applicable financing statement (identifying only agents such as

4   "Corporation Service Company"), the Debtor and its professionals have used their best efforts to

5   identify which creditors may have filed such UCC statements based on date of the filing,

6   description of the collateral and other available information.  To the extent the Debtor estimated

7   which Lender filed a UCC statement, it is noted in Table 1 below.

8        In addition to the Lenders, the Debtor has identified several additional loan agreements

9   that purport to contain a pledge of collateral, but the creditors appear to have not filed any UCC

10  financing statement.  These creditors include Goldman Sachs Bank USA, Alliance Funding

11  Group, Fundation Group LLC, and WebBank.  As such, the Debtor has treated them as unsecured

12  creditors for the purposes of this Motion.  To the extent that information is subsequently received

13  verifying that such creditors did properly perfect their security interest, the Debtor will update the

14  Budget to provide for them as wholly unsecured Lenders (unless they can show they have priority

15  over senior secured lender, Amazon, and partially secured junior lender, SellersFunding, as such

16  priorities are discussed below).

17       With regard to senior secured loans of Amazon, Amazon issued three separate loans to the

18  Debtor pre-petition and was the first to file a UCC financing statement against the Debtor.

19  Moreover, the loan documents relating to the Amazon loans specifically authorize Amazon to

20  withdraw funds from the Debtor's Seller's Portals before making net proceeds available to the

21  Debtor.  Not only does Amazon hold a senior perfected lien and controls the availability of funds

22  through the Seller's Portals, but the ability to maintain sales through the Amazon Seller's Portals

23  is vital to the Debtor business – as they generate approximately 85% of the Debtor's revenue.

24  Without the ability to use the Amazon Seller's portals, the Debtor would likely be forced to

25  liquidate.  Therefore, as described below, the Debtor's Budget provides for ongoing contracted

26  for payments to Amazon in the ordinary course.

27       As to the MCA Loans, such loans are structured, in form, as a "sale" of the Debtor's

28  receivables, but the arrangements with the Debtor are in substance loans.  Each of the MCA Loan

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1   Lenders required a pledge of collateral, filed UCC financing statements to perfect repayment

2   obligations[1] and each are paid in regular installments on an outstanding obligation.  Further, each

3   MCA Loan Lender obtained a personal guaranty from the Debtor's principal to support the

4   payment obligations.  These facts, among others, are indicative of a loan, rather than a sale.

5          The Debtor anticipates that certain of the CMA Loan Lenders will attempt to assert an

6   ownership interest over the Debtor's receivables and contend the receivables are not property of

7   the estate.  To the contrary, bankruptcy courts typically treat such MCA Loans as loans in the

8   bankruptcy context.  *See In re Shoot The Moon, LLC,* 635 B.R. 797 (2021) (holding that a

9   "merchant cash advance" was a loan: "[s]imply calling transactions 'sales' does not make them

10  so" because '[l]abels cannot change the true nature of the underlying transactions'"); *Fleetwood

11  Services, LLC v. Ram Capital Funding, LLC,* 2022 WL 1997207 (June 6, 2022) (same).  This

12  conclusion makes practical sense in this chapter 11 case, as the Debtor is the only party that has

13  the ability to operate the company to not only collect receivables due, but to create future

14  receivables that will fund a chapter 11 plan to ultimately pay all Lenders in full.  It is in the

15  interest of the Lenders and all stakeholders to work cooperatively with the Debtor towards that

16  goal.

17         **B.      The Extent of the Security**

18         As the Debtor no longer purchases its own inventory (having ceased its business model of

19  acquiring aftermarket products for later resale), the Debtor's only assets that could possibly be

20  encumbered by the Lenders' loans are limited to the small amount of inventory it has left over, or

21  the inventory briefly at its warehouse before being shipped to customers, and its receivables.  No

22  Lender appears to have a perfected security interest in the Debtor's cash, although, as described

23  above, Amazon controls the proceeds of the Debtor's Seller's Portals hosted by Amazon and

24  deducts loan payments prior to making funds available to the Debtor.

25

26

27  _____

[1] MCA Loan Lender LG Capital Investment filed its UCC financing statement shortly before the bankruptcy filing
28  (within the 90 day preference period) and it is likely avoidable under the Bankruptcy Code.  The Debtor reserves all
    rights to seek avoidance of that UCC filing and treat LG Capital Investment as unsecured in this chapter 11 case.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Based on the Debtor's balance sheet prepared as of the Petition Date, a true and correct copy of which was attached to the Petition [Docket No. 1] (the "Balance Sheet") as of the Petition Date, only Amazon is fully secured, SellersFunding is partially secured, and the balance of the Lenders are wholly unsecured.  Specifically, according to the Balance Sheet, the Company's current assets as of the Petition Date were $363,878 and the balance of the three (3) Amazon loans totaled $184,826.  Thus, for the purposes of the Budget only, the Company calculated SellersFunding as partially secured in the amount of $179,411.36.  This calculation was prepared for the limited purpose of calculating adequate protection payments during the initial 13-week Budget period and the Company reserves all rights to challenge the secured status of any creditor in the chapter 11 case.

