BRIAN L. DAVIDOFF (SBN 102654)
BDavidoff@ggfirm.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@ggfirm.com
COLE F. NICHOLAS (SBN 354027)
CNicholas@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310-553-3610
Facsimile: 310-553-0687

Attorneys for Debtor and Debtor-in-Possession
MARCHEY GROUP, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY

In re:

MARCHEY GROUP, INC.,

Debtor and Debtor-in-Possession.

Case No. 1:24-bk-10326-MB

Chapter 11

**DEBTOR'S BRIEF IN SUPPORT OF CONFIRMATION OF DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION**

**DECLARATIONS OF MARUF BAKHRAMOV AND KEITH PATRICK BANNER**

**<u>Confirmation Hearing</u>**
Date: July 30, 2024
Time: 1:30 p.m.
Place: Courtroom 303
21041 Burbank Boulevard
Woodland Hills, CA 91367

-Or by ZoomGov:

Meeting URL: https://cacb.zoomgov.com/j/1616305462
Meeting ID: 161 630 5462
Password: 524393
Telephone: 1 (669) 254 5252 or 1 (646) 828 7666



GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

<div align="center">

**TABLE OF CONTENTS**

</div>

**Page**

I.    SUMMARY OF THE PLAN ................................................................................. 1

II.   THE PLAN COMPLIES WITH ALL OF THE APPLICABLE PROVISIONS OF
SECTIONS 1129 OF THE BANKRUPTCY CODE ........................................... 3

   A.   The Plan Complies with Section 1129(a)(1) of the Bankruptcy Code ................... 3

      1.   The Plan Properly Classifies Claims and Interests – 11 U.S.C. §
1122(a) ......................................................................................................... 3

         a.   Secured Claims. ................................................................................. 3

         b.   Unsecured Claims. ............................................................................. 6

         c.   Equity Interests .................................................................................. 8

      2.   The Plan Includes Mandatory Provisions Consistent with 11 U.S.C.
§ 1123 ......................................................................................................... 8

         a.   Designation of Classes – 11 U.S.C. § 1123(a)(1) ............................ 8

         b.   Unimpaired Classes Specified – 11 U.S.C. § 1123(a)(2) ................. 8

         c.   Treatment of Classes – 11 U.S.C. § 1123(a)(3) ............................... 9

         d.   Same Treatment Within Classes – 11 U.S.C. § 1123(a)(4) ............ 9

         e.   Adequate Means of Implementation – 11 U.S.C. §
1123(a)(5) ......................................................................................... 9

         f.   Prohibition of Issuance of Nonvoting Securities – 11 U.S.C.
§ 1123(a)(6) ...................................................................................... 9

         g.   Selection of Officer, Director or Trustee – 11 U.S.C. §
1123(a)(7) ......................................................................................... 9

         h.   Individual Debtor Cases – 11 U.S.C. § 1123(a)(8) ........................ 10

      3.   The Plan Contains Permissive Provisions Consistent with Section
1123(b) of the Bankruptcy Code .............................................................. 10

         a.   Impairment – 11 U.S.C. § 1123(b)(1) ........................................... 10

         b.   Assumption and Rejection – 11 U.S.C. § 1123(b)(2) .................... 10

         c.   Modification of Rights – 11 U.S.C. § 1123(b)(5) .......................... 10

         d.   Provisions Consistent with Bankruptcy Code – 11 U.S.C. §
1123(b)(6) ....................................................................................... 10

            (1)   Exculpation ....................................................................... 11

            (2)   Consensual Third-Party Release ...................................... 12

   B.   The Debtor has Complied with the Applicable Provisions of Section 11
U.S.C. § 1129(a)(2) ........................................................................................... 13

   C.   The Plan is Proposed in Good Faith – 11 U.S.C. § 1129(a)(3) ........................... 14

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**TABLE OF CONTENTS**
(continued)

Page

D.    Compensation to Professionals Will be Made Pursuant to Court Supervisions – 11 U.S.C. 1129(a)(4) ...................................................................... 15

E.    The Post-Confirmation Management Was Fully Disclosed and is in the Best Interest of the Estate – 11 U.S.C. § 1129(a)(5) ............................................... 15

F.    The Plan Does Not Require Any Regulatory Approval – 11 U.S.C. § 1129(a)(6) ............................................................................................................... 16

G.    The Plan Meets the "Best Interest of Creditors" Test – 11 U.S.C. § 1129(a)(7) ............................................................................................................... 16

H.    Acceptance of the Plan – 11 U.S.C. § 1129(a)(8) ................................................ 17

I.    Administrative Expenses and Priority Claimants are Treated Appropriately Under the Plan – 11 U.S.C. 1129(a)(9) .............................................................. 18

J.    The Plan Will Be Accepted by at Least One Impaired Claim – 11 U.S.C. § 1129(a)(10) ............................................................................................................ 18

K.    The Plan is Feasible – 11 U.S.C. § 1129(a)(11) ................................................... 18

L.    The Debtor Has Paid or Will Pay all Fees Due Under 28 U.S.C. § 1930 – 11 U.S.C. § 1129(a)(12) ........................................................................................ 19

M.    The Debtor Has No Obligations for Retiree Benefits – 11 U.S.C. § 1129(a)(13) ............................................................................................................ 19

N.    The Requirements of 11 U.S.C. § 1191(b) ........................................................... 20

O.    No Avoidance of Tax or Securities Obligations – 11 U.S.C. § 1129(d) ............... 20

III.    CONCLUSION ................................................................................................................. 20

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1

# TABLE OF AUTHORITIES

2                                                                                    **Page**

3    CASES

4    *Andrew v. Coopersmith (In re Downtown Inv. Club III)*,
5        89 B.R. 59 (9th Cir. B.A.P. 1988) .................................................................. 13

6    *Blixseth v. Credit Suisse*,
        961 F.3d 1074 (9th Cir. 2020) ....................................................................... 11

7    *Idaho Dep't of Lands v. Arnold (In re Arnold)*,
        806 F.2d 937 (9th Cir. 1986) ................................................................... 17, 18
8

9    *In re 4th Street East Investors, Inc.*,
        2012 Bankr. LEXIS 2144 (Bankr. C.D. Cal. May 15, 2012) ........................... 6

10   *In re Adelphia Communications*,
        368 B.R. 140 (Bankr. S.D. N.Y. 2007) ........................................................... 8
11

12   *In re Barakat*,
        99 F.3d 1520 (9th Cir. 1996) .......................................................................... 6

13   *In re Buffets Holdings, Inc.*,
        Case No. 08-10141 (Bankr. D. Del. Apr. 17, 2009) ..................................... 13
14

15   *In re Butler*,
        42 B.R. 777 (Bankr. E.D. Ark. 1984) ........................................................... 13

16   *In re Chateaugay Corp.*,
        89 F.3d 942 (2d Cir. 1996) ............................................................................ 8
17

18   *In re Conseco, Inc.*,
        301 B.R. 525 (Bankr. N.D.Ill. 2003) ............................................................ 13

19   *In re Corcoran Hospital District*,
        233 B.R. 449 (Bankr. E.D. Cal. 1999) ........................................................... 7
20

21   *In re Cross Baking Co.*,
        818 F.2d 1027 (1st Cir. 1987) ........................................................................ 5

22   *In re Crowthers McCall Pattern, Inc.*,
        120 B.R. 279 (Bankr. S.D.N.Y. 1990) .......................................................... 16
23

24   *In re Evergreen Solar Inc.*,
        11-12590 (MFW) (Bankr. D.Del. July 13, 2012) ......................................... 12

25   *In re FF Holdings Corp.*,
        1998 U.S. Dist. LEXIS 10741 (D.Del. Feb. 17, 1998) ................................... 7
26

27   *In re Fleetwood Enterprises, Inc.*,
        Case No. 09-14254-MJ (Bankr. C.D.Cal. Aug. 6, 2010) .............................. 12

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*In re Graphic Communications, Inc.*,
    200 B.R. 143 (Bankr. E.D. Mich. 1996) ................................................................. 8

4

5

*In re Hoff*,
    54 B.R. 746 (Bankr. D.N.D. 1985) .......................................................................... 13

6

*In re Johnson*,
    21 F.3d 323 (9th Cir. 1994) ..................................................................................... 7

7

8

*In re Loop*
    76 LLC, 465 B.R. 525 (B.A.P. 9th Cir. 2012) ......................................................... 7

9

*In re Mason & Dixon Lines, Inc.*,
    63 B.R. (Bankr. M.D.N.C. 1986) ............................................................................ 16

10

11

*In re NNN Parkway*,
    400 26, LLC, 505 B.R. 277 (2014) .......................................................................... 7

12

*In re PG&E Corp.*,
    617 B.R. 671 (Bankr. N.D. Cal. 2020) .................................................................... 12

13

14

*In re Protostar Ltd, et al.*,
    Case No. 09-12659 (MFW) (Bankr. D. Del Oct. 6, 2010) ....................................... 12

15

*In re Skagit Pac. Corp.*,
    316 B.R. 330 (B.A.P. 9th Cir. 2004) ....................................................................... 5

16

17

*In re Snyders Drug Stores, Inc.*,
    307 B.R. 889 (Bankr. N.D. Ohio 2004) .................................................................. 8

18

*In re Station Casinos, Inc.*,
    Case No. 09-52477 (Bankr. D.Nev. Aug. 27, 2010) ............................................... 12

19

20

*In re Texaco, Inc.*,
    84 B.R. 893 (Bankr. S.D.N.Y 1988) ........................................................................ 13

21

*In re Texas Tri–Collar, Inc.*,
    29 B.R. 724 (Bankr.W.D.La. 1983) ......................................................................... 5

22

23

*In re Three Partners, Inc.*,
    199 B.R. 230 (Bankr. D. Mass. 1995) ..................................................................... 5

24

*In re Toy & Sports Warehouse, Inc.*,
    37 B.R. 141 (Bankr. S.D.N.Y. 1984) ....................................................................... 3

25

26

*In re Victory Constr. Co., Inc.*,
    42 B.R. 145 (Bankr. C.D. Cal. 1984) ...................................................................... 16

27

*In re Western Asbestos Co.*,
    313 B.R. 832 (Bankr. N.D. Cal. 2003) .................................................................... 12

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**TABLE OF AUTHORITIES**
(continued)

Page

*In re Woodside Group, LLC,*
    Case No. 08-20682 (Bankr. C.D.Cal. Nov. 25, 2009) ........................................ 12

*In re Yellowstone Mountain Club, LLC,*
    460 B.R. 254 (Bankr. D.Mont. 2011) ............................................................... 12

*In re Zenith Electronics Corp.,*
    241 B.R. 92 (Bankr. D. Del. 1999) .................................................................. 13

*Jasik v. Conrad (In re Jasik),*
    727 F.2d 1379 (5th Cir. 1984) ........................................................................ 14

*Kane v. Johns-Manville Corp.,*
    843 F.2d 636 (2d Cir. 1988) ...................................................................... 3, 14

*Mokava Corp. v. Dolan,*
    147 F.2d 340 (2d Cir. 1945) ............................................................................ 4

*New York Life Ins. Co. v. Chase Manhattan Bank, N.A. (In re Texaco Inc.),*
    85 B.R. 934 (Bankr. S.D. N.Y. 1988) .............................................................. 15

*Resorts Int'l v. Lowenschuss (In re Lowenschuss),*
    67 F.3d 1394 (9th Cir. 1995) .......................................................................... 12

*Ryan v. Louis (In re Corey),*
    892 F.2d 829 (9th Cir. 1989) .................................................................... 14, 15

*Stolrow v. Stolrow's, Inc. (In re Stolrow's Inc.),*
    84 B.R. 167 (B.A.P. 9th Cir. 1988) ........................................................... 14, 15

*Travelers Ins. Co. v. Pikes Peak Water Co. (In re Pikes Peak Water Co.),*
    779 F.2d 1456 (10th Cir. 1985) ...................................................................... 16

**STATUTES**

11 U.S.C. § 101 ........................................................................................................ 1

11 U.S.C. § 365 ...................................................................................................... 10

11 U.S.C. § 507(a) ................................................................................................... 8

11 U.S.C. § 552 .................................................................................................... 4, 6

11 U.S.C. § 552(a) ................................................................................................... 4

11 U.S.C. § 552(b) ............................................................................................... 4, 5

11 U.S.C. § 1122 ...................................................................................................... 3

11 U.S.C. § 1122(a) .............................................................................................. 3, 6

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3    11 U.S.C. § 1123 ............................................................................................................ 3, 8

4    11 U.S.C. § 1123(a)(1) ......................................................................................................... 8

5    11 U.S.C. § 1123(a)(2) ......................................................................................................... 8

6    11 U.S.C. § 1123(a)(3) ......................................................................................................... 9

7    11 U.S.C. § 1123(a)(4) ......................................................................................................... 9

8    11 U.S.C. § 1123(a)(5) ......................................................................................................... 9

9    11 U.S.C. § 1123(a)(6) ......................................................................................................... 9

10    11 U.S.C. § 1123(a)(7) ....................................................................................................... 10

11    11 U.S.C. § 1123(a)(8) ....................................................................................................... 10

12    11 U.S.C. § 1123(b) ........................................................................................................... 10

13    11 U.S.C. § 1123(b)(1) ....................................................................................................... 10

14    11 U.S.C. § 1123(b)(2) ....................................................................................................... 10

15    11 U.S.C. § 1123(b)(5) ....................................................................................................... 10

16    11 U.S.C. § 1123(b)(6) ....................................................................................................... 11

17    11 U.S.C. § 1125 ........................................................................................................... 13, 14

18    11 U.S.C. § 1125(b) ........................................................................................................... 13

19    11 U.S.C. § 1126(a) ........................................................................................................... 17

20    11 U.S.C. § 1126(c) ........................................................................................................... 17

21    11 U.S.C. § 1129 ......................................................................................................... 1, 3, 21

22    11 U.S.C. § 1129(a) ............................................................................................................. 3

23    11 U.S.C. § 1129(a)(1) ......................................................................................................... 3

24    11 U.S.C. § 1129(a)(2) ....................................................................................................... 13

25    11 U.S.C. § 1129(a)(3) ................................................................................................... 14, 15

26    11 U.S.C. § 1129(a)(4) ....................................................................................................... 15

27    11 U.S.C. § 1129(a)(5) ................................................................................................... 15, 16

28    11 U.S.C. § 1129(a)(6) ....................................................................................................... 16

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF AUTHORITIES
(continued)

**Page**

11 U.S.C. § 1129(a)(7) ........................................................................................... 16, 17

11 U.S.C. § 1129(a)(8) ........................................................................................... 17, 18

11 U.S.C. § 1129(a)(9) ................................................................................................. 18

11 U.S.C. § 1129(a)(10) .............................................................................................. 18

11 U.S.C. § 1129(a)(11) .............................................................................................. 19

11 U.S.C. § 1129(a)(12) .............................................................................................. 19

11 U.S.C. § 1129(a)(13) .............................................................................................. 20

11 U.S.C. § 1129(d) ............................................................................................... 20, 21

11 U.S.C. § 1181 ......................................................................................................... 21

11 U.S.C. § 1191 ......................................................................................................... 21

11 U.S.C. § 1191(a) ............................................................................................... 17, 18

11 U.S.C. § 1191(b) ......................................................................................... 17, 18, 20

11 U.S.C. § 1191(d) ....................................................................................................... 1

28 U.S.C. § 1930 ................................................................................................... 19, 20

28 U.S.C. § 1930(a)(6) ................................................................................................ 20

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 3020(b)(2) ....................................................................................... 14

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    Debtor and debtor in possession Marchey Group Inc., (the "Debtor") hereby submits this

2    Brief (this "Brief") in support of confirmation and hereby moves for entry of an order confirming

3    *Debtor's Subchapter V Plan of Reorganization* [Docket No. __ ] (the "Plan")[1] the terms of which

4    are incorporated herein by reference.  In support of confirmation of the Plan, the Debtor relies on

5    this Brief, the Plan, the concurrently filed *Declaration of Maruf Bakhramov* (the "Bakhramov

6    Declaration"), all separately filed notices, any other evidence and pleadings that the Debtor may

7    file in support of the Plan, arguments of counsel to be made at the confirmation hearing thereon,

8    and the entire record in the above captioned subchapter V bankruptcy case.

