1  BRIAN L. DAVIDOFF (SBN 102654)
   BDavidoff@GreenbergGlusker.com
2  KEITH PATRICK BANNER (SBN 259502)
   KBanner@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS CLAMAN
   & MACHTINGER LLP
4  2049 Century Park East, Suite 2600
   Los Angeles, California 90067
5  Telephone:  310.553.3610
   Fax:  310.553.0687
6
7  General Bankruptcy Counsel for
   Debtor and Debtor in Possession
8

*(left margin, vertical text)* GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP — 2049 Century Park East, Suite 2600 — Los Angeles, California 90067

9
           UNITED STATES BANKRUPTCY COURT
10
           CENTRAL DISTRICT OF CALIFORNIA
11
           SAN FERNANDO VALLEY DIVISION
12

| | |
|---|---|
| 13  In re: | Case No. 1:24-bk-10326-MB |
| 14  MARCHEY GROUP, INC., | Chapter 11 |
| 15       Debtor and Debtor in Possession. | **NOTICE OF: (I) ENTRY OF ORDER CONFIRMING DEBTOR'S FIRST AMENDED SUBCHAPTER V PLAN OF REORGANIZATION; AND (II) PROJECTED DATE OF SUBSTANTIAL CONSUMMATION OF THE CONFIRMED PLAN** |

**<u>Confirmation Hearing</u>**
Date:      July 30, 2024
Time:      1:30 p.m.
Place:     Courtroom 303
           21041 Burbank Boulevard
           Woodland Hills, CA 91367

25      **TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY**

26  **JUDGE, THE UNITED STATES TRUSTEE, ALL PARTIES-IN-INTEREST HEREIN,**

27  **AND THEIR RESPECTIVE COUNSEL:**

28

NOTICE

1   **PLEASE TAKE NOTICE** that on June 11, 2024, the Debtor and Debtor-in-Possession

2   Marchey Group, Inc., (the "Debtor") filed and served *Debtor's Subchapter V Plan of*

3   *Reorganization* [Docket No. 76] (the "Original Plan").

4   **PLEASE TAKE NOTICE** that on June 14, 2024, the Debtor filed and served *Debtor's*

5   *First Amended Subchapter V Plan of Reorganization* [Docket No. 81] (the "Plan") as permitted

6   under section 1127(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the

7   "Bankruptcy Code").

8   **PLEASE TAKE FURTHER NOTICE** that on August 9, 2024, the Court entered its

9   *Order Confirming Debtor's First Amended Subchapter V Plan of Reorganization* [Docket No.

10  103] (the "Confirmation Order"), pursuant to which the Court confirmed the Plan pursuant to

11  sections 1129 and 1191(a) of the Bankruptcy Code.  A copy of the Confirmation Order is attached

12  hereto as Exhibit 1.

13  **PLEASE TAKE FURTHER NOTICE** that, as provided in the Plan and the

14  Confirmation Order, the "Effective Date" of the Plan shall be the first day after the Court enters

15  the Confirmation Order and all of the following conditions have been satisfied or waived: (a) all

16  documents, instruments, and agreements to be executed in connection with the Plan shall have

17  been executed and delivered by all parties to such documents, instructions, and agreements; (b)

18  14 days following the entry of this order have passed without an appeal having been filed; (c) the

19  Plan is not subject to an appeal or rehearing; and (d) there is no stay in effect with respect to this

20  order.  Conditions (a) and (c) can be waived by the Debtor in its sole discretion.  Condition (b)

21  can be waived by request of the Debtor with an order by the Bankruptcy Court pursuant to

22  Bankruptcy Rule 3020(e).  Condition (d) cannot be waived.

23  **PLEASE TAKE FURTHER NOTICE** that based on the foregoing, the Debtor estimates

24  that the Effective Date of the Plan will occur on August 26, 2024.

25  **PLEASE TAKE FURTHER NOTICE** that, provided that the Effective Date occurs on

26  August 26, 2024, the Debtor estimates that substantial consummation of the Plan will occur on or

27  about September 23, 2024 – the date upon which the Debtor estimates that it will make its first

28  $15,000 monthly payment to Class 4 General Unsecured Claims.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

NOTICE

1     **PLEASE TAKE FURTHER NOTICE** that, as required under the Confirmation Order

2  and Local Bankruptcy Rule 3020-2(b)(2), no later than fourteen (14) days after the Plan has been

3  substantially consummated, the Reorganized Debtor will file a notice of substantial

4  consummation and serve such notice on the subchapter V trustee, the U.S. Trustee, and all

5  creditors.