**Table 1 – Lenders / Priority**

| Priority | Lender | Outstanding Balance* | Type of Loan | Amount Secured* | Amount Unsecured* | UCC Filing |
|---|---|---|---|---|---|---|
| 1 | Amazon (three loans) | $184,466.64 | Secured | $184,466.64 | $0 | Yes |
| 2 | SellersFunding | $375,000.00 | MCA Loan | $179,411.36 | $195,588.64 | Yes |
| 3 | FundingCircle | $77,641.00 | Secured | $0 | $77,641.00 | Yes (estimated) |
| 4 | New Capital Group | $141,675.00 | MCA Loan | $0 | $141,675.00 | Yes (estimated) |
| 5 | LG Capital Investment | $156,800.00 | MCA Loan | $0 | $156,800.00 | Yes (estimated; possibly subject to avoidance) |

*Estimate calculated as of the Petition Date for the purposes of this Motion and the Budget, only. All are rights reserve to contest the secured status of any creditor in this chapter 11 case.

Although the Debtor's total assets vary from day-to-day, the aggregate of both will not exceed the combined balance of the loans owed to Amazon and Sellersfunding during the 13-week period applicable to the Budget.  Therefore, the Debtor calculates that the balance of the Lenders (other than SellersFunding which is partially secured), will remain wholly unsecured, at least through the Budget period.

In light of the foregoing, the Debtor proposes in its Budget the following treatment of the Lenders for the applicable 13-week period as adequate protection.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

| Priority | Lender | Treatment |
|---|---|---|
| 1 | Amazon (three loans) | Per agreement |
| 2 | SellersFunding | $1,000 per week |
| 3 | FundingCircle | Pro rata portion of $2,000 |
| 4 | New Capital Group | Pro rata portion of $2,000 |
| 5 | LG Capital Investment | Pro rata portion of $2,000 |

The Debtor expects that certain of the Amazon loans will be paid in full during, or shortly after the initial 13-week Budget period. As such, the Debtor intends to adjust its subsequent cash collateral budget accordingly, based on a re-assessment of the extent the Lenders may, or may not be secured and available cash flow[2].

As part of the Budget, in order to make more cash available during the early stage of this chapter 11 case, the Debtor's principal Maruf Bakhramov has elected to defer his entire $15,000 monthly salary for March and defer $8,000 of his monthly salary for April and May (only $7,000 per month has been budgeted for his salary in those months) with such compensation deferred to be paid through subsequent available cash flow or through a chapter 11 plan.

Despite their either partial or fully undersecured status, certain of the CMA Loan Lenders have taken pre-petition actions against the Debtor to collect their debts, including New Capital Group and LG Capital Investments. Such actions included sending letters to the Debtor's various contract Debtor's account debtors demanding that they direct any payment due to the Debtor be redirected to them. The Debtor submits that any further action taken by such Lenders on account of such demands would be violative of the automatic stay. Accordingly, as part of this Motion, the Debtor requests such counterparties be permitted to remit their payments to the Debtor in the ordinary course, notwithstanding the receipt of such demands.

## V.    ARGUMENT

### A.    The Court Should Authorize the Debtor to Use Cash Collateral to Pay Its Operating Expenses and Maintain and Preserve the Value of the Estate

A debtor's use of property of the estate is governed by section 363 of the Bankruptcy Code. Section 363(c)(1) provides that:

---

[2] The Debtor reserves its rights as to whether lower ranked creditors will "step up" as Amazon is paid off, based on Bankruptcy Code Section 552.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1

2

3

4

> If the business of the debtor is authorized to be operated under section . . . 1108 . . . of this title and unless the court orders otherwise, the trustee [or debtor-in-possession] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or hearing, and may use property of the estate in the ordinary course of business without notice or hearing.

5

6

However, the Bankruptcy Code establishes a special requirement regarding a debtor-in-possession's use of "cash collateral," defined as:

7

8

9

> . . . cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property. . .

10

11 U.S.C. § 363(a).

11

12

13

14

15

16

It is well settled that it is appropriate for a chapter 11 debtor to use cash collateral for the purpose of maintaining and operating its property. 11 U.S.C. § 363(c)(2)(B); *In re Oak Glen R-Vee*, 8 B.R. 213, 216 (Bankr. C.D. Cal. 1981); *In re Tucson Indus. Partners*, 129 B.R. 614 (B.A.P. 9th Cir. 1991) opinion vacated, appeal dismissed, 990 F.2d 1099 (9th Cir. 1993). Section 363(c)(2) permits a debtor in possession to use, sell or lease "cash collateral" under subsection (c)(1) only if either of two alternative circumstances exists:

17

18

> (A)    each entity that has an interest in such cash collateral consents; or

18

19

> (B)    the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

20

11 U.S.C. § 363(c)(2).

21

22

The Debtor has no ability to continue to operate its business and maximize the value of the assets of its estate unless the Debtor has the ability to use cash collateral.