9    As demonstrated herein, the Plan complies with the applicable provision of chapter 11 of

10   title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and the

11   applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as is necessary for

12   this Court to confirm the Plan pursuant to section 1129 of the Bankruptcy Code.

13   **I.    SUMMARY OF THE PLAN**

14   The Plan will be funded by a combination of (1) the Debtor's cash on hand on the Effective

15   Date (estimated at $50,000); and (2) the Debtor's projected disposable income (as defined in section

16   1191(d) of the Bankruptcy Code).  In addition, to fund distributions to the Class 3 Settling Guaranty

17   Claims (as defined and discussed below), the Debtor's sole shareholder, officer and director Maruf

18   Bakhramov ("Mr. Bakhramov") will contribute the following to Class 3: (1) on the Effective Date,

19   Mr. Bakhramov will personally fund the lesser of (i) $100,000; or (ii) the total amount of Class 3

20   Settling Guaranty Claims; and (2) Mr. Bakhramov has agreed to voluntarily reduce his salary by

21   $5,000 per month during the Plan period, with such amount being paid to Class 3 Settling Guaranty

22   Claims.

23

| CLASS AND/OR CLAIM TYPE | TREATMENT | IMPAIRED STATUS/ VOTING STATUS |
|---|---|---|
| Unclassified Claims | Paid in full on the later of (i) the Effective Date; (ii) the date the Court enters an order allowing such claim; or (iii) such other date as agreed to by the Holder of such claim (*See* | Not Entitled to Vote |

---

[1] Capitalized terms not otherwise defined herein shall have their meaning ascribed in the Plan.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

| CLASS AND/OR CLAIM TYPE | TREATMENT | IMPAIRED STATUS/ VOTING STATUS |
|---|---|---|
| | Section V(A), below for detail). | |
| Class 1<br><br>Senior Secured Loan of ACS | Class 1 consists of the secured claim of Amazon Capital Services, Inc. ("ACS"). The secured claim of ACS will be paid post-petition in the ordinary course pursuant to the terms of the Debtor's pre-petition agreement with ACS in the amounts set forth in the Projections. | Unimpaired<br>Not Entitled to Vote |
| Class 2<br><br>Secured Claim of BMW | Class 2 consists of the secured claim of BMW Bank of North America ("BMW") regarding the 2023 BMW XM vehicle used by co-obligor, Mr. Bakhramov. Mr. Bakhramov will pay BMW from his own salary for all payments due under the underlying pre-petition agreement with BMW. There will be no distributions made by the Debtor to Class 2. | Impaired<br>Entitled to Vote |
| Class 3<br><br>Settling Guaranty Claims | Class 3 Settling Guaranty Claims (as defined and discussed below) will receive: (i) a pro rata share of $100,000 on the Effective Date funded by Mr. Bakhramov, or such lesser amount equaling the aggregate of all Class 3 Settling Guaranty Claims; and, as applicable (ii) a pro rata share of $10,000 per month ($5,000 of which is payable from Mr. Bakhramov's voluntary reduction of salary) during the three-year Plan term. The projected total to Class 3 Settling Guaranty Claims is $460,000, or such lesser amount equaling the aggregate of all Class 3 Settling Guaranty Claims. Any portion of the $10,000 per month payment allocated to Class 3 Settling Guaranty Claims that exceeds the aggregate amount of Class 3 Settling Guaranty Claims will be distributed to Class 4 general unsecured claims. | Impaired<br>Entitled to Vote |
| Class 4<br><br>General Unsecured Claims | Class 4 consists of holders of general unsecured claims that do not qualify for or have not opted into the Class 3 Settling Guaranty Claims. Holders of Class 4 claims will receive a pro rata share of $5,000 per month during the three-year Plan term (projected total of $180,000), plus any portion of the $10,000 per month payment allocated to Class 3 that exceeds the aggregate amount of Class 3 Settling Guaranty Claims. | Impaired<br>Entitled to Vote |
| Class 5 | Class 5 consists of the equity interests of Mr. | Unimpaired |

| CLASS AND/OR CLAIM TYPE | TREATMENT | IMPAIRED STATUS/ VOTING STATUS |
|---|---|---|
| Interest Holders | Bakhramov in the Debtor.  Mr. Bakhramov will retain his interest in the Debtor post-confirmation. | Not Entitled to Vote |

## II. THE PLAN COMPLIES WITH ALL OF THE APPLICABLE PROVISIONS OF SECTIONS 1129 OF THE BANKRUPTCY CODE

As more fully set forth below, all of the applicable requirements of Section 1129 of the Bankruptcy Code are met by the Plan.

### A. The Plan Complies with Section 1129(a)(1) of the Bankruptcy Code

Section 1129(a) of the Bankruptcy Code provides that a court may confirm a plan only if all requirements of section 1129 are met, including that "[t]he plan complies with the applicable provisions of this title." 11 U.S.C. § 1129(a)(1).  The legislative history of section 1129(a)(1) explains that this provision incorporates the requirements of Bankruptcy Code sections 1122 and 1123, which govern classifications of claims and interests and the contents of a plan of reorganization. H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 412 (1977); S. Rep. No. 95-989, 9th Cong., 2d Sess. 126 (1978). *See Kane v. Johns-Manville Corp.*, 843 F.2d 636, 648-49 (2d Cir. 1988); *In re Toy & Sports Warehouse, Inc.*, 37 B.R. 141, 149 (Bankr. S.D.N.Y. 1984).  The Plan satisfies these requirements.

#### 1. The Plan Properly Classifies Claims and Interests – 11 U.S.C. § 1122(a)

Section 1122(a) of the Bankruptcy Code requires that a plan "place a claim or an interest in a particular class only if such claim or interest is substantially similar to other claims or interests of such class." The Plan contains four classes of claims and one class of interests. As discussed below, the Debtor submits that the Plan's classification of claims and interests is appropriate under the Bankruptcy Code.

##### a. Secured Claims.

Classes 1 and 2 consist of secured claims.   The secured claims in such classes are separately

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    classified because the different applicable agreements and documents, collateral and/or priority for

2    each claim result in different rights for each holder, and such claims are not similar to any other

3    type of claim.  Therefore, the secured claims are appropriately separately classified.  See *Mokava*

4    *Corp. v. Dolan*, 147 F.2d 340 (2d Cir. 1945).

5          For the purposes of the Plan, the Debtor has determined that only the claimants in Class 1

6    (AWS) and Class 2 (BMW) are secured and entitled to treatment as secured creditors.  Based on

7    the Debtor's review of UCC filings maintained by the California Secretary of State, as of the

8    Petition Date, ACS was the first priority secured creditor with a lien encumbering all assets of the

9    Debtor.  *See* Banner Decl., Exh. 1.  According to the Debtor's balance sheet prepared as of the

10    Petition Date, a true and correct copy of which was attached to the Petition [Docket No. 1] (the

11    "Petition Date Balance Sheet"), as of the Petition Date, only ACS was fully secured – holding an

12    outstanding secured loan in the amount of $184,466.64 encumbering the Debtor's Petition Date

13    accounts receivable totaling $196,802.00, inventory with a book value of $148,573.00 and furniture

14    and equipment with a book value of $49,857.00.  Bakhramov Decl., ¶ 12.  Post-petition, ACS was

15    the only secured party to obtain a post-petition lien on any of the assets of the Debtor, as explicitly

16    provided for in the cash collateral orders entered by the Court [Docket Nos. 20 and 53].

17          As of the Petition Date, the Debtor determined that SellersFunding Corp.

18    ("SellersFunding") – a creditor with a second priority lien on the Debtor's receivables according to

19    the UCC filings maintained by the California Secretary of State – was partially secured.  However,

20    SellersFunding failed to obtain any post-petition lien against any assets of the Debtor.  *See* Docket

21    Nos. 20 and 53.  Pursuant to section 552 of the Bankruptcy Code, prepetition security interests

22    generally do not extend to property acquired post-petition.  11 U.S.C. § 552(a) ("Except as provided

23    in subsection (b) of this section, property acquired by the estate or by the debtor after the

24    commencement of the case is not subject to any lien resulting from any security agreement entered

25    into by the debtor before the commencement of the case.").

26          Section 552(b) of the Bankruptcy Code provides a narrow exception to the prohibition

27    against post-petition liens when the security interest would otherwise apply to "proceeds, products,

28    offspring, or profits" of that pre-petition lien.  11 U.S.C. § 552(b).  However, "[p]roceeds of post-

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    petition accounts receivable do not fall within the § 552(b) proceeds exception." *In re Skagit Pac.*

2    *Corp.*, 316 B.R. 330, 336 (B.A.P. 9th Cir. 2004), citing *In re HRC Joint Venture*, 175 B.R. 948,

3    953 (Bankr.S.D.Ohio 1994); *In re Texas Tri–Collar, Inc.*, 29 B.R. 724, 726–27 (Bankr.W.D.La.

4    1983) (receivables generated by the debtor after filing bankruptcy petition are "in no way proceeds

5    of prepetition accounts receivable"); *In re Cross Baking Co.*, 818 F.2d 1027, 1032 (1st Cir. 1987)

6    (post-petition receivables generally do not constitute proceeds of pre-petition receivables).

7            The nature of the Debtor's business is such that it creates new accounts receivable on a daily

8    basis.  At any given time, the Debtor has 4,000 – 5,000 outstanding orders through its online portals,

9    each of which generates its own receivable.  The Debtor collects proceeds from each order to fund

10   operations and fulfil new customer orders, with the latter giving rise to new accounts receivable.

11   Bakhramov Decl., ¶ 9.  As a result, to the extent SellersFunding had a partial lien on accounts

12   receivable as of the Petition Date, the proceeds from those accounts receivable were quickly spent

13   on operations and used to purchase parts for new customer orders; generating new receivables that

14   were also turned into cash to fund operations and new orders.  This process likely occurred at least

15   five (5) times over the course of this chapter 11 case.  Bakhramov Decl., ¶ 9.  Thus, without

16   obtaining a post-petition "replacement" lien, SellersFunding no longer holds a lien on any of the

17   Debtor's assets.  *In re Skagit Pac. Corp.*, 316 B.R. at 336 ("Unless the court grants a replacement

18   lien in new post-petition accounts receivable, the money used from the collected pre-petition

19   accounts no longer creates proceeds under § 552(b)"); *see also In re Three Partners, Inc.*, 199 B.R.

20   230, 239 (Bankr. D. Mass. 1995) (after finding that the bank did not obtain a post-petition lien,

21   holding that "the payments representing the proceeds of assets (e.g., accounts-receivable) acquired

22   by the Debtor postpetition are not subject to any lien by the Bank.") (citing *New Hampshire*

23   *Business Development Corp. v. Cross Baking Co., Inc. (In re Cross Baking Co., Inc.),* 818 F.2d

24   1027 (1st Cir. 1987).  Accordingly, SellersFunding is properly treated as unsecured creditor under

25   the Plan.

26           As to the balance of creditors that filed UCC financing statements pre-petition that were

27   junior to ACS and SellersFunding – namely FC Marketplace LLC, New Capital Group LLC, and

28   LG Funding LLC – such creditors were wholly unsecured as of the Petition Date as reflected in the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    Debtor's Petition Date Balance Sheet and none obtained a post-petition lien on any of the Debtor's

2    assets.  Therefore, such creditors not entitled to any post-petition lien on any of the assets of the

3    Debtor and are correctly treated as unsecured creditors under the Plan.  *See* 11 U.S.C. § 552.

4                    **b.    Unsecured Claims.**

5        Unsecured claims are addressed in Class 3 and Class 4, depending upon which class the

6    claimants qualify for, and affirmatively elect into.

7        Class 3 Settling Guaranty Claims (the "Settling Guaranty Claims") consist of claims held

8    by claimants that satisfy the following criteria: (i) the claimant holds an allowed unsecured claim

9    against the estate; (ii) the claimant may seek to enforce the claim against non-debtor Mr.

10   Bakhramov personally as a co-obligor, guarantor, or otherwise pursuant to the pre-petition

11   agreement(s) relating to such claim; (iii) the claimant has executed and timely delivered a ballot

12   voting in favor of confirmation of the Plan; and (iv) the claimant has executed and timely delivered

13   a ballot affirmatively electing to treat its allowed claim as a Class 3 claim (and not a Class 4 claim),

14   and has thereby agreed to the general release of Mr. Bakhramov set forth in the Plan and ballot.

15       Class 4 General Unsecured Claims consists of all remaining unsecured claims that did not

16   elect into, or otherwise do not qualify to elect into the Class 3 Settling Guaranty Claims.

17       Although the Bankruptcy Code provides that a debtor "may place a claim or interest in a

18   particular class only if such claim or interest is substantially similar to the other claims or interests

19   in such class" (11 U.S.C. § 1122(a)), the Bankruptcy Code does not prohibit a debtor from placing

20   similar claims in different classes, provided that the debtor supports the separate classification of

21   similar claims by a business or economic justification that is independent of obtaining acceptance

22   of the plan.  *In re Barakat*, 99 F.3d 1520, 1524, 1526 (9th Cir. 1996); *In re 4th Street East Investors,*

23   *Inc*., 2012 Bankr. LEXIS 2144, *13-*14 (Bankr. C.D. Cal. May 15, 2012) (Judge Bason) (debtor

24   must show a business or economic justification for separate classification of substantially similar

25   claims, citing *Barakat* and other cases).

26       It is without question that those creditors that can enforce a claim against Mr. Bakhramov

27   – the Debtor's sole shareholder, officer and director – based on a guaranty of the Debtor's pre-

28   petition debt are in a unique category of business importance.  The Debtor, as a small business in

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    this subchapter V bankruptcy case, relies on Mr. Bakhramov to manage the day-to-day affairs of

2    the company.  There are no employees of the Debtor that serve in any managerial capacity other

3    than Mr. Bakhramov.  A day that Mr. Bakhramov does not manage the affairs of the Debtor is a

4    day that the Debtor does not operate.  Bakhramov Decl., ¶ 11.

5        Given Mr. Bakhramov's crucial role in the operations of the Debtor, if claimants holding

6    Settling Guaranty Claims against Mr. Bakhramov each elected to pursue Mr. Bakhramov

7    individually for the Debtor's business debts, Mr. Bakhramov will likely be unable to continue

8    operating the Debtor.  Thus, the Debtor would be unable to generate revenue to fund the payments

9    required under the Plan and Mr. Bakhramov would be left with no choice but to consider shuttering

10   the business and commencing his own personal bankruptcy.  As such, the separate classification

11   and treatment of Settling Guaranty Claims is critical to the successful implementation of the Plan.

12   *See, e.g., In re Corcoran Hospital District*, 233 B.R. 449, 456 (Bankr. E.D. Cal. 1999) (separate

13   classification settling unsecured creditor from other unsecured claims was reasonable, and

14   treatment of the settled claim was not unfair discrimination against other unsecured creditors).

15       "Existence of a guaranty has been held in the Ninth Circuit to be grounds for separate

16   classification." *In re NNN Parkway,* 400 26, LLC, 505 B.R. 277, 284 (2014).  For example, the

17   Ninth Circuit Bankruptcy Appellate Panel in *In re Loop* 76 LLC, 465 B.R. 525 (B.A.P. 9th Cir.

18   2012) held that the unsecured deficiency claim of Wells Fargo, a secured lender, could be classified

19   separately from the claims of other unsecured creditors because Wells Fargo had a potential

20   additional source of recovery from a third party guarantor which it had sued to recover its deficiency

21   claim.  *Id.* at 541.  Similarly, in *In re Johnson*, 21 F.3d 323 (9th Cir. 1994), the Ninth Circuit upheld

22   separate classification of an unsecured claim on the basis that the claimant had a potential third-

23   party source of recovery and was involved in litigation with the Debtor. *Id.* at 327.