6

7  DATED:  August 12, 2024           GREENBERG GLUSKER FIELDS CLAMAN &
                                 MACHTINGER LLP

8

9                             By: */s/Keith Patrick Banner*

10                              BRIAN L. DAVIDOFF
                               KEITH PATRICK BANNER

11                              General Bankruptcy Counsel for Debtor and
                              Debtor in Possession Marchey Group Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

NOTICE

54814-00002/5255597.2

# EXHIBIT 1

Exhibit 1 Page 0004

BRIAN L. DAVIDOFF (SBN 102654)
BDavidoff@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone:  310.553.3610
Fax:  310.553.0687

General Bankruptcy Counsel for
Debtor and Debtor in Possession

**FILED & ENTERED**

**AUG 09 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio     DEPUTY CLERK

**CHANGES MADE BY COURT**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>MARCHEY GROUP, INC.,<br><br>        Debtor and Debtor in Possession. | Case No. 1:24-bk-10326-MB<br><br>Chapter 11<br><br>**ORDER CONFIRMING DEBTOR'S FIRST AMENDED SUBCHAPTER V PLAN OF REORGANIZATION**<br><br><u>**Confirmation Hearing**</u><br>Date:     July 30, 2024<br>Time:    1:30 p.m.<br>Place:   Courtroom 303<br>          21041 Burbank Boulevard<br>          Woodland Hills, CA 91367 |

On the above captioned date and time, the court held a hearing (the "Confirmation Hearing") to consider confirmation of the *Debtor's First Amended Subchapter V Plan of Reorganization* [Docket No. 81] (the "Plan") filed by Marchey Group, Inc. (the "Debtor"), Debtor and Debtor in Possession in the above captioned subchapter V chapter 11 case (the "Chapter 11 Case").  Appearances were as stated on the record.

The Court having read and considered: (1) the Amended Plan; (2) the Debtor's initial *Debtor's Subchapter V Plan of Reorganization* [Docket No. 76] (the "Original Plan"); (3) *Debtor's Brief in Support of Confirmation of Debtor's Subchapter V Plan of Reorganization* and

1

CONFIRMATION ORDER

Exhibit 1 Page 0005

54814-00002/5247191.3

the Declarations of Maruf Bakhramov and Keith Patrick Banner attached thereto [Docket No. 78] (the "Confirmation Brief"); (4) the *Notice of: (I) Hearing on Confirmation of Debtor's Subchapter V Plan of Reorganization; (II) Continued Status Conference; and (III) Availability of ZoomGov Audio and Video for Remote Appearance in Connection Therewith* [Docket No. 79] (the "Confirmation Hearing Notice"); (5) the *Notice of Submission of Ballots in Connection with Debtor's Subchapter V Plan of Reorganization* [Docket No. 77] (the "Ballot Notice"); (6) the *Notice of: (I) Filing of Debtor's Amended Subchapter V Plan of Reorganization; (II) Submission of Redline Comparison Against Debtor's Subchapter V Plan of Reorganization; (III) Hearing on Confirmation of Debtor's First Amended Subchapter V Plan of Reorganization; (IV) Continued Status Conference; and (III) Availability of ZoomGov Audio and Video for Remote Appearance in Connection Therewith* [Docket No. 82] (the "Notice of Amended Plan"); (7) the *Debtor's: (I) Ballot Summary; and (II) Supplement to Debtor's Brief in Support of Confirmation of Debtor's Subchapter V Plan of Reorganization* [Docket No. 98] (the "Ballot Summary", together with the Plan, Original Plan, the Confirmation Brief, the Confirmation Hearing Notice, the Ballot Notice, and the Notice of Amended Plan, the "Plan Documents"); (8) the arguments and representations of counsel at the Confirmation Hearing; and (9) the entire record in this Chapter 11 Case developed through and including the Confirmation Hearing; and based thereupon and after due deliberation, in addition to the findings of fact and conclusions of law stated orally on the record in open court pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, as incorporated into Bankruptcy Rule 7052 and applied to contested matters by Bankruptcy Rule 9014(c),

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.    <u>Defined terms</u>.  Capitalized terms not otherwise defined herein have the same meaning ascribed to such terms in the Plan.

B.    <u>Jurisdiction, Authority and Venue</u>. The Court has jurisdiction over the Chapter 11 Case and this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L) and *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594 (2011) and this Court has

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

CONFIRMATION ORDER

Exhibit 1 Page 0006

exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.  No party having objected to, or withdrawn consent to the Court's entry of a final order, the Court finds it has the authority to enter a final order under *Wellness Int'l Network, Ltd. v. Sharif,* 575 U.S. 665 (2015) and related authority.

C.      <u>Notice</u>.  As evidenced by the proofs of service accompanying the Plan Documents, the Debtor has provided due, adequate and sufficient notice of the Plan, the Confirmation Hearing, and all deadlines related thereto, including the deadline to vote on and object to the Plan, with such notice having been provided as required by the Court's *Scheduling Order Following Chapter 11 Status Conference* [Docket No. 58] (the "Scheduling Order"), and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Central District of California (the "Local Bankruptcy Rules").

D.      <u>Solicitation</u>.  Votes for acceptance and rejection of the Plan were solicited in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Court's Scheduling Order, all applicable provisions of the Bankruptcy Code, and all other applicable rules, laws and regulation.  Based on the record before the Court, the Debtor has acted in good faith in the solicitation of votes and is entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

E.      <u>Distribution</u>.  All procedures used to distribute the solicitation materials to the holders of claims entitled to vote on the Plan and to tabulate the ballots were fair and conducted in substantial compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and all other applicable rules, laws and regulations.

F.      <u>Burden of Proof</u>.  The Debtor, as the proponent of the Plan, has met its burden of proving all of the elements of sections 1123, 1129(a) and 1191 of the Bankruptcy Code, as applicable, for confirmation of the Plan, and the Plan therefore complies with all provisions of sections 1129(a) and 1191 of the Bankruptcy Code, if and as applicable, including the specific subsections thereof specifically addressed herein.