23

24

25

26

27

To the extent that the Lenders do not consent to the relief requested, the Debtor submits the proposed use cash collateral in accordance with the Budget provides a benefit to the Debtor's bankruptcy estate and should be approved on an interim basis. *Matter of Plaza Family P'ship*, 95 B.R. 166, 172–174 (E.D. Cal. 1989) (holding that cash collateral use must benefit the bankruptcy estate).

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    If the secured creditor does not consent to the use of its cash collateral, the court may

2 authorize a debtor-in-possession to use the cash collateral even over the creditor's objection under

3 section 363(c)(2)(B) if the court determines that the creditor is "adequately protected." 11 U.S.C.

4 §§ 361, 363(c), (e). The Bankruptcy Code does not define "adequate protection" but does

5 provide a nonexclusive list of the under section 361, including:

6        (1)    requiring the trustee to make a cash payment or periodic
         cash payments to such entity, to the extent that the . . . use . . . under
7        section 363 of this title . . . results in a decrease in the value of such
         entity's interest in such properly;
8
         (2)    providing to such entity an additional or replacement lien to
9        the extent that such . . . use . . . results in a decrease in the value of
         such entity's interest in such property; or
10
         (3)    granting such other relief . . . as will result in the realization
11       by such entity of the indubitable equivalent in such entity's interest
         in such property.
12

13 11 U.S.C. § 361.

14    Neither section 361 nor any other provision of the Bankruptcy Code defines the nature

15 and extent of the "interest in property" of which a secured creditor is entitled to adequate

16 protection under section 361. However, the statute plainly provides that a qualifying interest

17 demands protection only to the extent that the use of the creditor's collateral will result in a

18 decrease in "the value of such entity's interest in such property." 11 U.S.C. § 361. *See also Gen.*

19 *Elec. Mortgage Corp. v. S. Vill. Inc. (In re S. Vill., Inc.)*, 25 B.R. 987, 989-90 & n.4 (Bankr. D.

20 Utah 1982); O'Toole, *Adequate Protection and Post-Petition Interest in Chapter 11 Proceedings*,

21 56 Am. Bankr. L.J. 251, 263 (1982).

22    The phrase "value of such entity's interest," although not defined in the Bankruptcy Code,

23 was addressed by the Supreme Court in the landmark decision, *United Sav. Ass'n of Tex. v.*

24 *Timbers of Inwood Forest Assoc. Ltd.*, 484 U.S. 365, 108 S.Ct. 626 (1988). For the meaning of

25 "value of such entity's interest," the Supreme Court was guided by section 506(a), which defines

26 a creditor's allowed secured claim:

27       The phrase "value of such creditor's interest" in §506(a) means the
         value of the collateral." H.R. Rep. No. 950-595, pp. 181, 356
28       (1977); see also S. Rep. No. 95-989, p. 68 (1978), U.S. Code Cong.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

& Admin. News, 1978 pp. 5787, 5854, 6141, 6312.  We think the phrase "value of such entity's interest" in §361(1) and (2), when applied to secured creditors, means the same.

*Id.* at 630.

*Timbers* demonstrates that a secured creditor is entitled to "adequate protection" only against diminution in the value of the collateral securing the creditor's allowed secured claim.  Under *Timbers*, therefore, where the "value of the collateral" is not diminishing by its use, sale, or lease, the creditor's interest is adequately protected.  This conclusion flows directly from the equivalency of "value of such entity's interests" with "value of the collateral."

The entitlement to and measure of the protection required is therefore determined by the extent of the anticipated or actual decrease, if any, in the value of the secured creditor's collateral during the course of the bankruptcy case.  *See In re First S. Sav. Ass'n*, 820 F.2d 700, 710 (5th Cir. 1987); *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984).  Said another way, it is "intended by the Bankruptcy Code only to assure that a secured creditor, during the pendency of a bankruptcy case, does not suffer a loss in the value of its interest in property of the bankruptcy estate." *In re Markos Gurnee Partnership*, 252 B.R. 712, 716 (Bankr. N.D. Ill. 1997); *In re McCombs Properties VI, Ltd.*, 88 B.R. 261 (Bankr. C.D. Cal. 1988).

The Debtor submits that the Lenders will not suffer a loss in the value of its interest during the pendency of this chapter 11 bankruptcy.  First, as a practical matter, as discussed above, only Amazon appears to be fully secured, as it holds a first priority lien in the amount of $184,466.64.  SellersFunding, which holds a second priority, is only partially secured as of the Petition Date, with a secured claim of $179,411.36 and an unsecured claim of $195,588.64.  Under the Budget, payments to the senior secured lender Amazon will remain unchanged and SellersFunding will receive weekly payments of $1,000.  Although the balance of the Lenders appear to be wholly unsecured, the Debtor's Budget nevertheless provides for a weekly payment to them in the amount of $2,000, to be paid pro rata based on the amount owing to them as of the petition date.