24       Further, this situation is no different from where, under a plan, a debtor separately classifies

25   and treats the claims of critical vendors or other creditors particularly important to business

26   operations. *See, e.g., In re FF Holdings Corp*., 1998 U.S. Dist. LEXIS 10741, *16 (D.Del. Feb. 17,

27   1998) ("Numerous courts have held that separate classification and treatment of necessary trade

28   claims from other unsecured creditors [such as landlords with rejection claims] is acceptable if the

1  separate classification is justified by a 'reasonable purpose,' legitimate basis, or necessary business

2  objective."); *In re Snyders Drug Stores, Inc.*, 307 B.R. 889, 893-94 (Bankr. N.D. Ohio 2004) ("To

3  justify a separate classification, the debtor must prove that there is a legitimate business reason

4  supporting the classification…. The need to maintain good will for future operations can be such a

5  reason"); *In re Graphic Communications, Inc.*, 200 B.R. 143, 147 (Bankr. E.D. Mich. 1996)

6  (separate classification permissible where supported by reasonable business reason); *In re Adelphia*

7  *Communications*, 368 B.R. 140, 246-47 (Bankr. S.D. N.Y. 2007) (approving separate classification

8  of "trade claims" versus "other unsecured claims" where there was "a reasonable basis for doing

9  so or when the decision to separately classify 'does not offend one's sensibility of due process and

10  fair play'"); *In re Chateaugay Corp.*, 89 F.3d 942, 949-50 (2d Cir. 1996) (approving plan that

11  provided a higher recovery for employees' workers' compensation claims than to surety claims;

12  classifying employee claims separately from surety claims was appropriate because paying the

13  former would continue to provide value to debtors while paying surety claims in full would not

14  contribute to the reorganization).

15       **c.    Equity Interests**

16       Class 5 consists of the equity interests held in the Debtor, which are properly classified

17  separately from claims against the Debtor.

18       **2.    The Plan Includes Mandatory Provisions Consistent with**

19       **11 U.S.C. § 1123**

20       **a.    Designation of Classes – 11 U.S.C. § 1123(a)(1)**

21       Section 1123(a)(1) of the Bankruptcy Code requires that a plan designate classes of claims

22  other than claims of a priority specified in paragraphs 2, 3, and 8 of section 507(a) of the Bankruptcy

23  Code. Article V of the Plan satisfies this requirement by designating all classes of claims other than

24  the unclassified administrative and priority claims detailed therein.

25       **b.    Unimpaired Classes Specified – 11 U.S.C. § 1123(a)(2)**

26       Section 1123(a)(2) of the Bankruptcy Code requires that a plan specify those classes of

27  claims or interests that are not impaired.  Article V of the Plan provides that Classes 1 and 5 are

28  unimpaired.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1

**c.**     <u>**Treatment of Classes – 11 U.S.C. § 1123(a)(3)**</u>

2      Section 1123(a)(3) of the Bankruptcy Code requires that a that a plan specify the treatment

3  of any class of claims or interests that is impaired under the plan.  Article V of the Plan specifies

4  the treatment of Classes 2, 3 and 4, which are impaired under the Plan.

5

**d.**     <u>**Same Treatment Within Classes – 11 U.S.C. § 1123(a)(4)**</u>

6      Section 1123(a)(4) of the Bankruptcy Code requires that a plan provide the same treatment

7  for each claim or interest of a particular class, unless the holder agrees to a less favorable treatment

8  of such particular claim or interest.  As shown in Article V, the Plan provides for the same treatment

9  of claims and interests within each class; provided, however, that claimants that would otherwise

10 fall under Class 4 Unsecured Claims that hold a qualifying Settling Guaranty Claim may elect to

11 opt into Class 3 and be treated equally with all other holders of Settling Guaranty Claims electing

12 into Class 3.

13

**e.**     <u>**Adequate Means of Implementation – 11 U.S.C. § 1123(a)(5)**</u>

14     Section 1123(a)(5) of the Bankruptcy Code requires that a plan provide adequate means for

15 its implementation.  Article VI of the Plan describes the means for the Plan's implementation.

16 Among other things, Article VI of the Plan: (i) details the source of funding for the Plan; (ii) details

17 the post-confirmation management of the Debtor; (iv) designates the Debtor as the Disbursing

18 Agent; and (v) details the process for distributions to be made under the Plan.

19

**f.**     <u>**Prohibition of Issuance of Nonvoting Securities – 11 U.S.C. §**</u>

20           <u>**1123(a)(6)**</u>

21     Section 1123(a)(6) of the Bankruptcy Code requires that a plan provide for the inclusion in

22 the charter of a corporate debtor a provision prohibiting the issuance of nonvoting equity securities,

23 and providing, as to the several classes of securities possessing voting power, an appropriate

24 distribution of such power among such classes.  If the Court so requires, such a provision will be

25 included in the order confirming the Plan and the Reorganized Debtor's charter will be amended

26 accordingly.

27

**g.**     <u>**Selection of Officer, Director or Trustee – 11 U.S.C. § 1123(a)(7)**</u>

28     Section 1123(a)(7) of the Bankruptcy Code requires that a plan contain only provisions that

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1  are consistent with the interests of creditors, equity security holders and public policy with respect

2  to the manner of selection of any officer, director or trustee under the plan and any successor

3  thereto.  Article VI of the Plan provides that the Reorganized Debtor will continued be managed

4  by Mr. Bakhramov and the Reorganized Debtor shall serve as the Disbursing Agent.

5  <div style="text-align:center">**h.    Individual Debtor Cases – 11 U.S.C. § 1123(a)(8)**</div>

6  Section 1123(a)(8) of the Bankruptcy Code only applies to cases involving individuals and,

7  therefore, is not applicable to the Plan.

8  <div style="text-align:center">**3.    The Plan Contains Permissive Provisions Consistent with Section**</div>

9  <div style="text-align:center">**1123(b) of the Bankruptcy Code**</div>

10  <div style="text-align:center">**a.    Impairment – 11 U.S.C. § 1123(b)(1)**</div>

11  Section 1123(b)(1) of the Bankruptcy Code provides that a plan may impair or leave

12  unimpaired any class of claims, whether secured or unsecured.  Article V of the Plan specifies the

13  treatment of each impaired and unimpaired Class under the Plan.

14  <div style="text-align:center">**b.    Assumption and Rejection – 11 U.S.C. § 1123(b)(2)**</div>

15  Section 1123(b) of the Bankruptcy Code specifies that, subject to section 365 of the

16  Bankruptcy Code, a plan may provide for the assumption, rejection or assignment of any executory

17  contract or unexpired lease not previously rejected.  Article VII of the Plan contains such

18  provisions.

19  <div style="text-align:center">**c.    Modification of Rights – 11 U.S.C. § 1123(b)(5)**</div>

20  Section 1123(b)(5) of the Bankruptcy Code allows a plan to "modify the rights of holders

21  of secured claims, other than a claim secured only by a security interest in real property that is the

22  debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of

23  holders of any class of claims."  Article V of the Plan contains provisions which permissibly modify

24  the rights of impaired Classes 2, 3 and 4.

25  <div style="text-align:center">**d.    Provisions Consistent with Bankruptcy Code – 11 U.S.C. §**</div>

26  <div style="text-align:center">**1123(b)(6)**</div>

27  Section 1123(b)(6) of the Bankruptcy Code specifies that a plan may include any other

28  provisions not inconsistent with the applicable provisions of the Bankruptcy Code.  The Plan

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1   contains such provisions which are standard in chapter 11 plans or otherwise consistent with the

2   purpose of the Bankruptcy Code.

3       Such provisions of the Plan include a consensual Class 3 release (Article V(B)(3) and an

4   exculpation provision (Article VII(E)), all such provisions are permissible under the Bankruptcy

5   Code and are reasonable and justified under the circumstances of this chapter 11 case as discussed

6   herein.  Overall, these provisions reflect a sound exercise of the Debtor's business judgment.

7                    *(1)      Exculpation*

8       The exculpation provision under the Plan provides the following:

9
10          **To the maximum extent permitted by law, neither the Debtor,
            the Reorganized Debtor, nor any of the professionals employed
11          or retained by them in connection with this bankruptcy case,
            shall have or incur liability to any person or entity for any act
12          taken or omission in connection with, relating to or arising out of
            the Debtor's chapter 11 case, the formulation, negotiation,
13          implementation, confirmation or consummation of this Plan, or
            any contract, instrument, release or other agreement or
14          document entered into during the chapter 11 case or otherwise
            created in connection with this Plan; provided, however, that
15          nothing in this provision shall be construed to limit liability for
            gross negligence or intentional misconduct.**

16  Plan, Article VII(E).

17      The Plan's exculpation provision is substantially similar to provisions found in many

18  confirmed chapter 11 plans.  Such exculpation prevents future collateral attacks against parties

19  that have contributed in good faith to a debtor's restructuring efforts.  Moreover, the exculpation

20  provided for under the Plan is limited only to the Debtor and its professionals.  The Debtor

21  believes that the limited scope of the exculpation is within the confines of what is permitted under

22  the Bankruptcy Code and Ninth Circuit authority, as properly concluded by the Ninth Circuit and

23  courts within the Ninth Circuit.  *Blixseth v. Credit Suisse*, 961 F.3d 1074, 1082 (9th Cir. 2020)

24  ("§ 524(e) does not bar a narrow exculpation clause of the kind here at issue—that is, one focused

25  on actions of various participants in the Plan approval process and relating only to that process.");

26  *see also In re Fleetwood Enterprises, Inc.,* Case No. 09-14254-MJ (Bankr. C.D.Cal. Aug. 6,

27  2010) (J. Jury) (Docket No. 2436; approving broad exculpation provision excluding willful

28  misconduct and gross negligence); *In re Woodside Group, LLC,* Case No. 08-20682 (Bankr.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1   C.D.Cal. Nov. 25, 2009) (J. Carroll) (Docket No. 2124; approving broad exoneration/exculpation

2   provision excluding acts/omissions constituting willful misconduct and gross negligence); *In re*

3   *Western Asbestos Co.*, 313 B.R. 832, 846-847 (Bankr. N.D. Cal. 2003) (approving broad

4   exculpation provision that excluded only willful misconduct by exculpated parties); *In re*

5   *Yellowstone Mountain Club, LLC*, 460 B.R. 254 (Bankr. D.Mont. 2011) (approving exculpation

6   excluding only gross negligence or willful misconduct).

7          Based on the circumstances of this Chapter 11 Case, the Plan's exculpation provision is

8   fair, reasonable and necessary to the Debtor's restructuring, is fully consistent with the

9   Bankruptcy Code, and is in the best interests of all parties in interest.

10                       *(2) Consensual Third-Party Release*

11          Article V of the Plan provides for consensual third-party releases by those unsecured

12   creditors who hold Settling Guaranty Claims and affirmatively elect into the settlement offered to

13   Class 3 members.  To elect into Class 3, qualifying claimants must agree to release Mr. Bakhramov

14   of all claims in exchange for more favorable treatment under the Plan.  This Class 3 settlement is

15   funded by Mr. Bakhramov's contribution of $100,000 as of the Effective Date as well as his agreed

16   reduction in salary during the Plan term, with such reduced amount allocated to Class 3.  Given the

17   voluntary nature of such releases and that a confirmed plan is in effect a binding contract,

18   consensual third-party releases in chapter 11 plans are commonly approved by bankruptcy courts.

19   *See, e.g., In re PG&E Corp.,* 617 B.R. 671, 683 (Bankr. N.D. Cal. 2020) ("Consensual third-party

20   releases do not run afoul of section 524(e) or governing Ninth Circuit law such as *Resorts Int'l v.*

21   *Lowenschuss (In re Lowenschuss),* 67 F.3d 1394, 1401-02 (9th Cir. 1995)."); *In re Fleetwood*

22   *Enterprises, Inc.,* Case No. 09-14254-MJ (Bankr. C.D.Cal. Aug. 6, 2010); *In re Station Casinos,*

23   *Inc.*, Case No. 09-52477 (Bankr. D.Nev. Aug. 27, 2010); *In re Evergreen Solar Inc.,* 11-12590

24   (MFW) (Bankr. D.Del. July 13, 2012); *In re Protostar Ltd, et al.,* Case No. 09-12659 (MFW)

25   (Bankr. D. Del Oct. 6, 2010); *In re Buffets Holdings, Inc.*, Case No. 08-10141 (Bankr. D. Del. Apr.

26   17, 2009).  Because the Class 3 releases are indisputably consensual (as reflected in the Plan terms

27   and applicable ballot to be returned by Class 3 members), they should be approved. *See, e.g., In re*

28   *Conseco, Inc.,* 301 B.R. 525, 526 (Bankr. N.D.Ill. 2003) ("Section 524(e) does not bar the inclusion

of consensual releases of nondebtors in a Chapter 11 plan"); *In re Zenith Electronics Corp.*, 241

B.R. 92, 111 (Bankr. D. Del. 1999) (consensual releases of voting parties' potential claims against

nondebtor third parties are permissible under the Bankruptcy Code).

**B.**      **The Debtor has Complied with the Applicable Provisions of Section 11 U.S.C.
§ 1129(a)(2)**

Section 1129(a)(2) of the Bankruptcy Code provides that a court may confirm a plan only

if "[t]he proponent of the plan complies with the applicable provisions of this title."  The principal

purpose of this subsection is to assure that the plan proponent has complied with the requirements

of section 1125 of the Bankruptcy Code, which governs the solicitation of acceptances to a plan. *In

re Texaco, Inc.*, 84 B.R. 893, 906-07 (Bankr. S.D.N.Y 1988); *In re Hoff*, 54 B.R. 746, 750-51

(Bankr. D.N.D. 1985); *In re Butler*, 42 B.R. 777, 782 (Bankr. E.D. Ark. 1984); *see also, Andrew v.

Coopersmith (In re Downtown Inv. Club III)*, 89 B.R. 59, 65 (9th Cir. B.A.P. 1988).  Further, section

1125(b) of the Bankruptcy Code provides, in relevant part, that:

> An acceptance or rejection of a plan may not be solicited after the
> commencement of the case under this title from a holder of a claim
> or interest with respect to such claim or interest, unless, at that time
> of or before such solicitation, there is transmitted to such holder the
> plan or a summary of the plan, and a written disclosure statement
> approved, after notice and hearing, by the court as containing
> adequate information

11 U.S.C. § 1125(b).

The Court's Scheduling Order set forth solicitation, notice and voting procedures with

respect to the solicitation of acceptances of the Plan.  Pursuant to those procedures, the Debtor is

serving a copy of the Plan, together with the applicable notice and ballot, on all creditors and interest

holders, and the U.S. Trustee contemporaneously with the filing of this Brief.  No solicitation of

acceptances of the Plan occurred before the Debtor mailed these documents.  Therefore, any and

all solicitations by the Debtor of acceptances of the Plan are in accordance with the provisions of

section 1125 of the Bankruptcy Code.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

BRIEF IN SUPPORT OF SUBCHAPTER V
PLAN OF REORGANIZATION

## C.  The Plan is Proposed in Good Faith – 11 U.S.C. § 1129(a)(3)

Section 1129(a)(3) of the Bankruptcy Code requires that a plan be proposed "in good faith and not by any means forbidden by law."  Bankruptcy Rule 3020(b)(2) further provides that the Court need not require evidence that a plan has been proposed in good faith if no objection has been filed challenging the proponent's good faith.  *See* Fed. R. Bankr. P. 3020(b)(2).

The good faith standard requires that there be a reasonable likelihood that a plan will achieve a result consistent with the objectives and purposes of the Bankruptcy Code.  *Ryan v. Louis (In re Corey)*, 892 F.2d 829, 835 (9th Cir. 1989); *Stolrow v. Stolrow's, Inc. (In re Stolrow's Inc.)*, 84 B.R. 167, 172 (B.A.P. 9th Cir. 1988).  The good faith standard requires a showing that the plan was proposed with "honesty and good intentions." *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 649 (2d Cir. 1988).  Also, a chapter 11 plan is filed in good faith if the plan proponent has exhibited "a fundamental fairness in dealing with one's creditors." *Stolrow's*, 84 B.R. at 172.  Good faith is viewed under the totality of the circumstances. *Jasik v. Conrad (In re Jasik),* 727 F.2d 1379, 1383 (5th Cir. 1984).