G.      <u>Proper Classification of Claims and Interests – 11 U.S.C. §§ 1122(a) & 1123(a)(1)</u>. The Plan designates four classes of claims (Classes 1, 2, 3 and 4) and one class of interests (Class

CONFIRMATION ORDER

Exhibit 1 Page 0007

54814-00002/5247191.3

5). Classes 1 and 2 consist of secured claims. Classes 3 and 4 consist of unsecured claims, with Class 3 claims consisting only of those unsecured claims that qualify for, and voluntarily elect into treatment as a Settling Guaranty Claim in the event that the Class 3 Claim Threshold is met. Valid business and legal reasons exist for the various classes of claims created under the Plan, and such classes do not unfairly discriminate between holders of claims. Thus, the Plan satisfies sections 1122(a) and 1123(a)(1) of the Bankruptcy Code.

H.    Unimpaired Classes Specified – 11 U.S.C. § 1123(a)(2). The Plan properly specifies that Classes 1 and 5 are not impaired in compliance with Section 1123(a)(2) of the Bankruptcy Code.

I.    Impaired Treatment Specified – 11 U.S.C. § 1123(a)(3). The Plan properly specifies that Classes 2, 3 and 4 are impaired in compliance with Section 1123(a)(3) of the Bankruptcy Code.

J.    Same Treatment Within Classes – 11 U.S.C. § 1123(a)(4). The Plan provides for the same treatment of claims and interests within each class in compliance with section 1123(a)(4) of the Bankruptcy Code.

K.    Adequate Means of Implementation – 11 U.S.C. § 1123(a)(5). The Plan describes the means for the Plan's implementation in compliance with section 1123(a)(5) of the Bankruptcy Code, through, among other provisions thereof, Article VI of the Plan, which: (i) details the source of funding for the Plan; (ii) details the post-confirmation management of the Debtor; (iv) designates the Debtor as the Disbursing Agent; and (v) details the process for distributions to be made under the Plan.

L.    Non-Voting Securities – 11 U.S.C. § 1123(a)(6). The Court finds that the Debtor, as a subchapter V debtor with only one equity holder, is not required to comply with section 1123(a)(6) of the Bankruptcy Code and need not amend its charter to prohibit the issuance of nonvoting equity securities.

M.    Disclosure of Officers and Directors – 11 U.S.C. § 1123(a)(7). The Plan complies with section 1123(a)(7) in that provides that the Reorganized Debtor will continue to be managed by Mr. Bakhramov, the sole officer and director of the Debtor, and the Reorganized Debtor shall

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

4

CONFIRMATION ORDER

Exhibit 1 Page 0008

serve as the Disbursing Agent.

N.    <u>Individual Debtor Cases – 11 U.S.C. § 1123(a)(8)</u>.  Section 1123(a)(8) of the Bankruptcy Code only applies to cases involving individuals and, therefore, is not applicable to the Plan.

O.    <u>Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)</u>.  In accordance with section 1123(b)(6) of the Bankruptcy Code, the Plan does not include any provision inconsistent with the applicable provisions of the Bankruptcy Code.  The provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code including, without limitation, provisions for (a) certain classes of claims to be unimpaired; (b) distribution to creditors; (c) the release and exculpation of various persons, and permanent injunctions prohibiting certain actions against the Debtor and/or the Reorganized Debtor, (d) the assumption or rejection of certain executory contracts and expired leases, (e) voluntary third party releases; and (f) the retention of and right by the Debtor and the Reorganized Debtor to enforce, sue on, settle or compromise (or refuse to do any of the foregoing with respect to) certain claims or causes of action against third parties, to the extent not waived or released under the Plan.

P.    <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies that the Debtor as the proponent of the Plan, thereby satisfying Bankruptcy Rule 3016(a), as applicable.

Q.    <u>Plan Proponent's Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(3)</u>. Debtor, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code, including that:

a.    The Debtor is a proper Debtor under section 109 and subchapter V of the Bankruptcy Code and filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California.

b.    The Court has jurisdiction over this Chapter 11 Case pursuant to 11 U.S.C. §1334.

c.    Venue of this Chapter 11 Case is proper in this district pursuant to 28 U.S.C. §1408.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

54814-00002/5247191.3

d.  The Debtor is the proper proponent of the Plan pursuant to section 1121(c) of the Bankruptcy Code.

e.  The Debtor has acted in accordance with all orders of the Court entered during this Chapter 11 Case.

f.  The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules in transmitting the Plan and ballots for accepting or rejecting the Plan and in soliciting and tabulating votes on the Plan.

R.  <u>Plan Proposed in Good Faith – 11 U.S.C. § 1129(a)(3)</u>.  The Plan has been proposed by the Debtor in good faith and in the belief that the Plan will maximize value for the Debtor's creditors.  The Plan accomplishes the goals promoted by section 1129(a)(3) of the Bankruptcy Code.  The Plan has been proposed with the legitimate purpose of reorganizing the financial affairs of the Debtor and maximizing the value of the estate to achieve the best interests of the Debtor's creditors.