Second, the continued operations of the Debtor's business will preserve its going concern value, which will ultimately enhance the value of the Lenders' cash collateral, rather than diminish it.  It is well established that a bankruptcy court, where possible, should resolve issues in

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

favor of preserving the business of the debtor has a going concern:

> A debtor, attempting to reorganize a business under chapter 11, clearly has a compelling need to use cash collateral in its effort to rebuild. Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities etc., the congressional policy favoring rehabilitation over economic failure would be frustrated.

*Chrysler Credit Corp. v. Ruggiere (In re George Ruggiere Chrysler-Plymouth, Inc.)*, 727 F.2d 1017, 1019 (11th Cir. 1984). Accordingly, courts authorize the use of cash collateral to enhance or preserve the debtor's going concern value. For example, in *Stein v. United States Farmers Home Administration (In re Stein)*, 19 B.R. 458 (Bankr. E.D. Pa. 1982), the court allowed a debtor to use cash collateral where the secured party was undersecured, finding that the use of cash collateral was necessary to the debtors' continued operations and the creditor's secured position can only be enhanced by the continued operation of the debtor's business. *Id.*, at 460. *See also In re Dynaco Corp.*, 162 B.R. 389, 395-96 (Bankr. D. N.H. 1983) (finding that the alternative to the debtor's use of cash collateral, termination of its business, would doom reorganization and any chance to maximize value for all creditors). Prohibiting the Debtor from use of operating capital due to Lenders holding undersecured – if not wholly unsecured – claims would be unnecessarily punitive and not serve the interest of the bankruptcy estate and its creditors, including each of the Lenders.

Accordingly, the Debtor submits that Lenders are adequately protected and the proposed use of cash collateral is in the best interest of the Debtor and all creditors and thus warranted on an interim basis.

### B.    The Proposed Budget is Reasonable and Feasible

The Budget projects the Debtor's cash needs over the next thirteen (13) weeks. This projection was developed by the Debtor's management based upon current operating data and the best estimate of future cash needs operating in chapter 11 case. All of the expense items in the Budget are the actual and necessary costs of operating the business that will enable the Debtor to continue to sell products to its customers. The Debtor's management is confident that it will both generate the projected revenue and keep expenses within the parameters set forth in the Budget.

1

### C.    Interim Relief is Appropriate

2        In enacting Bankruptcy Code section 363(c)(3), Congress recognized that preliminary

3    hearings on cash collateral would frequently be held on an emergency basis by stating therein that

4    such hearing ". . . shall be scheduled in accordance with the needs of the debtor."  11 U.S.C. §

5    363(c)(3).  The courts have also recognized that emergency relief on the use of cash collateral is

6    necessary after a case is filed.

7        We realize that in certain circumstances the entire reorganization effort may be thwarted if

8    emergency relief is withheld and that reorganization under the Bankruptcy Code is a perilous

9    process, seldom more so than at the outset of the proceedings when the debtor is often without

10    sufficient cash flow to fund essential business operations. . . .  It is for this very reason that

11    Congress specified that hearings concerning the use of cash collateral shall be schedule in

12    accordance with the needs of the debtor.

13    *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1444 (9th Cir. 1985)(citations and quotations

14    omitted); *see also Matter of Sullivan Ford Sales*, 2 B.R. 350, 255 (Bankr. D. Me. 1980).  Federal

15    Rule of Bankruptcy Procedure ('FRBP") 4001 provides that a court may conduct a preliminary

16    hearing on a motion for authorization to use cash collateral earlier than 14 days after service of

17    the underlying motion, and may authorize use of "that amount of cash collateral as is necessary to

18    avoid immediate and irreparable harm to the estate pending a final hearing."  [FRBP 4001(b)(2).

19    Local Bankruptcy Rule ("LBR") 2081-1(a)(9)] also specifically provides for the expedited

20    consideration of a motion for the emergency use of cash collateral.

21        The interim relief requested in this Motion is not only appropriate and fully warranted, but

22    it is necessary and essential to avoid immediate and irreparable harm to the Debtor, its estate, and

23    its creditors.  The Debtor needs cash immediately to operate, and in particular, it has a critical

24    need for cash to meet payroll obligations and to pay its vendors.  The authorization to use cash

25    collateral pending a Final Hearing will preserve the value of the business only if authorization is

26    granted immediately and on short notice.