In this case, the totality of circumstances show that the Debtor has proposed the Plan in good faith.  The Debtor has worked diligently to formulate and propose the Plan that fits squarely within the rubric of subchapter V of chapter 11 in that all of the Debtor's projected disposable income during the three-year Plan period has been allocated to creditors.  Moreover, the Debtor's principal Mr. Bakhramov will contribute $100,000 upon the Effective Date and has otherwise agreed to reduce his salary by $5,000 per month during the Plan period in order to fund additional payments to Class 3 Settling Guaranty Claims.  Absent that settling class, creditors would likely continue the pursue Mr. Bakhramov – the Debtor's sole shareholder, officer and director – on guaranty obligations which would severely disrupt operations and could lead to a complete cessation of operations.  By allowing for the release of such guaranty claims and a contribution from Mr. Bakhramov, the Plan ensures that operations continue during the three-year Plan period and provide Class 4 unsecured creditors a minimum of an estimated 18% distribution – whereas liquidation would result in no recovery whatsoever.  Accordingly, the Debtor submits that it has exhibited the "fundamental fairness in dealing with creditors" required by section 1129(a)(3) of the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1   Bankruptcy Code to ensure that the Plan "will achieve a result consistent with the objectives and

2   purposes of the [Bankruptcy] Code." *Corey*, 892 F.2d at 835; *Stolrow's*, 84 B.R. at 172.

3   Accordingly, the requirements of section 1129(a)(3) of the Bankruptcy Code have been satisfied.

**D.      Compensation to Professionals Will be Made Pursuant to Court Supervisions – 11 U.S.C. 1129(a)(4)**

6       Section 1129(a)(4) of the Bankruptcy Code provides that the Court shall confirm a plan

7   only if "[a]ny payment made or to be made by the proponent … for services or for costs and

8   expenses in or in connection with the case, or in connection with the plan and incident to the case,

9   has been approved by, or is subject to the approval of, the court as reasonable."  11 U.S.C. §

10   1129(a)(4).  Section 1129(a)(4) mandates full disclosure of all payments or promises of payment

11   for services, costs, and expenses in connection with the case and subjects the reasonableness of

12   such payments to the scrutiny and approval of the court.  *New York Life Ins. Co. v. Chase Manhattan*

13   *Bank, N.A. (In re Texaco Inc.)*, 85 B.R. 934, 939 (Bankr. S.D. N.Y. 1988); Collier on Bankruptcy,

14   1129.03[4] (16th ed. rev.).

15       The Debtor's professionals have been employed with Court approval and all fees paid or to

16   be paid prior to the Effective Date have been and will be subject to a Court approved fee application

17   for services rendered through confirmation of this case.  For the avoidance of doubt, the Plan

18   provides that professional fees incurred after the Effective Date of the Plan may be paid by the

19   Reorganized Debtor in the ordinary course.  Accordingly, the Plan complies with the requirements

20   of section 1129(a)(4) of the Bankruptcy Code.

**E.      The Post-Confirmation Management Was Fully Disclosed and is in the Best Interest of the Estate – 11 U.S.C. § 1129(a)(5)**

23       Bankruptcy Code section 1129(a)(5)(A)(i) provides that a court may confirm a plan only if

24   the plan proponent discloses "the identity and affiliations of any individual proposed to serve, after

25   confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the

26   debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan."

27   Bankruptcy Code section 1129(a)(5)(A)(ii) requires that the appointment to or continuance in such

28   office of such party be "consistent with the interests of creditors and equity security holders and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

15

BRIEF IN SUPPORT OF SUBCHAPTER V
PLAN OF REORGANIZATION

1  with public policy." Similarly, Bankruptcy Code section 1129(a)(5)(B) requires that a plan disclose

2  the identity of any "insider" to be employed or retained by the reorganized debtor and the "nature

3  of any compensation" for such insider.

4      Article VI of the Plan discusses the future management of the Reorganized Debtor, which

5  will remain unchanged, and contains the disbursing agent provisions.  The Plan Projections further

6  detail the salary to be paid to insiders and other payroll obligations.  Thus, the Debtor respectfully

7  submits the Plan complies with the requirements of Section 1129(a)(5) of the Bankruptcy Code.

8      **F.**    **The Plan Does Not Require Any Regulatory Approval – 11 U.S.C. §**

9      **1129(a)(6)**

10     Section 1129(a)(6) of the Bankruptcy Code requires that, after confirmation of a plan, any

11  governmental regulatory commission with jurisdiction "over the rates of the debtor has approved

12  any rate change provided for in the plan."  This section is inapplicable because no regulatory

13  commission consents are applicable or necessary.

14     **G.**    **The Plan Meets the "Best Interest of Creditors" Test – 11 U.S.C. § 1129(a)(7)**

15     Section 1129(a)(7) of the Bankruptcy Code provides that a court may confirm a plan only

16  if the plan meets the "best interest of creditors" test.  Under the "best interest of creditors" test, each

17  holder of a claim or interest in an impaired class must either accept the plan or receive or retain

18  property of a value, as of the effective date of the plan, that is not less than the amount such holder

19  would receive or retain if the debtor were liquidated under Chapter 7 of the Bankruptcy Code on

20  such date.  *See Travelers Ins. Co. v. Pikes Peak Water Co. (In re Pikes Peak Water Co.)*, 779 F.2d

21  1456, 1460 (10th Cir. 1985); *In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279, 297 (Bankr.

22  S.D.N.Y. 1990); *In re Mason & Dixon Lines, Inc.*, 63 B.R. at 176, 183 (Bankr. M.D.N.C. 1986); *In

23  re Victory Constr. Co., Inc.*, 42 B.R. 145, 151 (Bankr. C.D. Cal. 1984).

24     The best interest of creditors test is met in this chapter 11 case.  As set forth in the Debtor's

25  Liquidation Analysis accompanying the Plan, the Debtor submits that a creditor of the Debtor

26  would recover less from the liquidation of the Debtor's assets under chapter 7 than under chapter

27  11.  Conversion to chapter 7 would cause the Debtor to immediately cease operations, and therefore

28  the Debtor would be unable to generate the cash flow necessary to fund payments to creditors from

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1   projected disposable income as set forth in the Plan.  Further, a conversion to chapter 7 would

2   burden the estate with the additional cost of the Trustee and their professionals.  Based on the

3   foregoing, the Debtor calculates in its Liquidation Analysis that unsecured creditors will receive

4   nothing in a chapter 7 after chapter 7 and chapter 11 administrative expenses are taken into account;

5   whereas under the Plan, Class 4 general unsecured creditors are projected to receive at least an

6   estimated 18% distribution.  Confirmation of the Plan, therefore, will result in a greater distribution

7   to creditors than liquidation under chapter 7.  Accordingly, the Plan complies with the best interest

8   of creditors test set forth in section 1129(a)(7) of the Bankruptcy Code.

9       **H.**    <u>**Acceptance of the Plan – 11 U.S.C. § 1129(a)(8)**</u>

10      Bankruptcy Code section 1129(a)(8) provides that a Court may confirm a plan only if, with

11  respect to each class of claims and interests, such class has accepted the plan, or such class is not

12  impaired under the plan.  *See Idaho Dep't of Lands v. Arnold (In re Arnold)*, 806 F.2d 937, 940

13  (9th Cir. 1986).  Section 1126(a) states "[t]he holder of a claim or interest allowed under section

14  502 of this title may accept or reject a plan."  Bankruptcy Code section 1126(c) provides that:

15      [a] class of claims has accepted a plan if such plan has been accepted
        by creditors . . . that hold at least two-thirds in amount and more than
16      one-half in number of the allowed claims of such class held by
        creditors . . . that have accepted or rejected such plan.
17

18  11 U.S.C. § 1126(c).

19      In subchapter V cases, section 1129(a)(8) of the Bankruptcy Code must be met in order to

20  confirm a plan consensually under section 1191(a) of the Bankruptcy Code.  However, section

21  1129(a)(8) does not apply to plans confirmed nonconsensually under section 1191(b) of the

22  Bankruptcy Code, as long as all other requirements of section 1191(b) of the Bankruptcy Code are

23  otherwise met (discussed below).  *See* 11 U.S.C. § 1191(b).

24      In compliance with the Court's Scheduling Order, the Debtor will prepare and file its ballot

25  summary after the voting deadline, and the Debtor requests that the Court rely on that ballot

26  summary in finding either: (a) compliance with the provisions of section 1129(a)(8) of the

27  Bankruptcy Code; or, alternatively, (b) compliance with the provisions of section 1191(b) of the

28  Bankruptcy Code.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**I.      Administrative Expenses and Priority Claimants are Treated Appropriately Under the Plan – 11 U.S.C. 1129(a)(9)**

Pursuant to Article V of the Plan all allowed unclassified administrative and priority claims will be paid in full, without interest, on the later of: (a) the Effective Date; (b) the date the Court enters an order allowing such fees and costs (as applicable to professional fee claims); or (c) a later date agreed to between the Debtor and the claimant.   Accordingly, the Plan satisfies section 1129(a)(9) of the Bankruptcy Code.

**J.      The Plan Will Be Accepted by at Least One Impaired Claim – 11 U.S.C. § 1129(a)(10)**

Bankruptcy Code section 1129(a)(10) provides that a Court may confirm a plan only if "at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider." *See Arnold*, 806 F.2d at 940 n.2 (at least one class of impaired claimants must accept plan).

In subchapter V cases, section 1129(a)(10) of the Bankruptcy Code must be met in order to confirm a plan consensually under section 1191(a) of the Bankruptcy Code.  However, section 1129(a)(10) does not apply to plans confirmed nonconsensually under section 1191(b) of the Bankruptcy Code, as long as all other requirements of section 1191(b) of the Bankruptcy Code are otherwise met (discussed below).  *See* 11 U.S.C. § 1191(b).

In compliance with the Court's Scheduling Order, the Debtor will prepare and file its ballot summary after the voting deadline, and the Debtor requests that the Court rely on that ballot summary in finding either: (a) compliance with the provisions of section 1129(a)(10) of the Bankruptcy Code; or, alternatively, (b) compliance with the provisions of section 1191(b) of the Bankruptcy Code.

**K.      The Plan is Feasible – 11 U.S.C. § 1129(a)(11)**

Bankruptcy Code section 1129(a)(11) provides that a Court may confirm a plan only if:

> [c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1  11 U.S.C. § 1129(a)(11)

2      There are at least two important aspects of a feasibility analysis.  Adopting the particulars

3  of this case, the first aspect considers whether the Debtor will have enough cash on hand on the

4  Effective Date of the Plan to pay all the claims and expenses which are entitled to be paid on such

5  date.  Based on the Projections attached to the Plan, the Debtor maintains that this aspect of

6  feasibility is fully satisfied.

7      The second aspect of feasibility requires a determination that confirmation of the Plan is not

8  likely to be followed by the liquidation, or the need for further financial reorganization of the

9  Debtor.  The Debtor submits that this aspect of feasibility is satisfied, as the Plan Projections

10  demonstrate that the Debtor projects that it will have sufficient cash flow to make all payments

11  required under the Plan.  Moreover, the Plan's classification of Class 3 Settling Guaranty Claims

12  encourages those creditors who may pursue Debtor's principal, Mr. Bakhramov, to elect into the

13  settling class and not pursue their guaranty claims against Mr. Bakhramov.  This will in turn

14  mitigate any disruption to the Debtor's operations that would have otherwise been caused by such

15  creditors seeking enforcement of any guaranty claims.

16      For all the foregoing reasons, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

17  **L.**     **The Debtor Has Paid or Will Pay all Fees Due Under 28 U.S.C. § 1930 – 11**

18          **U.S.C. § 1129(a)(12)**

19      Section 1129(a)(12) provides that a Court may confirm a plan only if "[a]ll fees payable

20  under section 1930 of title 28, as determined by the court at the hearing on confirmation of the plan,

21  or the plan provides for the payment of all such fees on the effective date of the plan." 11 U.S.C. §

22  1129(a)(12).  The Debtor submits that no applicable fees will be payable, as all filing fees have

23  been paid and no quarterly fees accrue in a subchapter V chapter 11 case.  *See* 28 U.S.C. §

24  1930(a)(6).  To the extent any fees may be payable under this 28 U.S.C. 1930, the Article V of the

25  Plan provides that such fees will be paid by the Effective Date.  The Debtor respectfully submits

26  that, to the extent this section applies, all required fees have been paid in full on the Effective Date.

27  **M.**     **The Debtor Has No Obligations for Retiree Benefits – 11 U.S.C. § 1129(a)(13)**

28      Section 1129(a)(13) of the Bankruptcy Code provides that a Court may confirm a plan only

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1   if "[t]he plan provides for the continuation after its effective date of payment of all retiree benefits,

2   as that term is defined in section 1114 of this title, at the level established pursuant to subsection

3   (e)(1)(B) or (g) of section 1114 of this title, at any time prior to confirmation of the plan, for the

4   duration of the period the debtor has obligated itself to provide such benefits." 11 U.S.C. §

5   1129(a)(13).  This requirement is inapplicable, as the Debtor has no retiree benefits to continue.

6   **N.      The Requirements of 11 U.S.C. § 1191(b)**

7   Bankruptcy Code section 1191(b) provides:

8   Notwithstanding section 510(a) of this title, if all of the applicable
    requirements of section 1129(a) of this title, other than paragraphs
9   (8), (10), and (15) of that section, are met with respect to a plan, the
    court, on request of the debtor, shall confirm the plan
10  notwithstanding the requirements of such paragraphs if the plan does
    not discriminate unfairly, and is fair and equitable, with respect to
11  each class of claims or interests that is impaired under, and has not
    accepted, the plan.
12

13  11 U.S.C. § 1191(b).

14          The Debtor submits that the Plan is fair and equitable with respect to each class of claim.

15  Pursuant to the Court's Scheduling Order, the Debtor will prepare and file a ballot summary prior

16  to the hearing on confirmation.

17  **O.      No Avoidance of Tax or Securities Obligations – 11 U.S.C. § 1129(d)**

18  Section 1129(d) provides that:

19  [O]n request of a party in interest that is a governmental unit, the
    court may not confirm a plan if the principal purpose of the plan is
20  the avoidance of taxes or the avoidance of section 5 of the Securities
    Act of 1933….
21

22  11 U.S.C. § 1129(d)

23          No governmental party in interest has requested the denial of confirmation on any of the

24  foregoing grounds, and they are not applicable here.  As shown above in the "good faith"

25  analysis, the principal purpose of the Plan is to pay creditor claims – the paramount goal of a

26  chapter 11 bankruptcy case.  Consequently, this requirement has been satisfied.

27  **III.   CONCLUSION**

28          Based on the foregoing, the Plan meets each and every requirement for confirmation

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    pursuant to sections 1129, 1181 and 1191 of the Bankruptcy Code.   Accordingly, the Debtor

2    requests that the Court enter an order confirming the Plan and granting such other and further relief

3    as is just and proper under the circumstances.

4

5

6    DATED: June 11, 2024                    GREENBERG GLUSKER FIELDS CLAMAN &
                                             MACHTINGER LLP
7

8
                                             By: /s/Keith Patrick Banner
9                                                BRIAN L. DAVIDOFF (SBN 102654)
                                                 KEITH PATRICK BANNER (SBN 259502)
10                                               COLE F. NICHOLAS (SBN 354027)
                                                 Attorneys for Debtor and Debtor-in-Possession
11                                               MARCHEY GROUP, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## DECLARATION OF MARUF BAKHRAMOV

I, Maruf Bakhramov, being fully sworn, hereby declare that the following is true to the best of my knowledge, information and belief:

1.    I am the sole officer, director and shareholder of Marchey Group, Inc., a California corporation (the "Debtor"), the debtor and debtor in possession in the above referenced subchapter V chapter 11 case.  I have been responsible for and have overseen the overall operations of the Company since its formation in 2015.  In this capacity, I am familiar with the history, day-to-day operations, business and financial affairs of the Company.  Except as otherwise indicated, all facts as set forth in this declaration are based upon my personal knowledge, my discussion with other employees and representatives of the Company, my review of relevant documents, or my opinion based upon my experience and knowledge of the Company's operations and financial condition.  If I were called to testify, I would and could testify competently to the facts set forth in this declaration.