S.  <u>Payments for Services or Costs and Expenses – 11 U.S.C. § 1129(a)(4)</u>.  The Plan complies with section 1129(a)(4) of the Bankruptcy Code because it provides the Bankruptcy Court must approve all professional fees and expenses before they may be paid.

T.  <u>Post-Confirmation Management – 11 U.S.C. § 1129(a)(5)</u>.  The Plan complies with section 1129(a)(5) in that it provides that the Reorganized Debtor will continue to be managed by Mr. Bakhramov, the sole officer and director of the Debtor and the Reorganized Debtor shall serve as the Disbursing Agent.  Further, the compensation to Mr. Bakhramov reflected in the Plan's projections is reasonable and appropriate.

U.  <u>Rate Changes Not Applicable – 11 U.S.C. § 1129(a)(6)</u>.  Section 1129(a)(6) is inapplicable to this Chapter 11 Case.

V.  <u>Best Interest of Creditors – 11 U.S.C. § 1129(a)(7)</u>.  The Plan satisfies the best interests of creditors test set forth in section 1129(a)(7) of the Bankruptcy Code as demonstrated by the Plan's detailed liquidation analysis.

W.  <u>Acceptance of the Plan – 11 U.S.C. § 1129(a)(8)</u>.  Based on the information

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

CONFIRMATION ORDER

54814-00002/5247191.3

Exhibit 1 Page 0010

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

contained in the Debtor's Ballot Summary, the requirements of section 1129(a)(8) of the

Bankruptcy Code have been met.

   X.      Treatment of Administrative and Priority Claims – 11 U.S.C. § 1129(a)(9).  As

modified herein, the treatment of administrative claims and priority claims under the Plan

satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code and/or section

1191(e) of the Bankruptcy Code.

   Y.      Acceptance by Impaired Class – 11 U.S.C. § 1129(a)(10).  Based on the

information contained in the Debtor's Ballot Summary, the requirements of section 1129(a)(10)

of the Bankruptcy Code have been met.

   Z.      The Plan is Feasible – 11 U.S.C. § 1129(a)(11).  Based on the Plan's treatment of

administrative priority claims, as may be modified herein, and the information contained in the

Plan's projections, the Debtor will be able to pay all claims entitled to be paid on the Effective

Date, unless such claimant agrees to a different treatment, and confirmation of the Plan is not

likely to be followed by the liquidation, or the need for further financial reorganization, of the

Reorganized Debtor in compliance with section 1129(a)(11) of the Bankruptcy Code.

   AA.     Payment of Fees – 11 U.S.C. § 1129(a)(12).  Any fee, charge or amount required

to be paid before confirmation under 28 U.S.C. §1930 or by the Plan has been paid or will be paid

after the Effective Date.

   BB.     Retiree Benefits – 11 U.S.C. § 1129(a)(13).  The Debtor has no retiree benefits and

therefore section 1129(a)(13) is inapplicable.

   CC.     Further Inapplicable Provisions – 11 U.S.C. §§ 1129(a)(14)-(16).  Sections

1129(a)(14), 1129(a)(15) and 1129(a)(16) are not applicable to the Debtor or the Plan.

   DD.     Principal Purpose of Plan – 11 U.S.C. § 1129(d).  The principal purpose of the

Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the

Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on

such grounds.

   EE.     No Other Plan – 11 U.S.C. § 1129(c).  The Plan is the only plan of reorganization

confirmed by this Court in the Debtor's chapter 11 case.

CONFIRMATION ORDER

Exhibit 1 Page 0011

**THEREFORE, IT HEREBY IS ORDERED THAT:**

1.      **Plan Confirmation.**  The Plan is hereby **CONFIRMED** in its entirety pursuant to sections 1129 and 1191(a) of the Bankruptcy Code and all terms of the Plan, except as may be modified herein, are incorporated herein by this reference and shall be binding on all parties-in-interest thereto.

2.      **Effective Date.**  The Effective Date of the Plan shall be the first day after the Court enters this order and all of the following conditions have been satisfied or waived as specified below: (a) all documents, instruments, and agreements to be executed in connection with the Plan shall have been executed and delivered by all parties to such documents, instructions, and agreements; (b) 14 days following the entry of this order have passed without an appeal having been filed; (c) the Plan is not subject to an appeal or rehearing; and (d) there is no stay in effect with respect to this order.  Conditions (a) and (c) can be waived by the Debtor in its sole discretion.  Condition (b) can be waived by request of the Debtor with an order by the Bankruptcy Court pursuant to Bankruptcy Rule 3020(e).  Condition (d) cannot be waived.  No later than seven (7) days following the Effective Date, the Reorganized Debtor shall file a notice regarding the occurrence of the Effective Date and serve such notice on the U.S. Trustee, the subchapter V trustee, and all creditors in this Chapter 11 Case, including all known administrative claimants.

3.      **Treatment of Allowed Claims and Distributions to Claimholders.**  All allowed claims against the Debtor shall be treated in the manner set forth in the Plan.

4.      **Implementation.**  The Debtor and the Reorganized Debtor, as applicable, are authorized to take all actions necessary, appropriate or desirable to implement the Plan and all of its terms.