27

28

### D.    Statements Pursuant to Local Bankruptcy Rule 4001-2(b)

Pursuant to Bankruptcy Rule 4001(b)(1)(B) and Local Bankruptcy Rule 4001-2(b) and (d), the Debtor submits that the relief requested herein, the proposed Interim Order and the proposed Final Order do not contain any of the following provisions:

| Provision | |
|---|---|
| Cross-collateralization clauses | No |
| Provisions or findings of fact that bind the estate or all parties in interest with respect to the validity, perfection or amount of the secured party's pre-petition lien or debt or the waiver of claims against the secured creditor. | No |
| Provisions or findings of fact that bind the estate or all parties in interest with respect to the relative priorities of the secured party's pre-petition lien. | No |
| Provisions that operate, as a practical matter, to divest the Debtor of any discretion in the formulation of a plan or administration of the estate or to limit access to the court to seek any relief under other applicable provision of law. | No |
| Waivers of 11 U.S.C. § 506(c), unless the waiver is effective only during the period in which the Debtor is authorized to use cash collateral or borrow funds. | No |
| Releases of liability for the creditor's alleged prepetition torts or breaches of Contract. | No |
| Waivers of avoidance actions arising under the Bankruptcy Code. | No |
| Provisions that deem prepetition secured debt to be postpetition debt or that use postpetition loans from a prepetition secured creditor to pay part or all of that secured creditor's prepetition debt | No |
| Provisions that prime any secured lien | No |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

| Provision | |
|---|---|
| Automatic relief from the automatic stay upon default, conversion to chapter 7, or appointment of a trustee. | No |
| Waivers of procedural requirements, including those for foreclosure mandated under applicable non-bankruptcy law, and for perfection of replacement liens. | No |
| Adequate protection provisions which create liens on claims for relief arising under 11 U.S.C. §§ 506(c), 544, 545, 547, 548 and 549. | No |
| Waivers, effective on default or expiration, of the Debtor's right to move for a court order pursuant to 11 U.S.C. § 363(c)(2)(B) authorizing the use of cash collateral in the absence of the secured party's consent. | No |
| Provisions that grant a lien in an amount in excess of the dollar amount of cash collateral authorized under the applicable cash collateral order. | No |
| Findings of fact on matters extraneous to the approval process. | No |

### E.    The Orders Should Be Effective Immediately

Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. The Debtor submits that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor.

The Debtor further seeks a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h): "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." As set forth above, the relief requested herein is essential to prevent irreparable damage to the Debtor's operations and its efforts to pursue an orderly liquidation of the Company in this chapter 11 case. Thus, the relief sought in this Motion is appropriate under these circumstances.

**VI.    <u>NOTICE</u>**

The Debtor will serve this Motion, the concurrently filed notice of hearing and the First Day Declaration on the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Lenders; (c) all known secured creditors (d) the largest twenty unsecured creditors appearing on the list filed in accordance with Bankruptcy Rule 1007(d) by the Debtor;  and (e) parties that file with the Court and serve upon the Debtor requests for notice of all matters in accordance with Bankruptcy Rule 2002.  <u>The Debtor requests that the Court waive compliance with Local Bankruptcy Rule 9075-1(a)(5) requiring telephonic notice of the hearing set hereon and substance thereof, and approve in lieu thereof service by email, when available, or overnight delivery as the Debtor is not in possession of phone numbers for each of the foregoing parties</u>.  In the event that the Court grants the relief requested by the Motion, the Debtor shall provide notice of the entry of the Interim Order and Final Order upon each of the foregoing parties and any other parties in interest as the Court directs.  The Debtor submits that such notice is sufficient and that no other or further notice need be given.

**VII.    <u>RESERVATION OF RIGHTS</u>**

Nothing contained herein is or should be construed as: (i) an admission as to the validity of any claim against the Debtor or the existence and/or avoidability of any lien against the Debtor's assets; (ii) a waiver of the Debtor's rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtor's right under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to the Interim and Final Orders.  Nothing contained in the Interim and Final Orders shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

/ / /

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1

**VIII.    CONCLUSION**

2

Based upon the foregoing, the Debtor respectfully requests that the Court enter the

3

proposed Interim Order and the proposed Final Order, substantially in the form attached hereto,

4

granting the relief requested in this Motion and such other and further relief as may be just and

5

proper.

6

7

DATED:  March 4, 2024                    GREENBERG GLUSKER FIELDS CLAMAN &
                                         MACHTINGER LLP

8

9

By: */s/Keith Patrick Banner*

10

BRIAN L. DAVIDOFF
KEITH PATRICK BANNER

11

Proposed General Bankruptcy Counsel for Debtor
and Debtor in Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# EXHIBIT A

1   BRIAN L. DAVIDOFF (SBN 102654)
    BDavidoff@GreenbergGlusker.com
2   KEITH PATRICK BANNER (SBN 259502)
    KBanner@GreenbergGlusker.com
3   GREENBERG GLUSKER FIELDS CLAMAN
    & MACHTINGER LLP
4   2049 Century Park East, Suite 2600
    Los Angeles, California 90067
5   Telephone:  310.553.3610
    Fax:  310.553.0687
6

7   Proposed General Bankruptcy Counsel for
    Debtor and Debtor in Possession

8

9                   UNITED STATES BANKRUPTCY COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                  SAN FERNANDO VALLEY DIVISION

12

13  In re:                              Case No. 1:24-bk-10326-MB

14  MARCHEY GROUP, INC.,                Chapter 11

15        Debtor and Debtor in Possession.   **INTERIM ORDER:**

16                                      **(I) AUTHORIZING THE DEBTOR TO USE
                                        CASH COLLATERAL; AND**
17
                                        **(II) GRANTING RELATED RELIEF**
18