2.    I am the custodian of the Debtor's books, records, and documents.  The Debtor maintains records of its transactions in the regular course of business, and it is the Debtor's practice and procedure to maintain records and to record transactions, acts, and events at or about the time the transaction occurs.  The Debtor relies on these records in connection with its business dealings.

3.    I submit this declaration in support of confirmation of the concurrently filed *Debtor's Subchapter V Plan of Reorganization* (as may be modified or amended, including all exhibits thereto, the "Plan").  Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan.

4.    The Plan was prepared by my counsel with my extensive review and input.  I believe that all the information contained in the Plan is true and correct and fairly presented to the best of my knowledge.

5.    The Debtor is a California S Corporation, formed in June 2015.  I formed the Debtor out of a vision to transform the appliance parts industry.  The Debtor's business follows a "reseller" business model, whereby consumers order appliance parts through online portals such as Amazon and eBay, and the Debtor obtains the ordered part from business-to-business distributors and ships

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

the product directly to the consumer.  The moment a consumer orders a particular appliance part through one of the Debtor's seller's portals, the Debtor immediately orders that part from the applicable vendor, which is invoiced and delivered to the Debtor.  The Debtor, in turn, promptly ships the ordered part to the consumer from its warehouse.

6.     This "reseller" approach proved successful, and the Debtor experienced significant growth, with a year-on-year increase in revenue from $2,072,224 in 2015 to $9,676,450 in 2023.

7.     The Debtor generally does not keep an inventory of appliance parts other than a limited amount of aftermarket inventory left from the Debtor's venture into that space.  The Debtor ran into difficulties soon after it ventured into the aftermarket product space, as a significant amount of capital was needed to purchase aftermarket inventory and the Debtor experienced a myriad of issues with the overseas manufacturers of such products, including quality control.

8.     With the aftermarket product venture consuming much needed cash, the Debtor turned to a series of loans for liquidity, including various "merchant cash advance loans" to support the business.  Although the Debtor has since abandoned the aftermarket product space, the exorbitant payments attributable to these loans put a strain on the Debtor's liquidity.  As of the Petition Date, the Debtor's monthly commitments on such loans totaled nearly $250,000, not including credit card payments and other operational expenses, with many of the lenders automatically withdrawing funds from the Debtor's bank account on a weekly basis.  This left the Debtor with insufficient cash to support operations.  In light of this urgent liquidity crisis, the Debtor commenced this chapter 11 case.

9.     The nature of the Debtor's business is such that it creates new accounts receivable on a daily basis.  At any given time, the Debtor has 4,000 – 5,000 orders outstanding through its online portals, each of which generates its own receivable.  The Debtor collects proceeds from each order to fund operations and fulfil new customer orders, with the latter giving rise to new accounts receivable.   This process likely occurred at least five (5) times over the course of this chapter 11 case.

DECLARATION OF MARUF
BAKHRAMOV

10.    The Debtor currently employs 4 full time and 2 part time employees.  Prior to the commencement of this Chapter 11 Case, the employees were paid in full for work performed through the Petition Date.

11.    The Debtor, as a small business in this subchapter V bankruptcy case relies on my services to manage the day-to-day affairs of the company.  There are no employees of the Debtor that serve in any managerial capacity other than me.  A day that I do not manage the affairs of the Debtor is a day that the Debtor does not operate.

12.    Based on the Debtor's books and records, I understand that, as of the Petition Date, ACS held an outstanding secured loan in the amount of $184,466.64 encumbering the Debtor's asset

13.    I prepared the Liquidation Analysis attached as <u>Exhibit 1</u> to the Plan (the "Liquidation Analysis) based upon my review of the Debtor's books and records and reflects a liquidation scenario based on the Debtor's assets reflected in the Debtor's books and records as of May 31, 2024.  The value of the assets detailed in the Liquidation Analysis reflects the book value of those assets.  The chapter 7 and chapter 11 administrative expenses and creditors listed in the Liquidation Analysis are estimates made through consultation with my counsel.  The total amount of unsecured claims contains in the Liquidation Analysis was calculated based on proofs of claim filed in this bankruptcy case and, if no claim was filed, amounts reflected in the Debtor's books and records.  As reflected in the Liquidation Analysis and based thereon, I believe the Plan will provide a recovery to the Debtor's creditors that far exceeds the recovery that would otherwise be available to creditors in chapter 7 liquidation.

14.    I prepared the three-year financial projections attached as <u>Exhibit 2</u> to the Plan (the "Projections") based on the Debtor's historical records including the Debtor's financial records for the calendar years 2021, 2022, 2023 and 2024 (year-to-date) as well as current operations results during the bankruptcy case (including but not limited to a noticeable decline in sales since the commencement of the bankruptcy case).  The Projections attached to the Plan were heavily tested and vetted by the Debtor, with feedback from counsel, and I believe they represent reasonable estimates of the Debtor's expected financial performance, on a cash-basis, following Plan

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

DECLARATION OF MARUF
BAKHRAMOV

1   confirmation.    Accordingly, I believe that the Debtor's Projections are both reasonable and

2   achievable.

3       15.     As reflected in the Projections, the Plan will be funded by a combination of (1) the

4   Debtor's cash on hand on the Effective Date, which I estimate will be $50,000; and (2) the Debtor's

5   projected disposable income.

6       16.     In addition to the foregoing, to fund distributions to the Class 3 Settling Guaranty

7   Claims I will contribute the following to Class 3: (1) on the Effective Date, I will personally fund

8   the lesser of (i) $100,000; or (ii) the total amount of Class 3 Settling Guaranty Claims; and (2) I

9   have agreed to voluntarily reduce my salary from $20,000 – which is consistent with my pre-

10  petition compensation and my approved compensation in this chapter 11 bankruptcy case – to

11  $15,000, with such amount being paid to Class 3 Settling Guaranty Claims.

*(Signature Page Follows)*

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I declare under penalty of perjury under the laws of the United States that the foregoing is

2  true and correct.  Executed at Los Angeles, California on this 11th day of June 2024.

MARUF BAKHRAMOV

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

DECLARATION OF MARUF
BAKHRAMOV

1    ## DECLARATION OF KEITH PATRICK BANNER

2    I, Keith Patrick Banner, declare:

3         1.    I am a partner at Greenberg Glusker Fields Claman & Machtinger LLP ("Greenberg

4    Glusker"), attorneys for Marchey Group, Inc., a California corporation (the "Debtor"), the debtor

5    and debtor in possession in the above referenced subchapter V chapter 11 case.  The facts herein

6    contained are within my own personal knowledge and belief and I could and would competently

7    testify thereto if called upon to do so.

8         2.    I submit this declaration in support confirmation of the concurrently filed *Debtor's*

9    *Subchapter V Plan of Reorganization*.

10        3.    In    connection    with    Greenberg    Glusker's    preparations    associated    with

11   commencement of this subchapter V chapter 11 case, I ordered the following two UCC Search

12   Reports from our vendor CLAS Information Services, which identified all UCC filings made with

13   the California Secretary of State against the Debtor as of the date each search was performed

14   (collectively, the "UCC Reports"): (a) a UCC Search Report with a Search Date of February 13,

15   2024; and (b) an updated UCC Search Report with a Search Date of February 29, 2024.  True and

16   correct copies of the UCC Reports are attached hereto as <u>Exhibit 1</u>.

17

18        I declare under penalty of perjury under the laws of the United States of America that the

19   foregoing is true and correct.

20        Executed at Los Angeles, California this 11th day of June, 2024.

21

22

23   _____

24   KEITH PATRICK BANNER

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

DECLARATION OF KEITH
PATRICK BANNER

# EXHIBIT 1

Exhibit 1 Page 0002

Search Date: February 13, 2024

**CLAS**
Better
Intelligence
Better
Decisions™
WORLDWIDE INFORMATION SERVICES

1545 River Park Dr., Suite 330, Sacramento, CA 95815
T: 916.564.7800 | TF: 800.952.5696 | connect@clasinfo.com

Ask us about UCC eZFILE® PRO!

## UCC Search Report

| | |
|---|---|
| **Type of Search** | UCCs, Federal Tax Liens, State Tax Liens, and Judgments |
| **Jurisdiction/Filing Office** | State of California, Secretary of State Uniform Commercial Code Division |
| **Estimated Currency Date** | Feb. 09, 2024 |
| **Last File Date** | Feb 11 2024 |
| **Subject Search Name** | MARCHEY GROUP INC. |
| **Search Key Entered** | MARCHEY* GR* |

## Results

Based on a search of the indices of the Uniform Commercial Code Division of the Secretary of State of California, there are no active liens of record other than those set out below. Liens reflected in this report were based on the searcher's individual search parameters, the search key entered, as well as the searcher's choice of the liens ultimately included or excluded herein. Certification can only be obtained through the office of the California Secretary of State.

### 1. UCC

| | | |
|---|---|---|
| **Document No.** | 20177569258444 | Lapses 2/2/2027 |
| **Filed** | 2/2/2017 | |
| **Debtor** | MARCHEY GROUP, INC. | |
| | 6919 WOODLEY AVE STE B | |
| | VAN NUYS CA 91406 | |
| **Secured Party** | AMAZON CAPITAL SERVICES, INC. | |
| | 2201 WESTLAKE AVE | |
| | SEATTLE WA 98121 | |
| **Amendment Type** | Amendment | |
| **File No.** | 201876831492 | |
| **Filed** | 11/16/2018 1:28:23 AM | |
| **Amendment Type** | Continuation | |
| **File No.** | U210075474033 | |
| **Filed** | 8/15/2021 4:42:47 AM | |

### 2. UCC

| | | |
|---|---|---|
| **Document No.** | 20187673919112 | **Lapsed 10/4/2023** |
| **Filed** | 10/4/2018 | |
| **Debtor** | MARCHEY GROUP, INC. | |
| | 6921 WOODLEY AVE | |
| | VAN NUYS CA 91406 | |
| **Secured Party** | CHTD COMPANY | |
| | P.O. BOX 2576 | |

Exhibit 1 Page 0003

**3. UCC**

|  |  |  |
|---|---|---|
| **Document No.** | U210027627223 | Lapses 3/2/2026 |
| **Filed** | 3/2/2021 | |

| | |
|---|---|
| **Debtor** | MARCHEY GROUP INC |
| | 754 CALLE PLANO |
| | CAMARILLO CA 93012 |

| | |
|---|---|
| **Secured Party** | FASANARA SECURITISATION S.A, ACTING FOR AND ON BEHALF OF ITS COMPARTMENT L |
| | 36-38 GRAND-RUE GRAND DUCHY OF LUXEMBOURG |

| | |
|---|---|
| **Secured Party** | SELLERSFUNDING CORP |
| | 450 LEXINGTON AVE 4TH FLOOR |
| | NEW YORK NY 10017 |

| | |
|---|---|
| **Amendment Type** | Assignment |
| **File No.** | U210027637325 |
| **Filed** | 3/2/2021 2:01:34 PM |

**4. UCC**

|  |  |  |
|---|---|---|
| **Document No.** | U220226055725 | Lapses 9/12/2027 |
| **Filed** | 9/12/2022 | |

| | |
|---|---|
| **Debtor** | MARCHEY GROUP, INC. |
| | 754 CALLE PLANO |
| | CAMARILLO CA 93012 |

| | |
|---|---|
| **Secured Party** | AMAZON CAPITAL SERVICES, INC. |
| | 410 TERRY AVE. N. |
| | SEATTLE WA 98109 |

**5. UCC**

|  |  |  |
|---|---|---|
| **Document No.** | U220226055927 | Lapses 9/12/2027 |
| **Filed** | 9/12/2022 | |

| | |
|---|---|
| **Debtor** | MARCHEY GROUP, INC. |
| | 754 CALLE PLANO |
| | CAMARILLO CA 930128555 |

| | |
|---|---|
| **Secured Party** | AMAZON CAPITAL SERVICES, INC. |
| | 410 TERRY AVE. N. |
| | SEATTLE WA 98109 |

**6. UCC**

|  |  |  |
|---|---|---|
| **Document No.** | U230028056222 | Lapses 4/20/2028 |
| **Filed** | 4/20/2023 | |

| | |
|---|---|
| **Debtor** | MARCHEY GROUP, INC. |
| | 754 CALLE PLANO |
| | CAMARILLO CA 93012 |

| | |
|---|---|
| **Secured Party** | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE |
| | P.O. BOX 2576 |
| | SPRINGFIELD IL 62708 |

**7. UCC**

|  |  |  |
|---|---|---|
| **Document No.** | U230062647017 | Lapses 9/6/2028 |
| **Filed** | 9/6/2023 | |

| | |
|---|---|
| **Debtor** | MARCHEY GROUP INC |
| | 6919 WOODLEY AVE STE B |
| | VAN NUYS CA 91406 |

| | |
|---|---|
| **Secured Party** | C T CORPORATION SYSTEM, AS REPRESENTATIVE |
| | 330 N BRAND BLVD, SUITE 700; ATTN: SPRS |
| | GLENDALE CA 91203 |

**8. UCC**

|  |  |  |
|---|---|---|
| **Document No.** | U230063285524 | Lapses 9/8/2028 |
| **Filed** | 9/8/2023 | |

Exhibit 1 Page 0004

| | |
|---|---|
| **Debtor** | MARCHEY GROUP INC |
| | 8421 CANOGA AVE |
| | CANOGA PARK CA 913042607 |
| **Secured Party** | FASANARA SECURITISATION S.A, ACTING FOR AND ON BEHALF OF ITS COMPARTMENT L |
| | 36-38 GRAND- RUE GRAND DUCHY OF LUXEMBOURG, LU L-1660 |
| **Secured Party** | SELLERSFUNDING CORP |
| | 1290 WESTON ROAD SUITE 306 |
| | WESTON FL 33326 |
| **Amendment Type** | Assignment |
| **File No.** | U230063362325 |
| **Filed** | 9/8/2023 11:25:15 AM |

### 9. UCC

| | | |
|---|---|---|
| **Document No.** | U230068712526 | Lapses 9/28/2028 |
| **Filed** | 9/28/2023 | |

| | |
|---|---|
| **Debtor** | MARCHEY GROUP INC |
| | 754 CALLE PLANO |
| | CAMARILLO CA 930128555 |
| **Secured Party** | FASANARA SECURITISATION S.A, ACTING FOR AND ON BEHALF OF ITS COMPARTMENT L |
| | 36-38 GRAND- RUE GRAND DUCHY OF LUXEMBOURG, LU L-1660 |
| **Secured Party** | SELLERSFUNDING CORP |
| | 1290 WESTON ROAD SUITE 306 |
| | WESTON FL 33326 |
| **Amendment Type** | Assignment |
| **File No.** | U230068769233 |
| **Filed** | 9/28/2023 10:46:56 AM |

### 10. UCC

| | | |
|---|---|---|
| **Document No.** | U230081690121 | Lapses 11/17/2028 |
| **Filed** | 11/17/2023 | |

| | |
|---|---|
| **Debtor** | A TO Z APPLIANCE, INC. |
| | 8421 CANOGA AVE |
| | CANOGA PARK CA 91304 |
| **Debtor** | A TO Z PLUMBINGS |
| | 8421 CANOGA AVE |
| | CANOGA PARK CA 91304 |
| **Debtor** | BAKHRAMOV, MARUF MEKHRIDINOVICH |
| | 5351 YOLANDA AVE |
| | TARZANA CA 91356 |
| **Debtor** | LPG PRODUCT EXPORTS |
| | 8421 CANOGA AVE |
| | CANOGA PARK CA 91304 |
| **Debtor** | MARCHEY DISTRIBUTION |
| | 8421 CANOGA AVE |
| | CANOGA PARK CA 91304 |
| **Debtor** | MARCHEY GROUP INC |
| | 8421 CANOGA AVE |
| | CANOGA PARK CA 91304 |
| **Debtor** | MARCHEY GROUP, INC. |
| | 8421 CANOGA AVE |
| | CANOGA PARK CA 91304 |
| **Debtor** | MARUF BAKHRAMOV CO |
| | 8421 CANOGA AVE |
| | CANOGA PARK CA 91304 |
| **Debtor** | SUPPLYZ, INC. |
| | 8421 CANOGA AVE |
| | CANOGA PARK CA 91304 |
| **Secured Party** | CHTD COMPANY |
| | P.O. BOX 2576 |
| | SPRINGFIELD IL 62708 |

Exhibit 1 Page 0005

**11. UCC**

| | |
|---|---|
| **Document No.** | U230084482031    Lapses 12/1/2028 |
| **Filed** | 12/1/2023 |
| **Debtor** | MARCHEY GROUP INC |
| | 754 CALLE PLANO |
| | CAMARILLO CA 930128555 |
| **Secured Party** | FASANARA SECURITISATION S.A, ACTING FOR AND ON BEHALF OF ITS COMPARTMENT L |
| | 36-38 GRAND- RUE GRAND DUCHY OF LUXEMBOURG, LU L1660 |
| **Secured Party** | SELLERSFUNDING CORP |
| | 1290 WESTON ROAD SUITE 306 |
| | WESTON FL 33326 |
| **Amendment Type** | Assignment |
| **File No.** | U230084543729 |
| **Filed** | 12/1/2023 11:32:33 AM |

We assume no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, legal effect or priority of any matter shown herein; nor, due to our inability to independently verify the accuracy of this data as provided by government and other sources, do we make any guaranty or representation as to its accuracy.