5.      **Disbursing Agent**.  The Reorganized Debtor, or its nominee, will act as the Disbursing Agent under this Plan for the purpose of making all distributions to all classes provided for under the Plan.  The Reorganized Debtor will not be compensated for any its services as Disbursing Agent under the Plan.  Distributions to be made under the Plan shall commence after the Effective Date and shall be made by check drawn on a domestic bank, by

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

CONFIRMATION ORDER

Exhibit 1 Page 0012

wire transfer, or by automated clearing house (ACH) at the sole election of the Disbursing Agent. Except as otherwise agreed upon by the Disbursing Agent in writing, distributions may be delivered to creditors by regular mail to the addressee shown in (1) the Debtor's Schedules (as may have been amended); or (2) the address is stated in a duly filed Proof of Claim.  Nothing contained herein or in the Plan shall require the Disbursing Agent or the Reorganized Debtor to attempt to locate any holder of an allowed claim.  Checks issued by the Disbursing Agent to pay allowed claims shall be null and void if not negotiated within 90 days after the date of issuance thereof.  Requests for reissuance of any check shall be made to the applicable Disbursing Agent or the Reorganized Debtor by the creditor to whom such check originally was issued, within 90-days after the original date of issuance. After the expiration of the 90-day period, the Disbursing Agent is authorized to void the check and any unclaimed funds shall be revested in the Reorganized Debtor, free of any restrictions thereon, and any entitlement of any holder of any claim to such distribution shall be extinguished and forever barred.

6.      **Disputed Claims.**  No distributions will be made by the Disbursing Agent on any portion of a Disputed Claim until such time as an order entered by the Court allowing the Disputed Claim, or any portion thereof, becomes final and nonappealable.  The Debtor or the Reorganized Debtor may, at any time, request that the Court estimate any Disputed Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether the Debtor or the Reorganized Debtor previously objected to such claim or whether the Court has ruled on any such objection, and the Court will retain jurisdiction to estimate any claim at any time during litigation concerning any objection to any claim, including during the pendency of any appeal relating to any such objection.

7.      **Treatment of Priority Tax Claims.**  Notwithstanding any provision in the Plan to the contrary, the Debtor shall pay undisputed, liquidated and noncontingent priority tax claims allowed under section 507(a)(8) of the Bankruptcy Code, *include POC#5 filed by the IRS and POC#16 filed by the FTB*: (a) on the Effective Date as to such claims asserted in timely filed proofs of claim filed prior to the Effective Date; (b) no later than five (5) business days from the date a timely proof of claim is filed for any proof of claim filed after the Effective Date but before

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

CONFIRMATION ORDER

Exhibit 1 Page 0013

54814-00002/5247191.3

the August 28, 2024 deadline for governmental units to file a proof of claim in this Chapter 11

Case (the "Governmental Bar Date"); or (c) five (5) business days from the date that an

applicable priority tax claim filed before the Governmental Bar Date is no longer disputed,

liquidated, or contingent. No distribution shall be made on any priority tax claim asserted after

the Governmental Bar Date. Any asserted priority tax claim, or portion thereof, that constitutes a

Disputed Claim shall be subject to the provisions of the Plan and this order regarding Disputed

Claims.

        **8.**     <u>**No Class 4 Distribution to Insider.**</u>   Notwithstanding any provision in the Plan to

the contrary, there shall be no Class 4 distribution to the Debtor's principal, Maruf Bakhramov on

account of his scheduled unsecured claim. The foregoing shall not alter of affect Mr.

Bakhramov's retention of his equity interest in the Debtor as a holder of Class 5 interests under

the Plan.

        **9.**     <u>**Binding Effect.**</u>   The provisions of the Plan and this order are hereby binding on

each claim and interest holder of the Debtor and any other party in interest in the Debtor's

Chapter 11 Case, whether or not the claim or interest of such party is allowed or disallowed,

whether or not the claim or interest of such party is impaired under the Plan and whether or not

such party has filed, or is deemed to have filed, a proof of claim or interest or has accepted, or is

deemed to have accepted, or rejected the Plan.

        **10.**     <u>**Revesting of Property.**</u>   On the Effective Date, each of the following shall occur:

(i) all of the property of the estate shall be revested in the Reorganized Debtor; (ii) all of the

claims against and interests in third parties that constitute property of the estate shall be revested

in the Reorganized Debtor; (iii) the Reorganized Debtor shall have absolute authority to

prosecute, waive, adjust or settle any claims without the need for approval by the Bankruptcy

Court; and (iv) the Reorganized Debtor shall have the authority to employ and compensate

professionals as it deems necessary for services rendered, or to be rendered, after the Effective

Date without the need for approval by the Bankruptcy Court. Except as otherwise provided

herein or in the Plan, all property dealt with by the Plan, including the property of the estate

revested to the Reorganized Debtor hereunder, shall be free and clear of all claims and interests of

CONFIRMATION ORDER

Exhibit 1 Page 0014

creditors pursuant to section 1141(c) of the Bankruptcy Code.

**11.    Assumption of Executory Contracts and Unexpired Leases.**  On the Effective Date, all of the Debtor's executory contracts and unexpired leases which have not previously been assumed or rejected by the Debtor shall be deemed to be assumed by the Reorganized Debtor pursuant to section 365 of the Bankruptcy Code and to become valid and binding executory contracts and unexpired leases of the Reorganized Debtor.