19                                      Emergency Hearing
                                        Date:   March 7, 2024
20                                      Time:   1:30 p.m.
                                        Place:  Courtroom 303
21                                              21041 Burbank Boulevard
                                                Woodland Hills, CA 91367
22
                                        -Or by ZoomGov:
23
                                        Meeting URL:
24                                              https://cacb.zoomgov.com/j/1618554133
                                        Meeting ID: 161 855 4133
25                                      Password: 863908
                                        Telephone: 1(669)254 5252 or 1(646)828 7666
26        On the above captioned date and time, the court considered the *Emergency Motion for*

27  *Entry of Interim and Final Orders: (I) Authorizing the Debtor to Use Cash Collateral; and (II)*

28  *Granting Related Relief* [Docket No. ___ ] (the "Motion") filed by Debtor and Debtor in

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1

INTERIM ORDER ON
CASH COLLATERAL MOTION

Exhibit A Page 0018

Possession Marchey Group, Inc. (the "Debtor") pursuant to sections 105(a), 361 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Unless otherwise defined herein, capitalized terms have the meaning ascribed to them in the Motion.

Based upon the Court's review of the Motion, the First Day Declaration, the evidentiary record, and argument of counsel; it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and good cause appearing therefor, based upon findings of fact and conclusions of law stated in open court pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, as incorporated into Bankruptcy Rule 7052 and applied to contested matters by Bankruptcy Rule 9014(c),

IT IS ORDERED THAT:

1.    The Motion is **GRANTED** on an interim basis as set forth herein.

2.    The Debtor is authorized to use cash collateral as defined under section 363 of the Bankruptcy Code to pay the expenditures set forth in the Budget.

3.    In accordance with the Budget, the Debtor shall make the following adequate protection payments to the Lenders:

| Priority | Lender | Adequate Protections |
|---|---|---|
| 1 | Amazon (three loans) | Per agreement |
| 2 | SellersFunding | $1,000 per week |
| 3 | FundingCircle | Pro rata portion of $2,000 |
| 4 | New Capital Group | Pro rata portion of $2,000 |
| 5 | LG Capital Investment | Pro rata portion of $2,000 |
| 6 | AFG WC LLC | Pro rata portion of $2,000 |

4.    Any proposed payment by the Debtor's account debtors directly to any Lender (except for Amazon as permitted pursuant to the pre-petition agreement between the Debtor and Amazon), on account of any pre-petition actions taken by any Lender to exercise control over the Debtor's receivables, including but not limited to letters and demands to the Debtor's various account debtors demanding that they direct any payment due to the Debtor be redirected to them,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

INTERIM ORDER ON
CASH COLLATERAL MOTION
Exhibit A Page 0019

54814-00002/5096631.2

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

are hereby deemed void and unenforceable and such counterparties and account debtors are hereby directed to remit their payments to the Debtor in the ordinary course.

5.      As of the Petition Date, no Lender, including but not limited to CMA Lenders (but excluding Amazon as permitted pursuant to the pre-petition agreement between the Debtor and Amazon), may seek to exercise control over the Debtor's assets including but not limited to the Debtor's receivables, bank accounts and cash, including but not limited to sending letters and demands to the Debtor's various account debtors and contract counterparties demanding that they direct any payment due to the Debtor be redirected to them, or any other actions whereby such Lenders, including CMA Lenders, seek to execute on or otherwise obtain possessions of the Debtor's receivables, bank accounts and cash, and all such actions shall be stayed pursuant to Bankruptcy Code Section 362.

6.      Nothing in the Motion or this Interim Order, nor the Debtor's implementation of the relief granted in this Interim Order, shall be construed as: (i) an admission as to the validity of any claim against the Debtor or the existence and/or avoidability of any lien against the Debtor's assets; (ii) a waiver of the Debtor's rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtor's right under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to the Interim and Final Orders.

7.      Nothing contained in this Interim Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect the priority or validity of any claim in this chapter 11 bankruptcy case.

8.      The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

9.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

INTERIM ORDER ON
CASH COLLATERAL MOTION

Exhibit A Page 0020

10.     The Debtor is authorized to take all actions necessary to implement the relief granted in this Order.

11.     A hearing to consider entry of an order granting the Motion on a final basis (the "Final Hearing") shall be held on _____, 2024, at __:____ _.m. (prevailing Pacific time). Any objections or responses to the entry of such an order must be filed on or before 4:00 p.m. (prevailing Pacific time) on _____, 2024, and served on (a) proposed counsel to the Debtor, Greenberg Glusker LLP, 2049 Century Park East, Suite 2600, Los Angeles, CA 90067 Attn: Brian L. Davidoff (bdavidoff@greenbergglusker.com) and Keith Patrick Banner (kbanner@greenbergglusker.com) and (b) the Office of the United States Trustee for the Central District of California, 915 Wilshire Blvd., Suite 1850. Los Angeles, California 90017.  If no objections or responses are filed and served, this Court may enter a final order without further notice or hearing.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