---------- **END OF REPORT** ----------

## Report Parameters

The UCC Revised Article 9 Model Administrative Rules (MARS) provide state filing offices with a set of guidelines for producing a legally compliant UCC lien search report. The search tool used to create this search report was designed to satisfy the requirements under MARS while providing the searcher with increased flexibility.

Flexible search logic generates a more inclusive search report and addresses the inconsistencies in searches performed within states that did not effectively adopt the MARS guidelines. Further, these specially designed broad-based searching features aid in the location of involuntary liens such as Federal and State Tax Liens and Judgment Liens and liens that may not be located in state databases limited to the MARS guidelines for the reporting of UCCs.

Exhibit 1 Page 0006

# UCC FINANCING STATEMENT
## FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Gisella Melendez
800-331-3282

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
CT LIEN SOLUTIONS
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

**DOCUMENT NUMBER:** 59511110002
**FILING NUMBER:** 17-7569258444
**FILING DATE:** 02/02/2017 07:51

IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| MARCHEY GROUP, INC. | | | |

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6919 WOODLEY AVE STE B | VAN NUYS | CA | 91406 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Amazon Capital Services, Inc. | | | |

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2201 Westlake Ave | Seattle | WA | 98121 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
(i) All inventory at any time stored for you in Amazon fulfillment centers, wherever found, (ii) any right, title or interest in your Seller Account, as well as any other seller accounts administered by Amazon Services LLC you may use, (iii) all Accounts, Chattel Paper, Deposit Accounts, Documents, Instruments, Investment Property, or Payment Intangibles, (iv) all Equipment, Goods, Inventory and other tangible personal property located in Alaska, Arizona, California, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Maryland, Massachusetts, Minnesota, Montana, Nevada, New Hampshire, New Jersey, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, Washington, West Virginia, or Wisconsin, (v) any books and records pertaining to the Collateral, and (vi) any insurance, proceeds or products of the foregoing.

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions)    ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction    ☐ Manufactured-Home Transaction    ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien    ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION** (if applicable): ☐ Lessee/Lessor    ☐ Consignee/Consignor    ☐ Seller/Buyer    ☐ Bailee/Bailor    ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
CA-0-57474562-52774554

**FILING OFFICE COPY**

Exhibit 1 Page 0007

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

| | |
|---|---|
| **A. NAME & PHONE OF CONTACT AT FILER (optional)**<br>Lien Solutions<br>800-331-3282 | |
| **B. E-MAIL CONTACT AT FILER (optional)** | |
| **C. SEND ACKNOWLEDGMENT TO: (Name and Address)**<br>Lien Solutions<br>P.O. Box 29071<br>Glendale, CA 91209-9071<br>USA | **DOCUMENT NUMBER: 74957460002**<br>**FILING NUMBER: 18-76831492**<br>**FILING DATE: 11/16/2018 01:28**<br><br>IMAGE GENERATED ELECTRONICALLY FOR XML FILING<br>THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY |

**1a. INITIAL FINANCING STATEMENT FILE NUMBER**
17-7569258444

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Filer: Attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** ☐ **PARTY INFORMATION CHANGE:**
Check one of these two boxes: **AND** Check one of these three boxes to:
This Change affects ☐ Debtor or ☐ Secured Party of record.
☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a and 7b and item 7c
☐ ADD name: Complete item 7a or 7b, and item 7c
☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| OR | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| OR | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 7b. INDIVIDUAL'S SURNAME | | | |
| | INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| | INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**8.** ☑ **COLLATERAL CHANGE:** Also check one of these four boxes: ☑ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:
The Collateral is all of the following property the debtor now owns or may acquire in the future: (i) all inventory at any time stored for the debtor or the debtor's affiliate accounts in Amazon fulfillment centers, wherever found, (ii) any right, title or interest in the debtor's Seller Account, as well as any other Amazon seller accounts affiliated with the debtor, (iii) all Accounts, Chattel Paper, Deposit Accounts, Documents, Instruments, Investment Property, or Payment Intangibles, (iv) all Equipment, Goods, Inventory and other tangible personal property located in the United States, (v) any books and records pertaining to the Collateral, and (vi) any insurance, proceeds or products of the foregoing.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| OR | a. ORGANIZATION'S NAME<br>Amazon Capital Services, Inc. | | | |
|---|---|---|---|---|
| | b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA:**
CA-0-67377567-56155208- Debtor: MARCHEY GROUP, INC.

**FILING OFFICE COPY**

Exhibit 1 Page 0008


U210075474033



## STATE OF CALIFORNIA
*Office of the Secretary of State*
### UCC FINANCING STATEMENT AMENDMENT (UCC 3)

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File #: U210075474033 |
| Date Filed: 8/15/2021 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | WOLTERS KLUWER LIEN SOLUTIONS |
| Organization Name | LIEN SOLUTIONS |
| Phone Number | 800-331-3282 |
| Email Address | uccfilingreturn@wolterskluwer.com |
| Address | P.O. BOX 29071 |
| | GLENDALE, CA 912099071 |

Amendment Action Information:

| | |
| --- | --- |
| Initial Financing Statement File Number | 177569258444 |
| Date Filed | 02/02/2017 |
| Amendment Action | Continuation |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

| | |
| --- | --- |
| Authorizing Secured Party Name | Amazon Capital Services, Inc. |

Optional Filer Reference Information:

81971384

Exhibit 1 Page 0009

B0421-2497 08/15/2021 4:43 AM Received by California Secretary of State



U210027627223

**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File #: U210027627223
Date Filed: 3/2/2021

Submitter Information:

| | |
|---|---|
| Contact Name | Zachary Kenny |
| Organization Name | SellersFunding Corp |
| Phone Number | (201) 201-7535 |
| Email Address | operations@sellersfunding.com |
| Address | 450 LEXINGTON AVE 4TH FLOOR<br>NEW YORK, NY 10017 |

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| MARCHEY GROUP INC | 754 CALLE PLANO<br>CAMARILLO, CA 93012 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| SellersFunding Corp | 450 LEXINGTON AVE 4TH FLOOR<br>NEW YORK, NY 10017 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
(a) all present and future receivables owed from Amazon.com, Inc. and its affiliates (the "Marketplace"), or any other marketplace or third party, to the Debtor (collectively, the "Receivables")
(b) all present and future (i) accounts (including, but not limited to, all payment rights), (ii) chattel paper (including electronic chattel paper), (iii) commercial tort claims, (iv) all collateral securing the Receivables (if any), (v) deposit accounts (including each bank account), (vi) documents (including documents governing the terms of the Receivables), (vii) financial assets, (viii) general intangibles, (ix) instruments (including, but not limited to documents governing the terms of the Receivables), (x) letters of credit, (xi) letter of credit rights, (xii) payment intangibles, (xiii) securities, (xiv) security accounts, and (xv) security entitlements, in each case whether now or hereafter owned, held, or acquired, relating to the Receivables, received in connection with the Receivables or into which the Receivables are paid;
(c) all equipment and inventory sold on the Marketplace or any other online marketplace;
(d) the Debtor's business account/ accounts or other accounts at the Marketplace and any other account at a marketplace or other third party that is an obligor in connection with the Receivables;
(e) all books, records, data, plans, manuals, computer software, computer tapes, computer systems, computer disks, computer programs, source codes and object codes containing any information, pertaining directly or indirectly to the collateral and all rights to retrieve data and other information pertaining directly or indirectly to the collateral; and
(f) all products or proceeds of the foregoing.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:
Not Applicable

Select an additional alternate Financing Statement type:
Not Applicable

Select an alternative Debtor/Secured Party designation for this Financing Statement:
Not Applicable

Optional Filer Reference Information:

Miscellaneous Information:

Exhibit 1 Page 0010

Search to Reflect:

☐ Order a Search to Reflect

B0373-1200 03/02/2021 1:41 PM Received by California Secretary of State

Exhibit 1 Page 0011



U210027637325

B0373-1294  03/02/2021  2:02 PM  Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
|---|
| **-FILED-** |
| File #: U210027637325 |
| Date Filed: 3/2/2021 |

Submitter Information:

| | |
|---|---|
| Contact Name | Francesco Vaccari |
| Organization Name | Fasanara Capital Ltd |
| Phone Number | (201) 201-7535 |
| Email Address | securitytrustee@fasanara.com |
| Address | 40 New Bond Street
London
W1S2RX
United Kingdom |

Amendment Action Information:

| | |
|---|---|
| Initial Financing Statement File Number | U210027627223 |
| Date Filed | 03/02/2021 |
| Amendment Action | Assignment |

Secured Party Assignee:

| Secured Party Name | Mailing Address | Assignee |
|---|---|---|
| FASANARA SECURITISATION S.A, ACTING FOR AND ON BEHALF OF ITS COMPARTMENT L | 36-38 GRAND-RUE
GRAND DUCHY OF LUXEMBOURG
L-1660
Luxembourg | ☒ Assignee |

| Indicate how documentation of Collateral is provided: | Not Applicable |
|---|---|

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

| Authorizing Secured Party Name | SELLERSFUNDING CORP |
|---|---|

Optional Filer Reference Information:

Miscellaneous Information:

Exhibit 1 Page 0012

U220226055725





## STATE OF CALIFORNIA
*Office of the Secretary of State*
## UCC FINANCING STATEMENT (UCC 1)
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: U220226055725 |
| Date Filed: 9/12/2022 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | WOLTERS KLUWER LIEN SOLUTIONS |
| Organization Name | LIEN SOLUTIONS |
| Phone Number | 800-331-3282 |
| Email Address | uccfilingreturn@wolterskluwer.com |
| Address | P.O. BOX 29071 GLENDALE, CA 912099071 |

Debtor Information:

| Debtor Name | Mailing Address |
| --- | --- |
| MARCHEY GROUP, INC. | 754 CALLE PLANO CAMARILLO, CA 93012 |

Secured Party Information:

| Secured Party Name | Mailing Address |
| --- | --- |
| AMAZON CAPITAL SERVICES, INC. | 410 TERRY AVE. N. SEATTLE, WA 98109 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
The Collateral is all of the following property the debtor now owns or may acquire in the future: (i) all inventory at any time stored for the debtor or the debtor's affiliate accounts in Amazon fulfillment centers, wherever found, (ii) any right, title or interest in the debtor's Seller Account, as well as any other Amazon seller accounts affiliated with the debtor, (iii) all Accounts, Chattel Paper, Deposit Accounts, Documents, Instruments, Investment Property, or Payment Intangibles, (iv) all Equipment, Goods, Inventory and other tangible personal property located in the United States, (v) any books and records pertaining to the Collateral, and (vi) any insurance, proceeds or products of the foregoing.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:
88699209

B1092-1973  09/12/2022  12:33  PM  Received by California Secretary of State

Exhibit 1 Page 0013

U220226055927



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
|---|
| **-FILED-** |
| File No.: U220226055927 |
| Date Filed: 9/12/2022 |

**Submitter Information:**

| | |
|---|---|
| Contact Name | WOLTERS KLUWER LIEN SOLUTIONS |
| Organization Name | LIEN SOLUTIONS |
| Phone Number | 800-331-3282 |
| Email Address | uccfilingreturn@wolterskluwer.com |
| Address | P.O. BOX 29071<br>GLENDALE, CA 912099071 |

**Debtor Information:**

| Debtor Name | Mailing Address |
|---|---|
| MARCHEY GROUP, INC. | 754 CALLE PLANO<br>CAMARILLO, CA 930128555 |

**Secured Party Information:**

| Secured Party Name | Mailing Address |
|---|---|
| AMAZON CAPITAL SERVICES, INC. | 410 TERRY AVE. N.<br>SEATTLE, WA 98109 |

**Indicate how documentation of Collateral is provided:**
Entered as Text

**Description:**
The Collateral is all of the following property the debtor now owns or may acquire in the future: (i) all inventory at any time stored for the debtor or the debtor's affiliate accounts in Amazon fulfillment centers, wherever found, (ii) any right, title or interest in the debtor's Seller Account, as well as any other Amazon seller accounts affiliated with the debtor, (iii) all Accounts, Chattel Paper, Deposit Accounts, Documents, Instruments, Investment Property, or Payment Intangibles, (iv) all Equipment, Goods, Inventory and other tangible personal property located in the United States, (v) any books and records pertaining to the Collateral, and (vi) any insurance, proceeds or products of the foregoing.

**Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:**
Not Applicable

**Select an alternate Financing Statement type:**

**Select an additional alternate Financing Statement type:**

**Select an alternative Debtor/Secured Party designation for this Financing Statement:**

**Optional Filer Reference Information:**
88699207

Exhibit 1 Page 0014

B1092-1976 09/12/2022 12:34 PM Received by California Secretary of State

U230028056222



## STATE OF CALIFORNIA
*Office of the Secretary of State*
## UCC FINANCING STATEMENT (UCC 1)

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: U230028056222 |
| Date Filed: 4/20/2023 |

**Submitter Information:**

| | |
| --- | --- |
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CORPORATION SERVICE COMPANY |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR SPRINGFIELD, IL 62703 |

**Debtor Information:**

| Debtor Name | Mailing Address |
| --- | --- |
| MARCHEY GROUP, INC. | 754 CALLE PLANO CAMARILLO, CA 93012 |

**Secured Party Information:**

| Secured Party Name | Mailing Address |
| --- | --- |
| CORPORATION SERVICE COMPANY, AS REPRESENTATIVE | P.O. BOX 2576 SPRINGFIELD, IL 62708 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
All machinery, equipment, furniture, furnishings, tools, tooling, fixtures, and accessories, and all inventory, accounts receivable, instruments, contract rights and other rights to receive the payment of money, patents, chattel paper, licenses, leases and general intangibles, including all trade names and trade styles and all additions, accessions, modifications, improvements, replacements and substitutions thereto and therefor, whether now owned or hereafter acquired or arising, and the proceeds, products and income of any of the foregoing, including insurance proceeds.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:
2537 55651

Exhibit 1 Page 0015

Page 1 of 1

B1688-9047 04/20/2023 9:20 AM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: U230062647017

Date Filed: 9/6/2023

Submitter Information:

| | |
|---|---|
| Contact Name | WOLTERS KLUWER LIEN SOLUTIONS |
| Organization Name | LIEN SOLUTIONS |
| Phone Number | 800-331-3282 |
| Email Address | uccfilingreturn@wolterskluwer.com |
| Address | P.O. BOX 29071 GLENDALE, CA 912099071 |

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| MARCHEY GROUP INC | 6919 WOODLEY AVE STE B VAN NUYS, CA 91406 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| C T CORPORATION SYSTEM, AS REPRESENTATIVE | 330 N BRAND BLVD, SUITE 700; ATTN: SPRS GLENDALE, CA 91203 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:

The collateral includes the following property of Debtor wherever found and whether now owned or hereafter acquired by Debtor: (a) all of Debtor's accounts, receivables, revenues or other rights to payment that are sold or purported to be sold, or in which a security interest is granted or purported to be granted, to Secured Party from time to time (collectively "Purchased Receivables"); (b) all accounts, chattel paper, cash, deposit accounts, documents, equipment, general intangibles, instruments, and inventory, or investment property, as those terms are defined in Article 9 of the Uniform Commercial Code, as in effect from time to time in the State of Delaware (the "UCC"); (c) all funds at any time in the Debtor's accounts established or maintained with Secured Party, or which are otherwise in the possession of Secured Party, whether in connection with the Purchased Receivables or otherwise, and regardless of the source of such funds; (d) any amount in which Debtor has an interest which may be due to Secured Party under the Payoneer Capital Advance Agreement Terms and Conditions with Debtor as may be in effect from time to time, including but not limited to all rights to receive any payments or credits; and (e) all proceeds of the foregoing. The collateral secures a sale of specified amount of Debtor's future payment rights from third party sites to Secured Party, the terms of which prohibit Debtor from transferring or diverting the future payment rights that Secured Party has purchased to any person or entity other than Secured Party, or granting any security interest in the future payment rights that Secured Party has purchased from Debtor to any person or entity other than Secured Party. A purchase of or security interest in any collateral described in this financing statement will violate the rights of Secured Party.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:
94912345

Exhibit 1 Page 0016

U230063285524



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: U230063285524 |
| Date Filed: 9/8/2023 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CORPORATION SERVICE COMPANY |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR SPRINGFIELD, IL 62703 |

Debtor Information:

| Debtor Name | Mailing Address |
| --- | --- |
| MARCHEY GROUP INC | 8421 CANOGA AVE CANOGA PARK, CA 913042607 |

Secured Party Information:

| Secured Party Name | Mailing Address |
| --- | --- |
| SELLERSFUNDING CORP | 1290 WESTON ROAD SUITE 306 WESTON, FL 33326 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
Pursuant to a Receivables Purchase Agreement, dated as of September 6, 2023 (as may be amended, supplemented or otherwise modified from time to time, the "Receivables Purchase Agreement"), Debtor/Seller has sold to Secured Party/ Buyer (i) certain receivables and future receivables (collectively, the "Receivables"), (ii) the proceeds (cash and non-cash) and products thereof, (iii) all security and guarantees therefor, (iv) all of Debtor's/Seller's rights arising from the goods and services delivered by Debtor/Seller with respect thereto and (v) all books and records of Debtor/ Seller with respect thereto (collectively, the "Purchased Assets"). The sale of such Purchased Assets is intended to be a sale and not an assignment for security. Debtor/ Seller is prohibited from transferring any Purchased Assets or Receivables to any other person or entity other than Secured Party/ Buyer, or granting any security interest in its Receivables or any of the Purchased Assets to any other person or entity, until Secured Party/ Buyer has received the specified amount of Receivables and any other amounts Secured Party/ Buyer is entitled to receive under the Receivables Purchase Agreement. A purchase of or security interest in any Receivables or Purchased Assets by another person or entity other than Secured Party/Buyer will violate the rights of the Secured Party/Buyer, which include but are not limited to the irrevocable right of first refusal option granted by Debtor/Seller to Secured Party/Buyer in the Receivables Purchase Agreement.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:
SFP_039778 2643 39037

B2096-6020 09/08/2023 6:31 AM Received by California Secretary of State

Exhibit 1 Page 0017



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: U230063362325 |
| Date Filed: 9/8/2023 |

| Submitter Information: | |
| :--- | :--- |
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CORPORATION SERVICE COMPANY |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR<br>SPRINGFIELD, IL 62703 |

| Amendment Action Information: | |
| :--- | :--- |
| Initial Financing Statement File Number | U230063285524 |
| Date Filed | 09/08/2023 |
| Amendment Action | Assignment |

Secured Party Assignee:

| Secured Party Name | Mailing Address | Assignee |
| :--- | :--- | :--- |
| FASANARA SECURITISATION S.A, ACTING FOR AND ON BEHALF OF ITS COMPARTMENT L | LUXEMBOURG<br>36-38 GRAND- RUE GRAND DUCHY OF LUXEMBOURG, LU L-1660<br>, | ☒ Assignee |

| Indicate how documentation of Collateral is provided: | Not Applicable |
| :--- | :--- |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

| Authorizing Secured Party Name | SELLERSFUNDING CORP |
| :--- | :--- |

| Optional Filer Reference Information: |
| :--- |
| SFP_039778 2643 87477 |

Exhibit 1 Page 0018

B2097-2935 09/08/2023 11:31 AM Received by California Secretary of State



U230068712526



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: U230068712526

Date Filed: 9/28/2023

Submitter Information:

| | |
|---|---|
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CORPORATION SERVICE COMPANY |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR SPRINGFIELD, IL 62703 |

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| MARCHEY GROUP INC | 754 CALLE PLANO CAMARILLO, CA 930128555 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| SELLERSFUNDING CORP | 1290 WESTON ROAD SUITE 306 WESTON, FL 33326 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
Pursuant to a Receivables Purchase Agreement, dated as of September 25, 2023 (as may be amended, supplemented or otherwise modified from time to time, the "Receivables Purchase Agreement"), Debtor/Seller has sold to Secured Party/ Buyer (i) certain receivables and future receivables (collectively, the "Receivables"), (ii) the proceeds (cash and non-cash) and products thereof, (iii) all security and guarantees therefor, (iv) all of Debtor's/Seller's rights arising from the goods and services delivered by Debtor/Seller with respect thereto and (v) all books and records of Debtor/ Seller with respect thereto (collectively, the "Purchased Assets"). The sale of such Purchased Assets is intended to be a sale and not an assignment for security. Debtor/ Seller is prohibited from transferring any Purchased Assets or Receivables to any other person or entity other than Secured Party/ Buyer, or granting any security interest in its Receivables or any of the Purchased Assets to any other person or entity, until Secured Party/ Buyer has received the specified amount of Receivables and any other amounts Secured Party/ Buyer is entitled to receive under the Receivables Purchase Agreement. A purchase of or security interest in any Receivables or Purchased Assets by another person or entity other than Secured Party/Buyer will violate the rights of the Secured Party/Buyer, which include but are not limited to the irrevocable right of first refusal option granted by Debtor/Seller to Secured Party/Buyer in the Receivables Purchase Agreement.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:
SFP_039963 2658 89992

Exhibit 1 Page 0019

Page 1 of 1



U230068769233



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: U230068769233 |
| Date Filed: 9/28/2023 |

| Submitter Information: | |
| --- | --- |
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CORPORATION SERVICE COMPANY |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR SPRINGFIELD, IL 62703 |

| Amendment Action Information: | |
| --- | --- |
| Initial Financing Statement File Number | U230068712526 |
| Date Filed | 09/28/2023 |
| Amendment Action | Assignment |

Secured Party Assignee:

| Secured Party Name | Mailing Address | Assignee |
| --- | --- | --- |
| FASANARA SECURITISATION S.A, ACTING FOR AND ON BEHALF OF ITS COMPARTMENT L | LUXEMBOURG 36-38 GRAND- RUE GRAND DUCHY OF LUXEMBOURG, LU L-1660 , | ☒ Assignee |

| Indicate how documentation of Collateral is provided: | Not Applicable |
| --- | --- |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name          SELLERSFUNDING CORP

Optional Filer Reference Information:
SFP_039963 2659 11398

Exhibit 1 Page 0020

Page 1 of 1



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

U230081690121

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: U230081690121 |
| Date Filed: 11/17/2023 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CORPORATION SERVICE COMPANY |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR SPRINGFIELD, IL 62703 |

Debtor Information:

| Debtor Name | Mailing Address |
| --- | --- |
| MARCHEY GROUP, INC. | 8421 CANOGA AVE CANOGA PARK, CA 91304 |
| MARCHEY GROUP INC | 8421 CANOGA AVE CANOGA PARK, CA 91304 |
| MARCHEY DISTRIBUTION | 8421 CANOGA AVE CANOGA PARK, CA 91304 |
| A TO Z APPLIANCE, INC. | 8421 CANOGA AVE CANOGA PARK, CA 91304 |
| A TO Z PLUMBINGS | 8421 CANOGA AVE CANOGA PARK, CA 91304 |
| LPG PRODUCT EXPORTS | 8421 CANOGA AVE CANOGA PARK, CA 91304 |
| MARUF BAKHRAMOV CO | 8421 CANOGA AVE CANOGA PARK, CA 91304 |
| SUPPLYZ, INC. | 8421 CANOGA AVE CANOGA PARK, CA 91304 |
| MARUF MEKHRIDINOVICH BAKHRAMOV | 5351 YOLANDA AVE TARZANA, CA 91356 |

Secured Party Information:

| Secured Party Name | Mailing Address |
| --- | --- |
| CHTD COMPANY | P.O. BOX 2576 SPRINGFIELD, IL 62708 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
COLLATERAL:  All present and future assets of the Debtor

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Exhibit 1 Page 0021

B2262-2580 11/17/2023 7:52 AM Received by California Secretary of State

Optional Filer Reference Information:
  2695 60661

B2262-2581 11/17/2023 7:52 AM Received by California Secretary of State

Exhibit 1 Page 0022




**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: U230084482031 |
| Date Filed: 12/1/2023 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CORPORATION SERVICE COMPANY |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR SPRINGFIELD, IL 62703 |

Debtor Information:

| Debtor Name | Mailing Address |
| --- | --- |
| MARCHEY GROUP INC | 754 CALLE PLANO CAMARILLO, CA 930128555 |

Secured Party Information:

| Secured Party Name | Mailing Address |
| --- | --- |
| SELLERSFUNDING CORP | 1290 WESTON ROAD SUITE 306 WESTON, FL 33326 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
a. all present and future receivables owed from the Marketplace as defined within the Agreement between Debtor and Secured Party (or its affiliates) (the "Marketplace"), or any other marketplace or third party, to the Debtor (collectively, the "Receivables") b. all present and future (i) accounts (including, but not limited to, all payment rights), (ii) chattel paper (including electronic chattel paper), (iii) commercial tort claims, (iv) all collateral securing the Receivables (if any), (v) deposit accounts (including each bank account), (vi) documents (including documents governing the terms of the Receivables), (vii) financial assets, (viii) general intangibles, (ix) instruments (including, but not limited to documents governing the terms of the Receivables), (x) letters of credit, (xi) letter of credit rights, (xii) payment intangibles, (xiii) securities, (xiv) security accounts, and (xv) security entitlements, in each case whether now or hereafter owned, held, or acquired, relating to the Receivables, received in connection with the Receivables or into which the Receivables are paid;  c. all equipment and inventory sold on the Marketplace or any other marketplace or platform; d. the Debtor's business account/ accounts or other accounts at the Marketplace and any other account at a marketplace or other third party that is an obligor in connection with the Receivables; e. all books, records, data, plans, manuals, computer software, computer tapes, computer systems, computer disks, computer programs, source codes and object codes containing any information, pertaining directly or indirectly to the collateral and all rights to retrieve data and other information pertaining directly or indirectly to the collateral; and f. all products or proceeds of the foregoing. Further terms: Pursuant to the Agreement between Debtor and Secured Party (or its affiliates), the Debtor has given the Secured Party an irrevocable right of first refusal option to purchase and/or lend against the collateral set forth herein. A purchase of or security interest in any collateral described in this Financing Statement
will violate the rights of the Secured Party.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:
SFP_040490 2703 99665

Exhibit 1 Page 0023

U230084543729



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: U230084543729 |
| Date Filed: 12/1/2023 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CORPORATION SERVICE COMPANY |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR SPRINGFIELD, IL 62703 |

Amendment Action Information:

| | |
| --- | --- |
| Initial Financing Statement File Number | U230084482031 |
| Date Filed | 12/01/2023 |
| Amendment Action | Assignment |

Secured Party Assignee:

| Secured Party Name | Mailing Address | Assignee |
| --- | --- | --- |
| FASANARA SECURITISATION S.A, ACTING FOR AND ON BEHALF OF ITS COMPARTMENT L | LUXEMBOURG 36-38 GRAND- RUE GRAND DUCHY OF LUXEMBOURG, LU L1660 , | ☒ Assignee |

| Indicate how documentation of Collateral is provided: | Not Applicable |
| --- | --- |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

| Authorizing Secured Party Name | SELLERSFUNDING CORP |
| --- | --- |

Optional Filer Reference Information:
SFP_040490 2704 25516

Exhibit 1 Page 0024

Search Date: February 29, 2024

**CLAS**
Better
Intelligence
Better
Decisions™
WORLDWIDE INFORMATION SERVICES

1545 River Park Dr., Suite 330, Sacramento, CA 95815
T: 916.564.7800 | TF: 800.952.5696 | connect@clasinfo.com

Ask us about UCC eZFILE® PRO!

## UCC Search Report

| | |
|---|---|
| **Type of Search** | UCCs, Federal Tax Liens, State Tax Liens, and Judgments |
| **Jurisdiction/Filing Office** | State of California, Secretary of State Uniform Commercial Code Division |
| **Estimated Currency Date** | Feb. 23, 2024 |
| **Last File Date** | Feb 25 2024 |
| **Subject Search Name** | MARCHEY GROUP INC. |
| **Search Key Entered** | MARCHEY* GR* |

## Results

Based on a search of the indices of the Uniform Commercial Code Division of the Secretary of State of California, there are no active liens of record other than those set out below. Liens reflected in this report were based on the searcher's individual search parameters, the search key entered, as well as the searcher's choice of the liens ultimately included or excluded herein. Certification can only be obtained through the office of the California Secretary of State.

### 1. UCC

| | |
|---|---|
| **Document No.** | 20177569258444 |
| **Filed** | 2/2/2017 |

Lapses 2/2/2027

| | |
|---|---|
| **Debtor** | MARCHEY GROUP, INC.<br>6919 WOODLEY AVE STE B<br>VAN NUYS CA 91406 |
| **Secured Party** | AMAZON CAPITAL SERVICES, INC.<br>2201 WESTLAKE AVE<br>SEATTLE WA 98121 |
| **Amendment Type** | Amendment |
| **File No.** | 201876831492 |
| **Filed** | 11/16/2018 1:28:23 AM |
| **Amendment Type** | Continuation |
| **File No.** | U210075474033 |
| **Filed** | 8/15/2021 4:42:47 AM |

### 2. UCC

| | |
|---|---|
| **Document No.** | 20187673919112 |
| **Filed** | 10/4/2018 |

**Lapsed 10/4/2023**

| | |
|---|---|
| **Debtor** | MARCHEY GROUP, INC.<br>6921 WOODLEY AVE<br>VAN NUYS CA 91406 |
| **Secured Party** | CHTD COMPANY<br>P.O. BOX 2576 |

Exhibit 1 Page 0025

**3. UCC**

|  |  |  |
|---|---|---|
| **Document No.** | U210027627223 | Lapses 3/2/2026 |
| **Filed** | 3/2/2021 | |
| **Debtor** | MARCHEY GROUP INC<br>754 CALLE PLANO<br>CAMARILLO CA 93012 | |
| **Secured Party** | FASANARA SECURITISATION S.A, ACTING FOR AND ON BEHALF OF ITS COMPARTMENT L<br>36-38 GRAND-RUE GRAND DUCHY OF LUXEMBOURG | |
| **Secured Party** | SELLERSFUNDING CORP<br>450 LEXINGTON AVE 4TH FLOOR<br>NEW YORK NY 10017 | |
| **Amendment Type** | Assignment | |
| **File No.** | U210027637325 | |
| **Filed** | 3/2/2021 2:01:34 PM | |

**4. UCC**

|  |  |  |
|---|---|---|
| **Document No.** | U220226055725 | Lapses 9/12/2027 |
| **Filed** | 9/12/2022 | |
| **Debtor** | MARCHEY GROUP, INC.<br>754 CALLE PLANO<br>CAMARILLO CA 93012 | |
| **Secured Party** | AMAZON CAPITAL SERVICES, INC.<br>410 TERRY AVE. N.<br>SEATTLE WA 98109 | |

**5. UCC**

|  |  |  |
|---|---|---|
| **Document No.** | U220226055927 | Lapses 9/12/2027 |
| **Filed** | 9/12/2022 | |
| **Debtor** | MARCHEY GROUP, INC.<br>754 CALLE PLANO<br>CAMARILLO CA 930128555 | |
| **Secured Party** | AMAZON CAPITAL SERVICES, INC.<br>410 TERRY AVE. N.<br>SEATTLE WA 98109 | |