**12.    Administrative Claims Bar Date.**  Any party asserting an administrative claim, other than the claims of estate professionals or administrative claims arising in the ordinary course, must file a request for payment of such administrative claim with the Court no later than **30 days following the Effective Date**, or be forever barred from asserting or receiving any distribution on an administrative claim against the Debtor or the Reorganized Debtor.

**13.    Discharge.**  Upon the occurrence of the Effective Date, the Debtor and the Reorganized Debtor, to the fullest extent permitted by sections 1141 and 1192 of the Bankruptcy Code, shall be deemed discharged and released from all claims and interests including, without limitation, demands, liabilities, claims, and interests that arose before the Effective Date and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code regardless of whether: (1) a proof of claim or proof of interest based on such debt or interest is filed or deemed filed; (2) a claim or interest based on such a debt or interest is allowable under section 502 of the Bankruptcy Code; or (3) the person or entity holding the claim or interest based on such debt or interest has voted to accept the Plan.  Upon such discharge, all claims shall be forever satisfied, discharged and released in full, and all holders of claims and interests shall be forever precluded from asserting claims or interests against the Debtor, the Reorganized Debtor, and their property and assets.  Any litigation pending prepetition and/or initiated postpetition against the Debtor or its property or assets in any court, other than the Court where relief from stay was not obtained from, shall be deemed discharged upon the occurrence of the Effective Date.

**14.    Injunction.**  This order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action,

CONFIRMATION ORDER

Exhibit 1 Page 0015

54814-00002/5247191.3

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

liability or interest released, discharged or terminated pursuant to this Plan.  Except as provided in

this Plan or this order, as of the Effective Date, all entities that have held, currently hold or may

hold a claim or other debt or liability that is discharged or an interest or other right that is

extinguished pursuant to the terms of this Plan are permanently enjoined from taking any of the

following actions against the Debtor, the Reorganized Debtor, or its property on account of any

such discharged claims, debts or liabilities or extinguished interests or rights: (i) commencing or

continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching,

collecting or recovering in any manner any judgment, award, decree or order; (iii) creating,

perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or

recoupment of any kind against any debt, liability or obligation due to the Debtor or Reorganized

Debtor; and (v) commencing or continuing any action in any manner, in any place, that does not

comply with or is inconsistent with the provisions of this Plan. By accepting a distribution pursuant

to this Plan, each holder of an allowed claim receiving distributions pursuant to this Plan shall be

deemed to have specifically consented to the injunctions set forth in this Section. The injunction

described in this paragraph (the "Injunction") is applicable to all creditors and parties in interest

with respect to claims or causes of action arising or existing prior to the Effective Date.   All

creditors and parties in interest who are presented with a copy of the Plan and order confirming the

Plan are charged with actual knowledge of the Injunction and with actual knowledge that the

Injunction is applicable to said creditor and/or party in interest ("Actual Knowledge"), such that it

is impossible for said creditor and/or party in interest to have a good faith belief that the Injunction

does not apply to said creditor's and/or party in interest's claim or cause of action.  Accordingly,

any creditor and/or party in interest charged with such Actual Knowledge may be held in contempt

for violating the Injunction, which contempt proceeding shall include the Reorganized Debtor's

reasonable attorneys' fees and costs for enforcing the Injunction.

**15.**    <u>**Exculpation and Releases.**</u>  To the maximum extent permitted by law, neither the

Debtor, the Reorganized Debtor, nor any of the professionals employed or retained by them in

connection with this bankruptcy case, shall have or incur liability to any person or entity for any

act taken or omission in connection with, relating to or arising out of the Debtor's Chapter 11

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Case, the formulation, negotiation, implementation, confirmation or consummation of the Plan, or any contract, instrument, release or other agreement or document entered into during the Chapter 11 Case or otherwise created in connection with this Plan; provided, however, that nothing in this provision shall be construed to limit liability for gross negligence or intentional misconduct.

**16.    Retained Jurisdiction.**  This Court shall retain all authority and jurisdiction as provided under the Bankruptcy Code and other applicable law and the Plan to enforce the provisions, purposes and intent of the Plan or any modification thereof, including, without limitation, for the purposes set forth in the Plan.

**17.    Limitation of Liability.**  The Debtor and the Reorganized Debtor shall have all of the benefits and protections afforded under section 1125(e) of the Bankruptcy Code and applicable law.

**18.    Post-Confirmation Modifications to the Plan.**  The Debtor may seek to modify the Plan at any time after confirmation, but before substantial consummation of the Plan pursuant to section 1193 of the Bankruptcy Code.  Notwithstanding the foregoing and the provisions of section 1193 of the Bankruptcy Code, the Debtor may seek to modify the Plan after substantial consummation for the purpose of providing treatment for any claim filed by a governmental unit prior to the Governmental Bar Date.

**19.    Substantial Consummation.**  Not later than fourteen (14) days following entry of this order, the Debtor or Reorganized Debtor, as applicable, must file a report stating whether the plan has been substantially consummated and, if not, providing a projected date when substantial consummation is expected to occur and the steps necessary for substantial consummation to occur.  Not later than fourteen (14) days after the Plan has been substantially consummated, the Reorganized Debtor must file a notice of substantial consummation and serve such notice on the subchapter V trustee, the U.S. Trustee, and all creditors.  Upon the occurrence of substantial consummation of the Plan, the subchapter V trustee's services will terminate automatically without further notice or order.