###

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

INTERIM ORDER ON
CASH COLLATERAL MOTION

# EXHIBIT B

BRIAN L. DAVIDOFF (SBN 102654)
BDavidoff@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone:  310.553.3610
Fax:  310.553.0687

Proposed General Bankruptcy Counsel for
Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No. 1:24-bk-10326-MB |
| MARCHEY GROUP, INC., | Chapter 11 |
| Debtor and Debtor in Possession. | **FINAL ORDER:** |
| | **(I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL; AND** |
| | **(II) GRANTING RELATED RELIEF** |
| | <u>Final Hearing</u><br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 303<br>          21041 Burbank Boulevard<br>          Woodland Hills, CA 91367 |

On the above captioned date and time, the court considered the *Emergency Motion for Entry of Interim and Final Orders: (I) Authorizing the Debtor to Use Cash Collateral; and (II) Granting Related Relief* [Docket No. __ ] (the "Motion") filed by Debtor and Debtor in Possession Marchey Group, Inc. (the "Debtor") pursuant to sections 105(a), 361 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Unless otherwise defined herein, capitalized

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

FINAL ORDER ON
CASH COLLATERAL MOTION
Exhibit B Page 0023

54814-00002/5096884.1

1    terms have the meaning ascribed to them in the Motion.

2        Based upon the Court's review of the Motion, the First Day Declaration, the evidentiary

3    record, and argument of counsel; it appearing that this Court has jurisdiction over this matter

4    pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that due and adequate notice of the Motion

5    having been given under the circumstances; and after due deliberation and good cause appearing

6    therefor, based upon findings of fact and conclusions of law stated in open court pursuant to Rule

7    52(a) of the Federal Rules of Civil Procedure, as incorporated into Bankruptcy Rule 7052 and

8    applied to contested matters by Bankruptcy Rule 9014(c),

9        IT IS ORDERED THAT:

10    1.    The Motion is **GRANTED** on a final basis as set forth herein.

11    2.    The Debtor is authorized to use cash collateral as defined under section 363 of the

12    Bankruptcy Code to pay the expenditures set forth in the Budget.

13    3.    In accordance with the Budget, the Debtor shall make the following adequate

14    protection payments to the Lenders:

| Priority | Lender | Adequate Protections |
|---|---|---|
| 1 | Amazon (three loans) | Per agreement |
| 2 | SellersFunding | $1,000 per week |
| 3 | FundingCircle | Pro rata portion of $2,000 |
| 4 | New Capital Group | Pro rata portion of $2,000 |
| 5 | LG Capital Investment | Pro rata portion of $2,000 |
| 6 | AFG WC LLC | Pro rata portion of $2,000 |

4.    Any proposed payment by the Debtor's account debtors directly to any Lender

(except for Amazon as permitted pursuant to the pre-petition agreement between the Debtor and

Amazon),  on account of any pre-petition actions taken by any Lender to exercise control over the

Debtor's receivables, including but not limited to letters and demands to the Debtor's various

account debtors demanding that they direct any payment due to the Debtor be redirected to them,

are hereby deemed void and unenforceable and such counterparties and account debtors are hereby

directed to remit their payments to the Debtor in the ordinary course.

5.    As of the Petition Date, no Lender, including but not limited to CMA Lenders (but

excluding Amazon as permitted pursuant to the pre-petition agreement between the Debtor and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

FINAL ORDER ON
CASH COLLATERAL MOTION

Exhibit B Page 0024

54814-00002/5096884.1

Amazon), may seek to exercise control over the Debtor's assets including but not limited to the Debtor's receivables, bank accounts and cash, including but not limited to sending letters and demands to the Debtor's various account debtors and contract counterparties demanding that they direct any payment due to the Debtor be redirected to them, or any other actions whereby such Lenders, including CMA Lenders, seek to execute on or otherwise obtain possessions of the Debtor's receivables, bank accounts and cash, and all such actions shall be stayed pursuant to Bankruptcy Code Section 362.

6.      Nothing in the Motion or this Final Order, nor the Debtor's implementation of the relief granted in this Final Order, shall be construed as: (i) an admission as to the validity of any claim against the Debtor or the existence and/or avoidability of any lien against the Debtor's assets; (ii) a waiver of the Debtor's rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtor's right under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to the Final Order.

7.      Nothing contained in this Final Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect the priority or validity of any claim in this chapter 11 bankruptcy case.