**6. UCC**

|  |  |  |
|---|---|---|
| **Document No.** | U230028056222 | Lapses 4/20/2028 |
| **Filed** | 4/20/2023 | |
| **Debtor** | MARCHEY GROUP, INC.<br>754 CALLE PLANO<br>CAMARILLO CA 93012 | |
| **Secured Party** | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE<br>P.O. BOX 2576<br>SPRINGFIELD IL 62708 | |

**7. UCC**

|  |  |  |
|---|---|---|
| **Document No.** | U230062647017 | Lapses 9/6/2028 |
| **Filed** | 9/6/2023 | |
| **Debtor** | MARCHEY GROUP INC<br>6919 WOODLEY AVE STE B<br>VAN NUYS CA 91406 | |
| **Secured Party** | C T CORPORATION SYSTEM, AS REPRESENTATIVE<br>330 N BRAND BLVD, SUITE 700; ATTN: SPRS<br>GLENDALE CA 91203 | |

**8. UCC**

|  |  |  |
|---|---|---|
| **Document No.** | U230063285524 | Lapses 9/8/2028 |
| **Filed** | 9/8/2023 | |

Exhibit 1 Page 0026

| | |
|---|---|
| **Debtor** | MARCHEY GROUP INC<br>8421 CANOGA AVE<br>CANOGA PARK CA 913042607 |
| **Secured Party** | FASANARA SECURITISATION S.A, ACTING FOR AND ON BEHALF OF ITS COMPARTMENT L<br>36-38 GRAND- RUE GRAND DUCHY OF LUXEMBOURG, LU L-1660 |
| **Secured Party** | SELLERSFUNDING CORP<br>1290 WESTON ROAD SUITE 306<br>WESTON FL 33326 |
| **Amendment Type** | Assignment |
| **File No.** | U230063362325 |
| **Filed** | 9/8/2023 11:25:15 AM |

### 9. UCC

| | | |
|---|---|---|
| **Document No.** | U230068712526 | Lapses 9/28/2028 |
| **Filed** | 9/28/2023 | |

| | |
|---|---|
| **Debtor** | MARCHEY GROUP INC<br>754 CALLE PLANO<br>CAMARILLO CA 930128555 |
| **Secured Party** | FASANARA SECURITISATION S.A, ACTING FOR AND ON BEHALF OF ITS COMPARTMENT L<br>36-38 GRAND- RUE GRAND DUCHY OF LUXEMBOURG, LU L-1660 |
| **Secured Party** | SELLERSFUNDING CORP<br>1290 WESTON ROAD SUITE 306<br>WESTON FL 33326 |
| **Amendment Type** | Assignment |
| **File No.** | U230068769233 |
| **Filed** | 9/28/2023 10:46:56 AM |

### 10. UCC

| | | |
|---|---|---|
| **Document No.** | U230081690121 | Lapses 11/17/2028 |
| **Filed** | 11/17/2023 | |

| | |
|---|---|
| **Debtor** | A TO Z APPLIANCE, INC.<br>8421 CANOGA AVE<br>CANOGA PARK CA 91304 |
| **Debtor** | A TO Z PLUMBINGS<br>8421 CANOGA AVE<br>CANOGA PARK CA 91304 |
| **Debtor** | BAKHRAMOV, MARUF MEKHRIDINOVICH<br>5351 YOLANDA AVE<br>TARZANA CA 91356 |
| **Debtor** | LPG PRODUCT EXPORTS<br>8421 CANOGA AVE<br>CANOGA PARK CA 91304 |
| **Debtor** | MARCHEY DISTRIBUTION<br>8421 CANOGA AVE<br>CANOGA PARK CA 91304 |
| **Debtor** | MARCHEY GROUP INC<br>8421 CANOGA AVE<br>CANOGA PARK CA 91304 |
| **Debtor** | MARCHEY GROUP, INC.<br>8421 CANOGA AVE<br>CANOGA PARK CA 91304 |
| **Debtor** | MARUF BAKHRAMOV CO<br>8421 CANOGA AVE<br>CANOGA PARK CA 91304 |
| **Debtor** | SUPPLYZ, INC.<br>8421 CANOGA AVE<br>CANOGA PARK CA 91304 |
| **Secured Party** | CHTD COMPANY<br>P.O. BOX 2576<br>SPRINGFIELD IL 62708 |

Exhibit 1 Page 0027

**11. UCC**

|  |  |  |
|---|---|---|
| **Document No.** | U230084482031 | Lapses 12/1/2028 |
| **Filed** | 12/1/2023 | |
| **Debtor** | MARCHEY GROUP INC | |
| | 754 CALLE PLANO | |
| | CAMARILLO CA 930128555 | |
| **Secured Party** | FASANARA SECURITISATION S.A, ACTING FOR AND ON BEHALF OF ITS COMPARTMENT L | |
| | 36-38 GRAND- RUE GRAND DUCHY OF LUXEMBOURG, LU L1660 | |
| **Secured Party** | SELLERSFUNDING CORP | |
| | 1290 WESTON ROAD SUITE 306 | |
| | WESTON FL 33326 | |
| **Amendment Type** | Assignment | |
| **File No.** | U230084543729 | |
| **Filed** | 12/1/2023 11:32:33 AM | |

**12. UCC**

|  |  |  |
|---|---|---|
| **Document No.** | U240018928230 | Lapses 2/21/2029 |
| **Filed** | 2/21/2024 | |
| **Debtor** | MARCHEY GROUP, INC. | |
| | 8421 CANOGA AVE | |
| | CANOGA PARK CA 91304 | |
| **Secured Party** | C T CORPORATION SYSTEM, AS REPRESENTATIVE | |
| | 330 N BRAND BLVD SUITE 700; ATTN: SPRS | |
| | GLENDALE CA 91203 | |

We assume no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, legal effect or priority of any matter shown herein; nor, due to our inability to independently verify the accuracy of this data as provided by government and other sources, do we make any guaranty or representation as to its accuracy.

---------- END OF REPORT ----------

## Report Parameters

The UCC Revised Article 9 Model Administrative Rules (MARS) provide state filing offices with a set of guidelines for producing a legally compliant UCC lien search report. The search tool used to create this search report was designed to satisfy the requirements under MARS while providing the searcher with increased flexibility.

Flexible search logic generates a more inclusive search report and addresses the inconsistencies in searches performed within states that did not effectively adopt the MARS guidelines. Further, these specially designed broad-based searching features aid in the location of involuntary liens such as Federal and State Tax Liens and Judgment Liens and liens that may not be located in state databases limited to the MARS guidelines for the reporting of UCCs.

Exhibit 1 Page 0028




## STATE OF CALIFORNIA
*Office of the Secretary of State*
## UCC FINANCING STATEMENT (UCC 1)
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: U240018928230 |
| Date Filed: 2/21/2024 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | WOLTERS KLUWER LIEN SOLUTIONS |
| Organization Name | LIEN SOLUTIONS |
| Phone Number | 800-331-3282 |
| Email Address | uccfilingreturn@wolterskluwer.com |
| Address | P.O. BOX 29071 GLENDALE, CA 912099071 |

Debtor Information:

| Debtor Name | Mailing Address |
| --- | --- |
| MARCHEY GROUP, INC. | 8421 CANOGA AVE CANOGA PARK, CA 91304 |

Secured Party Information:

| Secured Party Name | Mailing Address |
| --- | --- |
| C T CORPORATION SYSTEM, AS REPRESENTATIVE | 330 N BRAND BLVD SUITE 700; ATTN: SPRS GLENDALE, CA 91203 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
All accounts, including without limitation, all deposit accounts, accounts-receivable, and other receivables, as those terms are defined by Article 9 of the Uniform Commercial Code (the "UCC"), now or hereafter owned or acquired by any Seller (who is identified herein as Debtor), and all proceeds, as that term is defined by Article 9 of the UCC.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:
97510717

Exhibit 1 Page 0029

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: <u>2049 Century Park East, Suite 2600, Los Angeles, CA 90067.</u>

A true and correct copy of the foregoing document entitled (specify): **DEBTOR'S BRIEF IN SUPPORT OF CONFIRMATION OF DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION; DECLARATIONS OF MARUF BAKHRAMOV AND KEITH PATRICK BANNER** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>June 11, 2024</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jonathan Arias    jarias@zwickerpc.com**
- **Keith Patrick Banner    kbanner@greenbergglusker.com, calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com**
- **Russell Clementson    russell.clementson@usdoj.gov**
- **Christopher Cramer    secured@becket-lee.com**
- **John-Patrick McGinnis Fritz (TR)    jpftrustee@lnbyg.com, jpf@trustesolutions.net**
- **Amitkumar Sharma    amit.sharma@aisinfo.com**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**
- **Larry D Webb    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>June 11, 2024</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>June 11, 2024</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06/11/2024 | Cynthia Miller Watkins | */s/ Cynthia Miller Watkins* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

2. **SERVED BY UNITED STATES MAIL**:

| | |
|---|---|
| Amazon Capital Services Inc.<br>c/o K&L Gates LLP<br>Attn: Brian T. Peterson<br>925 4th Avenue, Suite 2900<br>Seattle, WA 98104<br>***(POC #14 & #15) – No Ballot Provided*** | Attn: BMW Bank of North America Department<br>c/o AIS Portfolio Services, LLC<br>Account: XXXXXX7104<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118<br>***(POC #12) - Class 2 Ballot Provided*** |
| FC Marketplace LLC<br>c/o Becket and Lee LLP<br>PO BOX 3002<br>Malvern, PA 19355-0702<br>***(POC #4) - Class 3/4 Ballot Provided*** | LG Funding LLC<br>1218 Union Street<br>Brooklyn, NY 11225<br>***(POC #9) - Class 3/4 Ballot Provided*** |
| NewCo Capital Group LLC<br>1545 Route 202<br>Suite 101<br>Pomona, NY 10970<br>***(POC #1) - Class 3/4 Ballot Provided*** | SellersFunding Corp. d/b/a SellersFi<br>1290 Weston Road, Suite 306<br>Weston, FL 33326<br>***(POC #13) - Class 3/4 Ballot Provided*** |

| | |
|---|---|
| Alliance Funding Group<br>17542 17th Street<br>Suite 200<br>Tustin, CA 92780<br>***(POC #2) - Class 3/4 Ballot Provided*** | American Express National Bank<br>c/o Becket and Lee<br>PO BOX 3001<br>Malvern, PA 19355-0701<br>***(POC #7 & #8) - Class 3/4 Ballot Provided*** |
| Bank of America NA<br>PO BOX 660441<br>Dallas, TX 75266-0441<br>***(Schedule E/F) - Class 3/4 Ballot Provided*** | American Express National Bank, AENB<br>c/o Zwicker & Associates P.C.<br>PO BOX 9043<br>Andover, MA 01810<br>***(POC #11) - Class 3/4 Ballot Provided*** |
| Capital One, N.A.<br>by American Infosource as agent<br>4515 N. Santa Fe Ave.<br>Oklahoma City, OK 73118<br>***(POC #10) - Class 3/4 Ballot Provided*** | Encompass Supply<br>Chain Solutions<br>775 Tipton Industrial Drive<br>Lawrenceville, GA 30046<br>***(Schedule E/F) - Class 3/4 Ballot Provided*** |
| Fundation Group LLC<br>11501 Sunset Hills Road, Suite 400<br>Reston, VA 20190<br>***(Schedule E/F) - Class 3/4 Ballot Provided*** | Goldman Sachs Bank USA<br>PO BOX 45400<br>Salt Lake City, UT 84145-0400<br>***(Schedule E/F) - Class 3/4 Ballot Provided*** |
| Marcone Supply<br>One City Place<br>Suite 400,<br>Saint Louis, MO 63141<br>***(Schedule E/F) - Class 3/4 Ballot Provided*** | Reliable Parts Inc.<br>19111 N. Dallas Parkway<br>Interchange Office Center<br>Suite 240<br>Dallas, TX 75284<br>***(Schedule E/F) - Class 3/4 Ballot Provided*** |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Robertshaw Controls Company<br>1222 Hamilton Parkway<br>Itasca, IL 60143<br>**_(Schedule E/F) - Class 3/4 Ballot Provided_** | WebBank<br>2211 North First Street<br>San Jose, CA 95131-2021<br>**_(Schedule E/F) - Class 3/4 Ballot Provided_** |
| Citi Bank NA<br>PO Box 790046<br>Saint Louis, MO 63179-0046<br>**_(Schedule E/F) - Class 3/4 Ballot Provided_** | Wells Fargo Bank, N.A.<br>PO BOX 29482<br>MAC S4101-08C<br>Phoenix, AZ 85038<br>**_(POC #3) - Class 3/4 Ballot Provided_** |
| Department of the Treasury<br>Internal Revenue Service<br>PO BOX 7346<br>Philadelphia, PA 19101-7346<br>**_(POC #5) – No Ballot Provided_** | JPMC c/o National Bankruptcy Services, LLC<br>PO BOX 9013<br>Addison, TX 75001<br>**_(POC #6) - Class 3/4 Ballot Provided_** |
| Franchise Tax Board<br>Bankruptcy Section MS A340<br>PO BOX 2952<br>Sacramento, CA 95812-2952<br>**_(POC #16) – No Ballot Provided_** | Los Angeles County Tax Collector<br>Attn: Bankruptcy Unit<br>PO BOX 54110<br>Los Angeles, CA 90054-0110<br>**_(Schedule E/F) – No Ballot Provided_** |
| Fred Doctorovich<br>21451 Salamanca Ave.<br>Woodland Hills, CA 91364<br>**_(Schedule E/F) - Class 3/4 Ballot Provided_** | Maruf Bakhramov<br>8421 Canoga Ave.<br>Canoga Park, CA 91304<br>**_(Schedule E/F) – No Ballot Provided_** |
| Vladislav Fedorenko<br>20877 Plummer Street<br>Chatsworth, CA 91311<br>**_(Schedule E/F) - Class 3/4 Ballot Provided_** | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                                    **F 9013-3.1.PROOF.SERVICE**

**3.  SERVED BY EMAIL**

| Lender Name | Email Address |
|---|---|
| FundingCircle:<br>***Class 3/4 Ballot Provided*** | proofofclaim@becket-lee.com (***POC #4***) |
| SellersFunding:<br>***Class 3/4 Ballot Provided*** | legal@sellersFi.com ***(POC #13)*** |
| Alliance Funding Group:<br>***Class 3/4 Ballot Provided*** | Brian Knox – bknox@afg.com ***(POC #2)*** |
| NewCo Capital Group LLC:<br>***Class 3/4 Ballot Provided*** | Ariel Bouskila, Esq.  – ari@bblawpllc.com  ***(POC #1)*** |
| LG Funding LLC:<br>***Class 3/4 Ballot Provided*** | Joe Lieberman  - joe@landklegal.com<br>Gene Rosen gene@generosen.com ***(POC #9)*** |
| Amazon:<br>***No Ballot Provided*** | Brian T. Peterson – Brian.Peterson@klgates.com ***(POC #14 & #15)*** |
| American Express National Bank:<br>***Class 3/4 Ballot Provided*** | proofofclaim@becket-lee.com ***(POC #7 & #8)***<br>bkproofofclaim@zwickerpc.com ***(POC #11)*** |
| BMW Bank of North America<br>***Class 2 Ballot Provided*** | ECFNotices@aisinfo.com ***(POC #12)*** |
| Capital One, N.A.<br>***Class 3/4 Ballot Provided*** | POC_AIS@aisinfo.com ***(POC #10)*** |
| Wells Fargo Bank, N.A.<br>***Class 3/4 Ballot Provided*** | sblbkinquiry@wellsfargo.com (***POC #3***) |
| Internal Revenue Service<br>***No Ballot Provided*** | K. Ivory- Kerry.R.Ivory@irs.gov (***POC #5***) |
| JPMC (JP Morgan Chase)<br>***Class 3/4 Ballot Provided*** | pocquestions@nbsdefaultservices.com  (***POC #6***) |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**