**20.    Post-Confirmation Status Report and Post-Confirmation Status Conference.**  The Court will hold a post-confirmation status conference in this Chapter 11 Case on **December**

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

54814-00002/5247191.3

CONFIRMATION ORDER

Exhibit 1 Page 0017

10, 2024, at 1:30 p.m. in the above referenced courtroom, or via ZoomGov pursuant to the posted procedures of the Honorable Martin R. Barash.  No later than **November 26, 2024**, the Reorganized Debtor shall file, and serve on all creditors, a status report with the Court containing the information, as applicable, required under Local Bankruptcy Rule 3020-1(b), together with a declaration in support of the information contained therein.  Additionally, until such time as an order is entered closing the Chapter 11 Case on an interim or final basis, the Debtor shall file quarterly status reports with the Court pursuant to Local Bankruptcy Rules 3020-2(b) and 3020-2(c).

  **21.** <u>**Closing of Chapter 11 Case on Interim Basis**</u>.  Pursuant to Local Bankruptcy Rule 3022-1(b) after the Plan has been substantially consummated, but before full administration, the Reorganized Debtor may file a motion for order closing the Chapter 11 Case on an interim basis using the procedure of Local Bankruptcy Rule 9013-1(d) or (o).  After closure of the case on an interim basis, the Reorganized Debtor may subsequently seek to reopen the Chapter 11 Case through the filing of an *ex parte* application and submission of a proposed order.

  **22.** <u>**Full Administration and Final Decree**</u>.  Within 60 days after the final distribution to creditors under the Plan, the Reorganized Debtor must file with the Court, and serve upon all parties upon whom the plan was served, a subchapter V final report and account of administration of the estate (UST Form 101-11(V)-FR), together with a motion for final decree pursuant to Local Bankruptcy Rule 3022-1(a) supported by evidence required under Local Bankruptcy Rule 3022-2(b)(2).

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

14

CONFIRMATION ORDER

Exhibit 1 Page 0018

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    23.    **Conversion.**  In the event this Chapter 11 Case is converted to one under chapter

2    7, the property of the Reorganized Debtor, or of any liquidation or litigation trust, or of any other

3    successor to the estate under the plan, that has not been distributed under the plan will be vested

4    in the chapter 7 estate, except for property that would have been excluded from the estate if the

5    case had always been one under chapter 7.

6                                                        ###

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23                                          _Martin R. Barash_

    Date: August 9, 2024

24                                          _____
                                            Martin R Barash
25                                          United States Bankruptcy Judge

26

27

28

15                                     CONFIRMATION ORDER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: <u>2049
Century Park East, Suite 2600, Los Angeles, CA 90067.</u>

A true and correct copy of the foregoing document entitled (specify): **NOTICE OF: (I) ENTRY OF ORDER CONFIRMING
DEBTOR'S FIRST AMENDED SUBCHAPTER V PLAN OF REORGANIZATION; AND (II) PROJECTED DATE OF
SUBSTANTIAL CONSUMMATION OF THE CONFIRMED PLAN** will be served or was served (a) on the judge in
chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>August 12, 2024</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jonathan Arias    jarias@zwickerpc.com**
- **Keith Patrick Banner    kbanner@greenbergglusker.com,
  calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com**
- **Russell Clementson    russell.clementson@usdoj.gov**
- **Christopher Cramer    secured@becket-lee.com**
- **John-Patrick McGinnis Fritz (TR)    jpftrustee@lnbyg.com, jpf@trustesolutions.net**
- **Alan Craig Hochheiser    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com**
- **Valerie Bantner Peo    vbantnerpeo@buchalter.com**
- **Amitkumar Sharma    amit.sharma@aisinfo.com**
- **Michael D Sobkowiak    msobkowiak@flg-law.com, jfriedman@flg-law.com;jmartinez@flg-law.com;cbryant@flg-
  law.com**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**
- **Larry D Webb    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>August 12, 2024</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>August 12, 2024</u>, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| <u>08/12/2024</u> | <u>Cynthia Miller Watkins</u> | <u>*/s/ Cynthia Miller Watkins*</u> |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

## 2. **SERVED BY UNITED STATES MAIL**:

Secured Creditors

| | |
|---|---|
| Amazon Capital Services Inc.<br>c/o K&L Gates LLP<br>Attn: Brian T. Peterson<br>925 4th Avenue, Suite 2900<br>Seattle, WA 98104<br>***(POC #14 & #15)*** | Attn: BMW Bank of North America Department<br>c/o AIS Portfolio Services, LLC<br>Account: XXXXXX7104<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118<br>***(POC #12)*** |
| FC Marketplace LLC<br>c/o Becket and Lee LLP<br>PO BOX 3002<br>Malvern, PA 19355-0702<br>***(POC #4)*** | LG Funding LLC<br>1218 Union Street<br>Brooklyn, NY 11225<br>***(POC #9)*** |
| NewCo Capital Group LLC<br>1545 Route 202<br>Suite 101<br>Pomona, NY 10970<br>***(POC #1)*** | SellersFunding Corp. d/b/a SellersFi<br>1290 Weston Road, Suite 306<br>Weston, FL 33326<br>***(POC #13)*** |