8.      The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

9.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

10.      The Debtor is authorized to take all actions necessary to implement the relief granted in this Order.

11.       This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

### ###

3

# EXHIBIT C

Exhibit C Page 0026

## MARCHEY GROUP INC
### Cash Flow Budget

| | Week 1 3/3/2024 - 3/9/2024 | Week 2 3/10/2024 - 3/16/2024 | Week 3 3/17/2024 - 3/23/2024 | Week 4 3/24/2024 - 3/30/2024 | Week 5 3/31/2024 - 4/6/2024 | Week 6 4/7/2024 - 4/13/2024 | Week 7 4/14/2024 - 4/20/2024 | Week 8 4/21/2024 - 4/27/2024 | Week 9 4/28/2024 - 5/4/2024 | Week 10 5/5/2024 - 5/11/2024 | Week 11 5/12/2024 - 5/18/2024 | Week 12 5/19/2024 - 5/25/2024 | Week 13 5/26/2024 - 6/1/2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash Receipts** | | | | | | | | | | | | | |
| **Receipts** | | | | | | | | | | | | | |
| Merchandise Sales | 160,000 | 120,000 | 200,000 | 120,000 | 200,000 | 120,000 | 218,000 | 136,000 | 224,000 | 144,000 | 232,000 | 152,000 | 232,000 |
| AMZ eBay Marketplace Fees | (28,000) | (21,000) | (35,000) | (21,000) | (35,000) | (21,000) | (37,800) | (23,800) | (38,200) | (25,200) | (40,600) | (26,600) | (40,600) |
| AMZ eBay Marketplace Taxes | (9,341) | (7,008) | (11,680) | (7,008) | (11,680) | (7,008) | (12,614) | (7,942) | (13,082) | (8,410) | (13,549) | (8,877) | (13,549) |
| Returns/Refunds | (16,000) | (12,000) | (20,000) | (12,000) | (20,000) | (12,000) | (21,800) | (13,600) | (22,400) | (14,400) | (23,200) | (15,200) | (23,200) |
| Returns/Refunds COGS Recover | 8,000 | 6,000 | 10,000 | 6,000 | 10,000 | 6,000 | 10,900 | 6,800 | 11,200 | 7,200 | 11,600 | 7,600 | 11,600 |
| Sublet Rental Payments | | | | | 13,732 | | | | 13,732 | | | | 6,500 |
| **Total Receipts** | 114,658 | 85,992 | 143,320 | 85,992 | 157,082 | 85,992 | 154,736 | 97,458 | 174,298 | 103,190 | 166,281 | 108,923 | 172,761 |
| AMZ Lending Loan Repayments | (14,709) | (14,709) | | (20,471) | (12,672) | (20,471) | | (20,401) | (12,672) | | | (20,401) | (12,672) |
| COGS Purchases - Resale Items | (86,397) | (64,798) | (107,996) | (64,798) | (107,996) | (64,798) | (118,636) | (73,437) | (120,996) | (77,757) | (125,276) | (82,077) | (125,276) |
| **Net Cash Receipts** | 28,259 | 6,466 | 35,324 | 793 | 36,364 | 21,194 | 36,100 | 3,619 | 40,622 | 25,433 | 40,976 | 6,445 | 34,803 |
| **Cash Disbursements** | | | | | | | | | | | | | |
| Operating Expense | 1,353 | 1,353 | 1,353 | 1,353 | 1,353 | 1,353 | 1,353 | 1,353 | 1,353 | 1,353 | 1,353 | 1,353 | 1,353 |
| Payroll Expenses (non-insider) | 4,200 | | 8,400 | | 8,400 | | 8,400 | | 8,400 | | 8,400 | | 8,400 |
| Insider Compensation | | | | | 7,000 | 7,000 | | | | 7,000 | | | |
| Professional Fees Expense | | | | | | | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | |
| Postage and Delivery | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 |
| Occupancy Expenses | | | | | 19,211 | | | | 19,211 | | | | |
| Shipping Supplies | 750 | | 750 | | 750 | | 750 | | 750 | | 750 | | |
| Secured Lender Payments | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 |
| **Total Cash Disbursements** | 16,303 | 11,353 | 20,503 | 11,353 | 39,714 | 18,353 | 25,503 | 16,353 | 44,714 | 23,353 | 25,503 | 16,353 | 19,753 |
| **Net Cash Flow** | 11,956 | (4,887) | 14,821 | (10,560) | (3,350) | 2,841 | 12,647 | (12,734) | (4,092) | 2,080 | 15,473 | (9,908) | 15,050 |
| **Cumulative Net Cash Flow** | 11,956 | 7,069 | 21,910 | 11,350 | 8,000 | 10,841 | 23,508 | 10,775 | 6,683 | 8,763 | 24,236 | 14,328 | |

Exhibit C Page 0027

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: <u>2049 Century Park East, Suite 2600, Los Angeles, CA 90067.</u>

A true and correct copy of the foregoing document entitled (specify): <u>Emergency Motion For Entry Of Interim And Final Order: (I) Authorizing The Debtor To Use Cash Collateral; And (II) Granting Related Relief</u> will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>March 4, 2024</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Keith Patrick Banner    kbanner@greenbergglusker.com, calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com**
- **Russell Clementson    russell.clementson@usdoj.gov**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>March 4, 2024</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Please see Certificate of Service- to be filed.***    ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 03/04/2024 | Cynthia Miller Watkins | /s/ Cynthia Miller Watkins |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**