20 Largest Unsecured Creditors

| | |
|---|---|
| Alliance Funding Group<br>17542 17th Street<br>Suite 200<br>Tustin, CA 92780<br>***(POC #2)*** | American Express National Bank<br>c/o Becket and Lee<br>PO BOX 3001<br>Malvern, PA 19355-0701<br>***(POC #7 & #8)*** |
| Bank of America NA<br>PO BOX 660441<br>Dallas, TX 75266-0441<br>***(Schedule E/F)*** | American Express National Bank, AENB<br>c/o Zwicker & Associates P.C.<br>PO BOX 9043<br>Andover, MA 01810<br>***(POC #11)*** |
| Capital One, N.A.<br>by American Infosource as agent<br>4515 N. Santa Fe Ave.<br>Oklahoma City, OK 73118<br>***(POC #10)*** | Encompass Supply<br>Chain Solutions<br>775 Tipton Industrial Drive<br>Lawrenceville, GA 30046<br>***(Schedule E/F)*** |
| Fundation Group LLC<br>11501 Sunset Hills Road, Suite 400<br>Reston, VA 20190<br>***(POC # 17)*** | Goldman Sachs Bank USA<br>PO BOX 45400<br>Salt Lake City, UT 84145-0400<br>***(Schedule E/F)*** |
| Marcone Supply<br>One City Place<br>Suite 400,<br>Saint Louis, MO 63141<br>***(Schedule E/F)*** | Reliable Parts Inc.<br>19111 N. Dallas Parkway<br>Interchange Office Center<br>Suite 240<br>Dallas, TX 75284<br>***(Schedule E/F)*** |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Robertshaw Controls Company<br>1222 Hamilton Parkway<br>Itasca, IL 60143<br>**(Schedule E/F)** | WebBank<br>2211 North First Street<br>San Jose, CA 95131-2021<br>**(Schedule E/F)** |

Other Interested Parties

| | |
|---|---|
| Citi Bank NA<br>PO Box 790046<br>Saint Louis, MO 63179-0046<br>**(Schedule E/F)** | Wells Fargo Bank, N.A.<br>PO BOX 29482<br>MAC S4101-08C<br>Phoenix, AZ 85038<br>**(POC #3) (Schedule E/F)** |
| Department of the Treasury<br>Internal Revenue Service<br>PO BOX 7346<br>Philadelphia, PA 19101-7346<br>**(POC #5) – No Ballot Provided** | JPMC c/o National Bankruptcy Services, LLC<br>PO BOX 9013<br>Addison, TX 75001<br>    **(POC #6) (Schedule E/F)** |
| Franchise Tax Board<br>Bankruptcy Section MS A340<br>PO BOX 2952<br>Sacramento, CA 95812-2952<br>**(POC #16)** | Los Angeles County Treasurer and Tax Collector<br>Attn: Bankruptcy Unit<br>PO BOX 54110<br>Los Angeles, CA 90054-0110<br>**(Schedule E/F)** |
| Fred Doctorovich<br>21451 Salamanca Ave.<br>Woodland Hills, CA 91364<br>**(Schedule E/F)** | Maruf Bakhramov<br>8421 Canoga Ave.<br>Canoga Park, CA 91304<br>**(Schedule E/F)** |
| Vladislav Fedorenko<br>20877 Plummer Street<br>Chatsworth, CA 91311<br>**(Schedule E/F)** | |

3. <u>**SERVED BY EMAIL**</u>

| Lender Name | Email Address |
|---|---|
| FundingCircle: | proofofclaim@becket-lee.com (**POC #4**) |
| SellersFunding: | legal@sellersfi.com (**POC #13**)<br>Alan C. Hochheiser, Esq. ahochheiser@mauricewutscher.com  (**Addt'l Notice Party**) |
| Alliance Funding Group: | Brian Knox – bknox@afg.com (**POC #2**) |
| NewCo Capital Group LLC: | Ariel Bouskila, Esq.  – ari@bblawpllc.com  (**POC #1**) |
| LG Funding LLC: | Joe Lieberman - joe@landklegal.com<br>Gene Rosen gene@generosen.com (**POC #9**) |
| Amazon: | Brian T. Peterson – Brian.Peterson@klgates.com (**POC #14 & #15**) |
| American Express National Bank: | proofofclaim@becket-lee.com (**POC #7 & #8**)<br>bkproofofclaim@zwickerpc.com (**POC #11**) |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| BMW Bank of North America | ECFNotices@aisinfo.com *(POC #12)* |
| Capital One, N.A. | POC_AIS@aisinfo.com *(POC #10)* |
| Wells Fargo Bank, N.A. | sblbkinquiry@wellsfargo.com (*POC #3)* |
| JPMC (JP Morgan Chase) | pocquestions@nbsdefaultservices.com (*POC #6)* |
| Fundation Group LLC: | cayla.williamson@fundation.com (*POC #17)* |
| Internal Revenue Service | K. Ivory- Kerry.R.Ivory@irs.gov (*POC #5)* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**